**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown**

**IN RE FLORIDA CEMENT AND**
**CONCRETE ANTITRUST LITIGATION**
______________________________________/

**PRETRIAL ORDER NO. 1**

WHEREAS, Plaintiffs, Action Ready Mix Concrete Inc., Superior Concrete, Inc., Daniel Morgan Construction, Inc., Shear Construction and Development, Inc., and Square D. Homes, Inc. have filed the first direct purchaser antitrust class action in this Court, alleging violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, arising from the sale of Portland cement ("Cement") and ready-mix concrete ("Concrete") in Florida;

WHEREAS, the Court has entered its November 18, 2009 Order, which consolidated four subsequently filed cases (Case Nos. 1:09-cv-23283-CMA, 1:09-cv-23295-CMA, 1:09-cv-23434-CMA, 1:09-cv-23477-CMA) with this action, appointed Case No. 1:09-cv-23187-CMA the lead case (the "Consolidated Action"), and set a schedule for Plaintiffs' filing a Consolidated Amended Complaint, for Defendants' responses to that pleading and for subsequent briefing;

WHEREAS, additional plaintiffs have filed related direct purchaser class actions (Case Nos. 1:09-cv-23342-MGC, 1:09-cv-23513-MGC, 1:09-cv-82310-KAM, 1:09-cv-23492-CMA, 1:09-cv-23461-CMA, 4:09-cv-10106-CMA, and 1:09-cv-23517-CMA) that have been or are expected to be transferred to the Court (the "Additional Actions");

WHEREAS, the Additional Actions are related cases involving substantially similar allegations;

WHEREAS, further consolidation and coordination will promote the efficient disposition of the claims raised; and

WHEREAS, the Consolidated Action is appropriately considered for the Complex Track provided for in Local Rule 16.1;

Therefore, it is

**ORDERED AND ADJUDGED** as follows:

Plaintiffs' Motion for Entry of Pretrial Order No. 1 **[D.E. 32]** is **GRANTED**. The terms of the proposed order submitted with the Motion are incorporated with some modifications to account for limitations in the role of the Clerk of Court.

**A. Consolidation and Coordination of Additional Actions**

1. Upon their expected transfer to the Court, the Court will direct the Clerk to close the following cases:

   a. 1:09-cv-23342-MGC

   b. 1:09-cv-23513-MGC

   c. 1:09-cv-82310-KAM

2. Upon their expected transfer to the Court, the Court will consolidate the cases in paragraphs 1.a.–1.c. of this Order with case number 1:09-cv-23187-CMA.

3. The Clerk must **CLOSE** the following cases:

   a. 1:09-cv-23492-CMA

   b. 1:09-cv-23461-CMA

   c. 4:09-cv-10106-CMA

   d. 1:09-cv-23517-CMA

4. The cases in paragraphs 3.a.–3.d. of this Order are consolidated with case number 1:09-cv-23187-CMA.

5. All pleadings and papers filed after this date for the cases in paragraphs 3.a.–3.d. of this Order must bear the following case number: **09-23187-CIV-ALTONAGA/Brown**.

6. This Pretrial Order No. 1 (the "Order") shall apply as specified to the Consolidated Action.

7. A Master File Docket number is hereby established for the Consolidated Action. The Master Docket number shall be 09-23187-CIV-ALTONAGA/Brown. One docket will be maintained for the Consolidated Action with all entries to be docketed under the lead case number 09-23187-CIV-ALTONAGA/Brown.

8. The Clerk is directed to **FILE** this Order in the following cases:

a. 1:09-cv-23187-CMA

b. 1:09-cv-23492-CMA

c. 1:09-cv-23461-CMA

d. 4:09-cv-10106-CMA

e. 1:09-cv-23283-CMA

f. 1:09-cv-23295-CMA

g. 1:09-cv-23434-CMA

h. 1:09-cv-23477-CMA

i. 1:09-cv-23517-CMA

9. Every document filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown**

**IN RE FLORIDA CEMENT AND**
**CONCRETE ANTITRUST LITIGATION**
_______________________________________/

10. The Clerk is directed to **CHANGE** the style in the civil docket of the Consolidated Action from Action Ready-Mix Concrete, Inc., et al., to **In re Florida Cement and Concrete Antitrust Litigation**.

