UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION** | **MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown** |

*(DIRECT PURCHASER ACTION)*

| | |
|---|---|
| **IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION** | **MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/Brown** |

*(INDIRECT PURCHASER ACTION)*

## ORDER

**THIS CAUSE** came before the Court on Indirect Purchaser Plaintiffs' November 20, 2009 Motion for Entry of Pretrial Order No. 2 (the "Motion") [D.E. 37], which asked the Court to (1) consolidate the Indirect Purchaser Actions and appoint the law firm of Rice, Pugatch, Robinson & Schiller, P.A. as Interim Lead Class Counsel for the Indirect Purchaser Actions; and (2) coordinate the discovery and other pre-trial procedures between the Indirect Purchaser Actions and the Direct Purchaser Actions. The Court has entered a separate Order consolidating the Indirect Purchaser Actions and appointing Interim Lead Class Counsel for the Indirect Purchaser Actions.

With respect to coordination of discovery and pre-trial proceedings in the Direct Purchaser Actions and Indirect Purchaser Actions, the Court, has considered the Motion and all relevant papers, and notes the agreement of counsel at the December 2, 2009 hearing that a staggered schedule would cause unnecessary duplication by the parties and the Court. Because the Indirect Purchaser Actions and the Direct Purchaser Actions involve similar (although not identical) issues and allegations, it is in the interests of judicial economy that (1) the schedule for the Indirect Purchaser Actions be coordinated with the schedule for the Direct Purchaser Actions, and (2) all

parties should coordinate discovery and other pre-trial procedures to the fullest extent possible.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the portion of Indirect Purchaser Plaintiffs' November 20, 2009 Motion **[D.E. 37]** which seeks coordination of the discovery and other pre-trial procedures between the Indirect Purchaser Actions and the Direct Purchaser Actions is **DENIED in part** and **GRANTED in part** as follows:

1. The schedule and deadlines for discovery, motion practice, class certification, and other pre-trial proceedings shall be the same for both the Direct Purchaser and Indirect Purchaser Actions. The schedule set out in the Order dated November 11, 2009, *Action Ready-Mix Concrete Inc. v. Cemex Corp.*, No. 09-23187-CIV (S.D. Fla. Nov. 11, 2009) [D.E. 29], including any further amendments thereto, shall also govern the Indirect Purchaser Actions.

2. The Direct Purchaser Actions and Indirect Purchaser Actions shall be coordinated for pre-trial purposes subject to the further Orders of the Court.  In particular, the Plaintiffs (in both the Direct Purchaser Actions and Indirect Purchaser Actions) amongst themselves, and all Defendants amongst themselves, shall coordinate discovery, including depositions, interrogatories, requests for admissions, production and discovery-related motion practice, to the fullest extent practicable.

3. Plaintiffs' Coordination: Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs shall coordinate and serve coordinated discovery requests (including document requests, interrogatories, deposition notices and requests for admissions) upon Defendants.  Coordination among the Plaintiffs shall occur as follows: seven days prior to a date upon which discovery must be served by the terms of the Scheduling Order ("the discovery deadline"), Direct Purchaser Plaintiffs will provide Indirect Purchaser Plaintiffs with the discovery they propose to serve upon a Defendant.  Two days prior to

the discovery deadline, Indirect Purchaser Plaintiffs will provide to Direct Purchaser Plaintiffs any separate and non-duplicative discovery requests, which Direct Purchaser Plaintiffs will incorporate into one coordinated discovery request. As to deposition notices, the Direct Plaintiffs shall coordinate deposition dates with the Indirect Plaintiffs at the same time as with the Defendants. Three days prior to service of such notice, Direct Purchaser Plaintiffs shall provide Indirect Purchasers Plaintiffs with the proposed deposition notice and attached document request if any. One day prior to service, Indirect Purchasers Plaintiffs shall provide Direct Purchaser Plaintiffs with any separate and non-duplicative document requests, which Direct Purchaser Plaintiffs will incorporate into one coordinated notice of deposition. The coordinated discovery request shall separately denominate any items requested solely by the Indirect Plaintiffs. On or before the discovery deadline, Direct Purchaser Plaintiffs will serve the coordinated discovery request on Defendants. The same coordination provisions shall apply on a reciprocal basis in the event that Indirect Purchaser Plaintiffs wish to initiate discovery.

4. Defendants' Coordination: Those materials and documents produced by Defendants in discovery to Direct Purchaser Plaintiffs shall also be produced by Defendants to Indirect Purchaser Plaintiffs. Likewise, those materials and documents produced by Defendants in discovery to Indirect Purchaser Plaintiffs shall also be produced by Defendants to Direct Purchaser Plaintiffs. As to all motions and memoranda which involve common issues of law or fact (including, but not limited to motions to dismiss, motions for summary judgment, and memoranda in opposition to class certification) all Defendants shall submit one joint motion or memorandum with respect to the Direct Purchaser Plaintiffs and one joint motion or memorandum with respect to the Indirect

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown
MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/Brown

Purchaser Plaintiffs. Within such joint motions and memoranda, unique arguments particular to one defendant may be denominated as such and included. There shall be no page limit with respect to such joint motions and memoranda. All Defendants shall serve one coordinated set of discovery requests (including document requests, interrogatories, and requests for admissions) upon Direct Purchaser Plaintiffs, and separately, upon Indirect Purchaser Plaintiffs.

5. The signature of an attorney for any party to a coordinated discovery request does not operate as an adoption or a certification for purposes of Federal Rule of Civil Procedure 26(g) for any discovery request other than a request made by the party who the attorney represents.

6. Separate discovery requests: As to those matters for which a coordinated discovery request is mandated by the terms of paragraphs 3 or 4 above, a separate discovery request made by a party may on motion made to the Court by any party, be quashed upon a showing that the separate discovery request(s) either (1) would be irrelevant to the respective action or unduly burdensome; (2) would be duplicative of the coordinated discovery requests; or (3) could reasonably have been included in the coordinated discovery requests at the time such requests were made.

7. The parties will further confer regarding the Joint Scheduling Report and Joint Proposed Scheduling Order, and make further proposals regarding coordination of discovery as noted below.

8. The Court defers as premature any determinations with respect to whether the Direct Purchaser and Indirect Purchaser Actions should be tried together as to some or all issues to be litigated.

9. By no later than **January 28, 2010** the parties will file a Joint Scheduling Report and a Joint Proposed Scheduling Order, as required by Local Rule 16.1, and Certificates of Interested Parties

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown
MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/Brown

and Corporate Disclosure Statements. The Joint Scheduling Report and the Joint Proposed Scheduling Order shall incorporate both the Direct Purchaser Actions and the Indirect Purchaser Actions. The Joint Proposed Scheduling Order shall include further proposals for the coordination of discovery between the parties, and with respect to third parties.

10. A status conference is scheduled for **January 15, 2010 at 9:00 a.m.** for all cases.

11. The "Limited Exception by Indirect Purchaser Plaintiffs" **[D.E. 79]**, uploaded as a "motion," is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of December, 2009.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc:     counsel of record