11. If a case that arises out of the same subject matter as the Florida Cement and Concrete Antitrust Litigation is hereafter filed in this Court or is transferred from another court (together, a "Subsequent Action"), the Court will direct the Clerk to:

a. file a copy of this Order in the separate file for such action;

b. make the appropriate entry in the Master Docket for In re Florida Cement and Concrete Antitrust Litigation, Master Docket No. 09-23187.

12. Each Subsequent Action shall be consolidated with the Florida Cement and Concrete Antitrust Litigation, and this Order shall apply to the Subsequent Action, unless a party objects to consolidation or to any provision of this Order. Any such objection shall be made within ten (10) days after the date upon which this Order is filed in such action by filing an application for relief with the Court.

13. The Court requests the assistance of counsel in calling to the attention of the Court the filing of any Subsequent Action that might properly be consolidated or coordinated as part of

In re Florida Cement and Concrete Antitrust Litigation, Master Docket No. 09-23187-CIV-ALTONAGA/Brown.

**B. Organization of Plaintiffs' Counsel**

14. Pursuant to Fed. R. Civ. P. 23(g)(2), the Court shall appoint Interim Co-Lead Class Counsel who, upon appointment, shall be responsible for coordinating and organizing plaintiffs in the conduct of the Consolidated Action and, in particular, shall have the following responsibilities:

a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

b. To initiate, conduct and defend discovery proceedings;

c. To act as spokesperson at pretrial conferences;

d. To negotiate with defense counsel with respect to settlement and other matters;

e. To call meetings of plaintiffs' counsel when appropriate;

f. To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

g. To conduct trial and post-trial proceedings;

h. To consult with and employ experts;

i. To request that the Court approve settlements, if any, and fee awards;

j. To allocate fees;

k. To perform such other duties and undertake such other responsibilities as they deem necessary or desirable in the prosecution of this litigation; and

l. To coordinate and communicate with defendants' counsel with respect to

matters addressed in this paragraph or its subparts.

15. The Court appoints the following firms as Plaintiffs' Interim Co-Lead Class Counsel for the Florida Cement and Concrete Antitrust Litigation:

**Labaton Sucharow LLP**
140 Broadway
New York, NY 10005
Telephone (212) 907-0700

**Hausfeld LLP**
1700 K Street, NW, Suite 650140
Washington, DC 20006
Telephone (202) 540-7201

**Boies Schiller & Flexner LLP**
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone (202) 237-2727

16. The Court also appoints the following firm as Plaintiffs' Liaison Counsel for the Florida Cement and Concrete Antitrust Litigation:

**Podhurst Orseck, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone (305) 358-2800

17. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Plaintiffs' Interim Co-Lead Class Counsel.

18. Plaintiffs' Interim Co-Lead Class Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel. Plaintiffs' Interim Co-Lead Class Counsel are designated as the contact persons from plaintiffs' counsel and as the attorneys of record with whom

the Court will be dealing throughout the course of this litigation. Plaintiffs' Liaison Counsel shall be responsible for receiving and, as appropriate, distributing to Interim Co-Lead Class Counsel Orders from the Court and documents from opposing counsel, and otherwise facilitating and expediting communications among Interim Co-Lead Class Counsel and the Court.

19. All plaintiffs' counsel shall submit to Plaintiffs' Interim Co-Lead Class Counsel a record of the time expended to date in the form set forth by Plaintiffs' Interim Co-Lead Class Counsel on a monthly basis or on such other schedule as may be established, from time to time, by Plaintiffs' Interim Co-Lead Class Counsel.

20. Defendants shall effect service of papers on plaintiffs by serving a copy on each Interim Co-Lead Class Counsel by electronic mail, overnight mail, telecopy or hand delivery. Plaintiffs' Interim Co-Lead Class Counsel shall effect service on plaintiffs by serving a copy on all other plaintiffs' counsel by electronic mail, overnight mail, telecopy or hand delivery. The Court's Master Service List shall govern in all proceedings.

21. The terms of this Order, the consolidation and coordination ordered herein, and the appointment of Plaintiffs' Interim Co-Lead Class Counsel and Liaison Counsel shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of December, 2009.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record