UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| **IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) | **MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown** |

*(DIRECT PURCHASER ACTION)*

| | | |
|---|---|---|
| **IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) | **MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/Brown** |

*(INDIRECT PURCHASER ACTION)*

## STIPULATED PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of information produced in discovery in this action, and, as grounds therefore, stipulate and agree as follows:

1.      All documents, information, data, testimony, and other material produced or disclosed in discovery in this action, whether or not designated as "Confidential Information" or "Highly Confidential Information," shall be used solely for purposes of this action and shall not be disclosed or used for any other purpose.

1

2.      In this action, at least one of the Parties has sought, and/or is seeking, and/or is expected to seek Restricted Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Restricted Information during discovery and that there will be questioning concerning Restricted Information in the course of depositions. The Parties assert the disclosure of such information except as permitted by this Stipulation and Protective Order could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Restricted Information except as set forth herein.

3.      "Restricted Information" means and includes "Confidential Information" and "Highly Confidential Information" as defined in this paragraph.

a.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public – and designated by one of the Parties in the manner provided in paragraph 4 below as containing confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Stipulation and Protective Order.

b.      "Highly Confidential Information" is "Confidential Information" as defined herein that, in addition to meeting the definition of "Confidential Information," also includes information that a Party reasonably and in good faith determines is highly sensitive commercial or competitive information such as information which pertains to recent and future business and marketing plans, pricing, customers, and research and development activities

2

4.      Where Confidential or Highly Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the below manner; provided, however, that a Party's inadvertent failure to designate any material as Confidential Information or Highly Confidential Information shall not be deemed a waiver of that Party's claim that such material is Confidential Information or Highly Confidential Information and such Party may designate such material as Confidential Information or Highly Confidential Information pursuant to this Order at any time thereafter.  At such time, arrangement will be made for the return to the producing Party of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents.  All previously produced copies of such documents that were inadvertently misdesignated shall be destroyed by the receiving Party or Parties upon receipt of replacement copies of such documents with the proper designation.  The receiving Party shall verify in writing that it has destroyed said misdesignated documents.

5.   A Party may designate material as "Confidential" or "Highly Confidential" as follows:

a.      By imprinting the term "Confidential" or "Highly Confidential," as appropriate, on each page of any document produced that is so designated;

b.      By imprinting the term "Confidential" or "Highly Confidential," as appropriate, next to or above any response to a discovery request;

c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential," as appropriate, no later than ten calendar days after receipt of the transcribed testimony, or may so designate such testimony orally on the record at the deposition or other proceeding at which it is given; and

3

d.    If a Party believes that a deposition question calls for Highly Confidential Information, Counsel for that Party shall, before the witness answers, so state in order that any persons who are in attendance who are not authorized under this Stipulation and Protective Order to have access to such Highly Confidential Information must absent themselves for the duration of the testimony containing Highly Confidential Information; provided, however, that a Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Confidential or Highly Confidential pursuant to this Order.

6.    Confidential Information may be disclosed only to the following persons:

a.    Outside counsel of record for the parties and employees of such attorneys or their firms involved in the prosecution or defense of this litigation, including service providers such as electronic discovery vendors, printing and document duplicating or management services;

b.    Actual or potential independent experts or consultants retained by a Party for purposes of this litigation, and the employees of such firms, who have signed an affidavit in the form of Exhibit A hereto prior to the disclosure of Confidential Information to them, provided that such experts or consultants are not employed by a competitor of the producing Party at the time of disclosure. "Independent" for purposes of this paragraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in this litigation. A person is "employed by" a Party if that person is on the regular payroll of the Party;

4

c.     Employees of parties to this litigation who are actively engaged in assisting counsel with the prosecution or defense of the case, but only after being admonished by counsel that they are subject to the terms of this Stipulation and Protective Order;

d.     Witnesses and potential witnesses, other than experts, in connection with actual or potential testimony in this litigation, but only to the extent that the use and disclosure of Confidential Information to the witness or potential witness is necessary to determine the witness's knowledge of relevant facts or for the witness to testify. Before any witness or potential witness may be allowed to have a copy of any Confidential Information outside the presence of counsel to one of the parties to this case, the witness or potential witness must sign an affidavit in the form of Exhibit A hereto;

e.     The Court, the jury at trial, and the Court's personnel working on this case;

f.     Court reporters, videographers, and their clerical personnel in connection with work on this case; and

g.     Any other person authorized to have access by Order of the Court, or by written agreement of all parties.

7.     Highly Confidential Information may be disclosed only to persons described in paragraph 6(a), (b), (e), (f) and (g), under the terms and conditions therein specified. Highly Confidential Information may be disclosed to persons described in paragraph 6(d) under the terms and conditions therein specified only:  (a) where the witness or potential witness is an author or recipient of the material in question;  or (b) if the witness or potential witness personally viewed the document in the course of his or her employment with the Party producing the information in question or where the contents of the document expressly refer to an action by, or  to a communication to or from, the witness or potential witness, and, before such

5

disclosure is made, the witness or potential witness signs an affidavit in the form of Exhibit A hereto and such signed affidavit is served upon all parties to this Order.  Notwithstanding the foregoing, Highly Confidential Information may be designated as an exhibit at a deposition of a Party or non-Party witness in this action and such witness may be questioned based upon such Highly Confidential Information without affecting its Highly Confidential status upon the condition that the Party introducing such Highly Confidential Information shall instruct such witness in advance that, pursuant to this Order, he or she may not disclose or discuss such Highly Confidential Information other than as may be permitted by this Order.

8.      Any Party or its counsel serving a subpoena upon a non-Party which subpoena requires the production of documents in this action shall serve a copy of this Order along with such subpoena, and instruct the non-Party recipient of such subpoena that he, she or it may designate documents produced pursuant to such subpoena as Confidential or Highly Confidential pursuant to this Order as may be appropriate.

9.      Individuals authorized to review Restricted Information pursuant to this Order shall hold it in confidence and shall not divulge it, either verbally or in writing, to any other person, entity or government agency, unless authorized to do so by court order or, subject to paragraph 20(e), as required by subpoena.

10.     The Party's counsel who discloses Restricted Information received from another Party in discovery shall obtain and retain the original affidavits signed by qualified recipients of Restricted Information, and shall maintain a list of all persons to whom any Restricted Information is disclosed.

11.     During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 10 above

upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Restricted Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

12.     If a Party objects to the designation of certain information as Confidential or Highly Confidential Information, that Party shall promptly inform the other Parties in writing of the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, the dispute remains unresolved, the Party opposing the designation may move for a disclosure order consistent with this Order.  The information shall continue to have its designated status as Confidential or Highly Confidential Information, as the case may be, from the time it is produced until the ruling by the Court on the motion. Regardless of which Party files the motion, the burden shall be on the Party that made the designations to establish the appropriateness under this Order of the designations.

13.     All Restricted Information, and any pleading, motion, or other paper filed with the Court containing or disclosing Restricted Information, that any Party seeks to file with the Court shall be submitted to the Clerk's Office in accordance with Local Rule 5.4(B)(1).  The original and one copy of the proposed filing shall be delivered to the Clerk's Office, each in a separate sealed plain envelope clearly marked as "sealed document" endorsed with the caption of the action. The filing Party will contemporaneously file an original and a copy of the relevant motion to seal with the Clerk of Court.

14.     Paragraph 13 of this Order shall not be construed to limit or prohibit the right of any entity or individual having the requisite standing to challenge a designation of any Restricted

Information as Confidential or Highly Confidential Information.  The procedure for such a challenge to a designation is set forth in paragraph 12 of this Order.  However, as provided in paragraph 12, any Restricted Information shall continue to have its designated status as Confidential or Highly Confidential Information, as the case may be, from the time it is produced until the ruling by the Court on a motion challenging the designation.  Accordingly, all Restricted Information must be filed under seal pursuant to the procedure set out in paragraph 13 unless and until such time as the Court has ruled that such Restricted Information is not Confidential or Highly Confidential Information.

15.     It is hereby ordered pursuant to Federal Rule of Evidence 502 that disclosure connected with the litigation pending before the Court of privileged or protected information shall not waive any privilege or protection in the instant proceeding or any other Federal or State Proceeding.  A Party may request the return of any information it claims to be subject to a privilege or protection, including without limitation the attorney-client privilege and the work-product protection ("Privileged Information") by identifying the Privileged Information and the basis for withholding such information from disclosure. If a Party requests the return, pursuant to this paragraph, of Privileged Information then in the custody of one or more other Parties, the possessing Parties shall not make further use of the Privileged Information until such time as the Court has ruled on a motion for an order on the privilege objections.  If a possessing Party does not agree that the Privileged Information is covered by a privilege or work product protection, then the possessing Party shall bring a motion challenging the producing Party's privilege objection within fifteen (15) business days of receipt of the request for return. Should no such motion be brought, or should the Court deny such motion, all parties in possession of the Privileged Information shall, within five (5) business days of that ruling (or, in the case of no

motion having been brought, five (5) business days of the expiration of the fifteen (15) day period described above), destroy or return to the producing Party the Privileged Information and all copies thereof, and shall destroy and/or expunge from any other document or material information solely derived from the Privileged Information.  On any motion challenging the producing Party's privilege objection, nothing in this paragraph shall affect the burden imposed by law on either the producing Party or the possessing Party with respect to Privileged Information.

16.    In the event of a disclosure by a receiving Party of Restricted Information to persons or entities not authorized by this Order to receive such Restricted Information, the receiving Party making the disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Restricted Information subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Restricted Information as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Restricted Information and ensure against further dissemination or use of the Restricted Information.

17.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Restricted Information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

18.     Nothing in this Order shall affect the rights of any Party, at trial, to move for, or to object to, the admission as evidence of any Confidential Information or Highly Confidential Information.

19.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing Party all Restricted Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall at such Party's option destroy all such Restricted Information, and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to the producing Party that such destruction has been accomplished. However, the attorney shall be allowed to keep a complete set of all pleadings, correspondence, and the attorney's work product even if those documents include reference to or inclusion of Restricted Information.

20.     Nothing in this Protective Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Restricted Information, (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the above-captioned action, whether or not such documents, materials, or information are also obtained through discovery in the above-captioned action, (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Restricted Information; (d) preclude any Party from filing a motion seeking further, more limited or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, (e) prohibit a Party from producing Restricted Materials in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information; provided that, unless prohibited by law, notice of such

10

subpoena and a copy of the subpoena and all written materials accompanying its service shall be given to the Party that had produced the Restricted Material at least ten (10) business days prior to the production of any Restricted Material called for by the subpoena to afford the designating Party a reasonable opportunity to seek relief from the court or take such other action as it deems appropriate with respect to the subpoena; or (f) preclude any Party from filing a motion with respect to the manner in which Restricted Information shall be treated at trial.

21.    Exchange of privilege logs.  The Scheduling Order requires the parties to serve their respective Objections and Responses to the first Requests for Production on June 16, 2010, and calls for a rolling production of documents that will not be concluded before November 5, 2010. In light of the rolling schedule for production, the large volume of documents and electronically stored information that the parties may have to review in connection with identifying information subject to discovery, and the parties' anticipation that such review may continue throughout the discovery period, the parties do not believe it is practical to exchange privilege logs on or before the date their Objections and Responses are due.  It is therefore hereby stipulated, agreed and ordered that, notwithstanding the March 10, 2010 Discovery Order entered in this case, the parties may preserve objections based upon privilege without identifying in their Objections and Responses such things as the nature and subject matter of the communication at issue or the sender and receiver of the communication and their relationship to each other, and that a general assertion of privilege in the Objections and Responses unaccompanied by a proper privilege log will not be deemed a nullity.  It is further stipulated, agreed and ordered that the parties will meet and confer in good faith in an effort to agree upon a date or dates for the exchange of privilege logs that is appropriate in light of the schedule for discovery contemplated by the Scheduling Order and the parties' Requests for Production.  Nothing herein shall prevent any party from

moving for an order fixing a date or dates for the exchange of privilege logs if the parties are

unable to agree upon such a  date or dates following good faith negotiations.

**DONE AND ORDERED** in Chambers in Miami, Florida, this __ day of ___, 2010.

_____

Date:  May 20, 2010                    Respectfully submitted:

                                       /s/ Robert C. Josefsberg_____
                                       Robert C. Josefsberg (Florida Bar No. 040856)
                                       Victor M. Diaz, Jr. (Florida Bar No. 503800)
                                       Katherine W. Ezell (Florida Bar No. 114771)
                                       Alexander Rundlet (Florida Bar No. 692301)
                                       **PODHURST ORSECK, P.A.**
                                       City National Bank Building
                                       25 West Flagler Street, Suite 800
                                       Miami, FL 33130
                                       Telephone: 305.358.2800
                                       Fax: 305.358.2382
                                       rjosefsberg@podhurst.com
                                       vdiaz@podhurst.com
                                       kezell@podhurst.com
                                       arundlet@podhurst.com

                                       *Direct Purchaser Plaintiffs ' Interim Liaison
                                       Counsel*

                                       Jay L. Himes
                                       Hollis Salzman (Florida Bar No. 947751)
                                       Gregory S. Asciolla
                                       Kellie Lerner
                                       Ryan G. Kriger
                                       **LABATON SUCHAROW LLP**
                                       140 Broadway
                                       New York, NY 10005
                                       Telephone: 212.907.0700
                                       Fax: 212.818.0477
                                       hsalzman@labaton.com
                                       jhimes@labaton.com

gasciolla@labaton.com
klerner@labaton.com
rkriger@labaton.com

Michael D. Hausfeld
William P. Butterfield
Brian A. Ratner
Ralph J. Bunche
**HAUSFELD LLP**
1700 K Street, NW
Suite 650
Washington, DC 20006
Telephone: 202.540.7200
Fax: 202.540.7201
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
rbunche@hausfeldllp.com

William A. Isaacson
Matthew W. Friedrich
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: 202.237.2727
Fax: 202.237.6131
wisaacson@bsfllp.com
mfriedrich@bsfllp.com

Stephen N. Zack
Mark J. Heise
**BOIES, SCHILLER & FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: 305.539.8400
Fax: 305.539.1307
szack@bsfllp.com

*Direct Purchaser Plaintiffs' Interim*
*Co-Lead Class Counsel*


  /s/Arthur H. Rice
Arthur H. Rice
FBN: 224723
**RICE PUGATCH ROBINSON &**

**SCHILLER, P.A**
101 NE 3rd Avenue
Suite 1800
Fort Lauderdale, FL 33301-1162
Telephone: (954) 462-8000
Facsimile: (954) 462-4300
arice@rprslaw.com

/s/ David Kovel
David E. Kovel (pro hac vice)
Kenneth G. Walsh (pro hac vice)
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 317-2300
Facsimile: (212) 751-2540

*Plaintiffs' Interim Lead Counsel For Indirect
Purchaser Plaintiffs and Putative Class
Members*

/s/ Herman J. Russomanno
Herman J. Russomanno (FBN: 240346)
Robert J. Borrello (FBN: 764485)
Herman J. Russomanno III (FBN: 21249)
RUSSOMANNO & BORRELLO, P.A.
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

*Liaison Counsel For Indirect Purchaser
Plaintiffs and Putative Class Members*

/s/ Shepard Goldfein
Shepard Goldfein
Clifford H. Aronson
Paul M. Eckles
Matthew M. Martino
**SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**
Four Times Square
New York, New York  10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

shepard.goldfein@skadden.com
clifford.aronson@skadden.com
paul.eckles@skadden.com
matthew.martino@skadden.com

Michael Nachwalter (Fla. Bar No. 099989)
Elizabeth B. Honkonen (Fla. Bar No. 014903)
Jalaine Garcia (Fla. Bar No. 058632)
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131-4327
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861
mnachwalter@kennynachwalter.com
ebh@kennynachwalter.com
jgarcia@kennynachwalter.com

*Attorneys for Defendants Cemex Inc., Cemex
Materials, LLC and Cemex Construction
Materials Florida, LLC*

/s/ Helaine S. Goodner
Helaine S. Goodner (Fla. Bar No. 462111)
**FOWLER WHITE BURNETT, P.A.**
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida  33131-3302
Telephone:  (305) 789.9200
Facsimile:  (305) 728.7535
hgoodner@fowler-white.com

John B. Wyss
Thomas R. McCarthy
Joshua W. Abbott
**WILEY REIN LLP**
1776 K Street NW
Washington, DC  20006
Telephone:  (202) 719-7000
Facsimile:  (202) 719-7049
jwyss@wileyrein.com
tmccarthy@wileyrein.com
jabbott@wileyrein.com

*Counsel for Defendant Continental Florida*

/s/ Marty Steinberg
Marty Steinberg (Fla. Bar No. 187293)
D. Bruce Hoffman (Fla. Bar No. 958026)
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
msteinberg@hunton.com

*Counsel for Defendant Florida Rock
Industries, Inc.*

15

*Materials, Inc.*

/s/ Juan J. Rodriguez
Juan J. Rodriguez (Fla. Bar No. 613843)
**CAREY RODRIGUEZ GREENBERG PAUL LLP**
1395 Brickell Ave., Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
JRodriguez@crgplaw.com

Andrew G. Klevorn
Chad J. Doellinger
**EIMER STAHL KLEVORN & SOLBERG LLP**
224 South Michigan, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
aklevorn@eimerstahl.com

*Counsel for Defendant Holcim (US) Inc.*

/s/ Juan Aedo Gonzalez
Juan Aedo Gonzalez (Fla. Bar No. 375500)
Frank Patrick Cuneo (Fla. Bar No. 0123188)
**LIEBLER GONZALEZ & PORTUONDO, P.A.**
44 West Flagler Street
25th Floor
Miami, Florida 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
jag@lgplaw.com
fpc@lgplaw.com

*Counsel for Defendant Lafarge North America Inc.*

/s/ Thomas E. Scott, Jr.
Thomas E. Scott, Jr. (Fla. Bar No. 149100)
**COLE, SCOTT &KISSANE, P.A.**
Dadeland Centre II, Suite 1400
9150 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 350-5381
Facsimile: (305) 373-2294
thomas.scott@csklegal.com

Robert D. Rightmyer (Fla. Bar No. 178047)
**COLE SCOTT & KISSANE, P.A.**
1900 Summit Tower Boulevard, Suite 750
Orlando, FL 32810
Telephone: (321) 972-0000
Facsimile: (321) 972-0099
robert.rightmyer@csklegal.com

John R. Fornaciari
**BAKER & HOSTETLER LLP**

/s/ Christopher B. Hopkins
Christopher B. Hopkins (Fla. Bar No. 116122)
**BUTZEL LONG, A PROFESSIONAL CORPORATION**
125 Worth Avenue
Suite 330
Palm Beach, Florida 33480
Telephone: (561) 659-8676
Facsimile: (561) 659-8679
hopkins@butzel.com

Richard B. Brosnick
**BUTZEL LONG, A PROFESSIONAL CORPORATION**
380 Madison Avenue
22nd Floor
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
brosnick@butzel.com

Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C.  20036-5304
Telephone:  (202) 861-1612
Facsimile:  (202) 861-1783
jfornaciari@bakerlaw.com

*Counsel for Defendant Oldcastle Materials,
Inc.*

*/s/ Benjamine Reid*
Benjamine Reid
**CARLTON FIELDS**
100 S.E. Second Street
Suite 4000 P.O. Box 019101
Miami, Florida  33131-2114
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
breid@carltonfields.com

Reginald D. Steer
Amit Kurlekar
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
580 California Street, Suite 1500
San Francisco, California  94101
Telephone:  (415) 765-9500
rsteer@akingump.com

Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
One Bryant Park
New York, NY  10036
Telephone:  (212) 872-1011
Facsimile:  (212) 407-3211
mhurley@akingump.com

*Counsel for Defendant Suwannee American
Cement LLC*

*Counsel for Defendant Prestige AB
Management Co. LLC*

*/s/ Frank Burt*
Frank Burt (Fla. Bar No. 197963)
**JORDEN BURT LLP**
1025 Thomas Jefferson St, NW
Washington, DC  20007-5208
Telephone:  (202) 965-8140
Facsimile:  (202) 965-8104
fgb@jordenusa.com

Richard J. Ovelmen (Fla. Bar No. 284904)
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida  33131-2803
Telephone:  (305) 347-6805
Facsimile:  (305) 372-4720
rjo@jordenusa.com

James L. Cooper
Ryan Z. Watts
Laura Cofer Taylor
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  (202)-942-5000
Facsimile:  (202) 942-5999
James.Cooper@aporter.com
Ryan.Watts@aporter.com
Laura.Taylor@aporter.com

*Counsel for Defendant Tarmac America LLC*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **May 20, 2010**, the foregoing document was electronically

filed with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is

being served this day on all counsel of record on the attached Service List, either via transmission

of Notice of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for

those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382
info@podhurst.com

By: s/Katherine W. Ezell
Robert C. Josefsberg (Fla. Bar No. 040856)
Katherine W. Ezell (Fla. Bar No. 114771)
PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Ph: (305) 358-2800/Fax: (305) 258-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*LOCAL COUNSEL FOR THE PLAINTIFFS*

Jay L. Himes
Hollis Salzman (Fla. Bar No. 947751)
Gregory S. Asciolla
Kellie Lerner
Ryan G. Kriger
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Ph: (212) 907-0700/Fax: (212) 818-0477
Hsalzman@labaton.com
Jhimes@labaton.com
Gasciolla@labaton.com
Klerner@labaton.com
Rkriger@labaton.com

*Direct Purchaser Plaintiffs' Interim
Co-Lead Class Counsel*

Ralph J. Bunche, Esq.
William P. Butterfield, Esq.
Brian A. Ratner, Esq.
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
rbunche@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
*Interim Co-Lead Counsel on Behalf of
Direct Purchaser Plaintiffs*

Matthew W. Friedrich, Esq.
William A. Isaacson, ESQ.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, #800
Washington, D.C. 20015
Telephone: 202-237-2727
Facsimile: 202-237-6131
Email: mfriedrich@bsfllp.com
Email: wisaacson@bsfllp.com

Mark J. Heise, Esq.
Boies, Schiller & Flexner LLP
100 Southeast Second Street, Suite #2800
Miami, FL 33131
Telephone: 305-539-8400
Facsimile: 305-539-1307
Email: mheise@bsfllp.com
*Interim Co-Lead Counsel on Behalf of
Direct Purchaser Plaintiffs*

## SERVICE LIST

IN RE: FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION
MASTER DOCKET NO.: 09-23187-CIV-ALTONAGA/BROWN

United States District Court - Southern District of Florida - Miami Division

| | |
|---|---|
| **ROBERT C. JOSEFSBERG, ESQ.**<br>**KATHERINE W. EZELL, ESQ.**<br>Podhurst Orseck, P.A.<br>City National Bank Bldg.<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Telephone: 305-358-2800<br>Facsimile: 305-358-2382<br>Email: rjosefsberg@podhurst.com<br>Email: kezell@podhurst.com<br><br>**Liaison Counsel for Plaintiffs** | **GREGORY S. ASCIOLLA, ESQ.**<br>**HOLLIS L. SALZMAN, ESQ.**<br>**JAY L. HIMES, ESQ.**<br>**RYAN G. KRIGER, ESQ.**<br>**KELLIE LERNER, ESQ.**<br>Labaton Sucharow LLP<br>140 Broadway, 34th Floor<br>New York, New York 10005<br>Telephone: 212-907-0700<br>Facsimile: 212-818-0477<br>Email: gasciolla@labaton.com<br>Email: hsalzman@labaton.com<br>Email: jhimes@labaton.com<br>Email: rkriger@labaton.com<br>Email: klerner@labaton.com<br>[Via CM/ECF electronic filing]<br><br>**Direct Purchaser Plaintiffs' Interim Co-Lead Class Counsel** |
| **BONNY E. SWEENEY, ESQ.**<br>**CARMEN A. MEDICI, ESQ.**<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>655 West Broadway, Suite #1900<br>San Diego, CA 92101<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423<br>Email: bonnys@csgrr.com<br>Email: cmedici@csgrr.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **DAVID J. GEORGE, ESQ.**<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>120 East Palmetto Park Road, Suite #500<br>Boca Raton, FL 33432<br>Telephone: 561-750-3000<br>Facsimile: 561-750-3364<br>Email: dgeorge@csgrr.com<br>Email: bonnys@csgrr.com<br>Email: cmedici@csgrr.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |

| | |
|---|---|
| **GERALD J. RODOS, ESQ.**<br>**JEFFREY B. GITTLEMAN, ESQ.**<br>Barrack, Rodos & Bacine<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>Telephone: 215-963-0600<br>Facsimile: 215-963-0838<br>Email: grodos@barrack.com<br>Email: jgittleman@barrack.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **PATRICK BARRETT, ESQ.**<br>Barrett Law Office, P.A.<br>One Burton Hills Boulevard, Suite #380<br>Nashville, TN 37215<br>Telephone: 615-665-9990<br>Facsimile: 615-665-9998<br>Email: pmbarrett3@barrettlawoffice.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **BRYAN L. CLOBES, ESQ.**<br>**ELLEN MERIWETHER, ESQ.**<br>**NYRAN ROSE PEARSON, ESQ.**<br>Cafferty Faucher LLP<br>1717 Arch Street, Suite #3610<br>Philadelphia, PA 19103<br>Telephone: 215-864-2800<br>Facsimile: 215-864-2810<br>Email: bclobes@caffertyfaucher.com<br>Email: emeriwether@caffertyfaucher.com<br>Email: npearson@caffertyfaucher.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **BRIAN CAMPF, ESQ.**<br>Brian S. Campf, PC<br>7243 Southeast 34th Avenue<br>Portland, OR 97202<br>Telephone: 503-849-9899<br>Email: brian@bsclegal.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **JOSEPH G. SAUDER, ESQ.**<br>**BENJAMIN F. JOHNS, ESQ.**<br>Chimicles & Tikellis LLP<br>One Haverford Centre<br>Haverford, PA 19041<br>Telephone: 610-642-8500<br>Facsimile: 610-649-3633<br>Email: JosephSauder@chimicles.com<br>Email: bfj@chimicles.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **KEVIN B. LOVE, ESQ.**<br>**MICHAEL E. CRIDEN, ESQ.**<br>Criden & Love, P.A.<br>7301 Southwest 57th Court, Suite #515<br>South Miami, FL 33143<br>Telephone: 305-357-9000<br>Facsimile: 305-357-9050<br>Email: mcriden@cridenlove.com<br>Email: klove@cridenlove.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |

| | |
|---|---|
| **DANIEL E. GUSTAFSON, ESQ.**<br>**JASON S. KILENE, ESQ.**<br>Gustafson Gluek PLLC<br>608 Second Avenue South, Suite #650<br>Minneapolis, MN 55402<br>Telephone: 612-333-8844<br>Facsimile: 612-339-6622<br>Email: dgustafson@gustafsongluek.com<br>Email: jkilene@gustafsongluek.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **JOSEPH C. KOHN, ESQ.**<br>Kohn, Swift & Graf, P.C.<br>One South Broad Street, Suite #2100<br>Philadelphia, PA 19107<br>Telephone: 215-238-1700<br>Email: jkohn@kohnswift.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **W. JOSEPH BRUCKNER, ESQ.**<br>**BRIAN D. CLARK, ESQ.**<br>Lockbridge Grindal Nauen P.L.L.P.<br>100 Washington Avenue South, Suite #2200<br>Minneapolis, MN 55401<br>Telephone: 612-339-6900<br>Facsimile: 612-339-0981<br>Email: wjbruckner@locklaw.com<br>Email: bdclark@locklaw.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel on Behalf of Plaintiff Deeb**<br>**Construction & Development Co.** | **NOAH SHUBE, ESQ.**<br>The Law Offices of Noah Shube<br>434 Broadway, 6th Floor<br>New York, New York 10013<br>Telephone: 212-274-8638<br>Facsimile: 212-966-8652<br>Email: nshube@nsfirm.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |

**ROBERT S. SCHACHTER, ESQ.**
**JOSEPH LIPOFSKY, ESQ.**
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue
New York, New York 10010
Telephone: 212-223-3900
Facsimile: 212-371-5969
Email: rschachter@zsz.com
Email: jlipofsky@zsz.com
[Via CM/ECF electronic filing]

**Counsel for Plaintiffs**

**MATTHEW W. FRIEDRICH, ESQ.**
**WILLIAM A. ISAACSON, ESQ.**
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, #800
Washington, D.C. 20015
Telephone: 202-237-2727
Facsimile: 202-237-6131
Email: mfriedrich@bsfllp.com
Email: wisaacson@bsfllp.com
[Via CM/ECF electronic filing]

**MARK J. HEISE, ESQ.**
Boies, Schiller & Flexner LLP
100 Southeast Second Street, Suite #2800
Miami, FL 33131
Telephone: 305-539-8400
Facsimile: 305-539-1307
Email: mheise@bsfllp.com
[Via CM/ECF electronic filing]

**Interim Co-Lead Class Counsel for Plaintiffs**

**ROBERT GILBERT, ESQ.**
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Telephone: 305-571-8550
Facsimile: 305-571-8558
bobby@abbrclaw.com
[Via CM/ECF electronic filing]

**Counsel for Plaintiffs:**
**Florida Block & Ready Mix and**
**Bay Area Remodelers, Inc.**

**CRAIG C. CORBITT, ESQ.**
**CHRISTOPHER T. MICHELETTI, ESQ.**
**ERIC BUETZOW, ESQ.**
Zelle Hofmann Voelbel & Mason LLP
44 Montgomery Street, 34th Floor
San Francisco, CA 94104
Telephone: 415-693-0700
ccorbitt@zelle.com
emicheletti@zelle.com
ebuetzow@zelle.com
[Via CM/ECF electronic filing]

**Counsel for Plaintiffs:**
**Florida Block & Ready Mix and**
**Bay Area Remodelers, Inc.**

| | |
|---|---|
| **RALPH J. BUNCHE, ESQ.**<br>**WILLIAM P. BUTTERFIELD, ESQ.**<br>**BRIAN A. RATNER, ESQ.**<br>Hausfeld LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>Telephone: 202-540-7200<br>Facsimile: 202-540-7201<br>rbunche@hausfeldllp.com<br>wbutterfield@hausfeldllp.com<br>bratner@hausfeldllp.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Counsel on Behalf of**<br>**Direct Purchaser Plaintiffs** | **JODI N. COHEN, ESQ.**<br>Rice Pugatch Robinson & Schiller, P.A.<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: 954-462-8000<br>Facsimile: 954-462-4300<br>jcohen@rprslaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Indirect Purchaser Plaintiff:**<br>**Philip D. Sanford** |
| **LEE ALBERT, ESQ.**<br>Murray, Frank & Sailer LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: 212-682-1818<br>Facsimile: 212-682-1892<br>lalbert@murrayfrank.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel on Behalf of Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** | **ERIN C. BURNS, ESQ.**<br>**DIANNE M. NAST, ESQ.**<br>Roda Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: 717-892-3000<br>eburns@rodanast.com<br>dnast@rodanast.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Plaintiff:**<br>**Bandes Construction Company, Inc.** |

| | |
|---|---|
| **ARTHUR H. RICE, ESQ.**<br>**JODI N. COHEN, ESQ.**<br>Rice Pugatch Robinson & Schiller, P.A.<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: 954-462-8000<br>Facsimile: 954-462-4300<br>arice.ecf@rprslaw.com<br>jcohen@rprslaw.com<br>[Via CM/ECF electronic filing]<br><br>**Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel** | **DAVID E. KOVEL, ESQ.**<br>**KENNETH G. WALSH, ESQ.**<br>**DANIEL HUME, ESQ.**<br>Kirby Mcinerny LLP<br>825 Third Avenue, 16th Floor<br>New York, NY 100022<br>Telephone: 212-371-6600<br>Facsimile: 212-751-2540<br>dkovel@kmllp.com<br>kwalsh@kmllp.com<br>dhume@kmllp.com<br>[Via CM/ECF electronic filing]<br><br>**Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel** |
| **KENNETH G. GILMAN, ESQ.**<br>Gilman & Pastor LLP<br>60 State Street, 37th Floor<br>Boston, MA 02109<br>Telephone: 617-742-9700<br>Facsimile: 617-742-9701<br>kgilman@gilmanpastor.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **HERMAN J. RUSSOMANNO, ESQ.**<br>**HERMAN J. RUSSOMANNO, III, ESQ.**<br>Russomanno & Borrello<br>150 W. Flagler St., Suite 2800<br>Miami, FL 33130-1560<br>Telephone: 305-373-2101<br>Facsimile: 305-373-2103<br>hrussomanno@russomanno.com<br>herman2@russomanno.com<br>[Via CM/ECF electronic filing]<br><br>**Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel** |

**SHEPARD GOLDFEIN, ESQ.**
**PAUL M. ECKLES, ESQ.**
**CLIFFORD H. ARONSON, ESQ.**
**MATTHRE M. MARTINO, ESQ.**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
Telephone: 212-735-3000
Facsimile: 212-735-2000
Email: Shepard.goldfein@skadden.com
Email: paul.eckles@skadden.com
Email: clifford.aronson@skadden.com
Email: matthew.martino@skadden.com
[Via CM/ECF electronic filing]

**MICHAEL NACHWALTER, ESQ.**
**ELIZABETH B. HONKONEN, ESQ.**
**JALAINE GARCIA, ESQ.**
Kenny Nachwalter, P.A.
1100 Miami kCenter
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-373-1000
Facsimile: 305-373-1861
Email: mnachwalter@kennynachwalter.com
Email: ebh@kennynachwalter.com
Email: jgarcia@kennynachwalter.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Cemex Corp.**

**RYAN SHORES, ESQ.**
Hunton & Williams LLP
1900 K Street, NW
Washington, D.C.
Telephone: 202-955-1500
Facsimile: 202-778-2201
Email: rshores@hunton.com
[Via CM/ECF electronic filing]

**D. BRUCE HOFFMAN, ESQ.**
**MARTY STEINBERG, ESQ.**
Hunton & Williams LLP
1111 Brickell Avenue, Suite #2500
Miami, FL 33131
Telephone: 305-810-2500
Facsimile: 305-810-2460
Email: bhoffman@hunton.com
Email: msteinberg@hunton.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Florida Rock Industries, Inc.**

**FRANK G. BURT, ESQ.**
Jorden Burt LLP
1025 Thomas Jefferson Street N.W.
Suite #400 East
Washington, D.C.  20007
Telephone: 202-965-8100
Facsimile: 202-965-8104
Email: fgb@jordenusa.com
[Via CM/ECF electronic filing]

**LAURA COFER TAYLOR, ESQ.**
**JAMES L. COOPER, ESQ.**
**RYAN Z. WATTS, ESQ.**
Arnold & Porter LLP
555 12ᵗʰ Street NW
Washington, D.C. 20004
Telephone: 202-942-5000
Facsimile: 202-942-5999
Email: Laura.taylor@aporter.com
Email: James.cooper@aporter.com
Email: Ryan.watts@aporter.com
[Via CM/ECF electronic filing]

**RICHARD J. OVELMEN, ESQ.**
Jorden Burt LLP
777 Brickell Avenue, Suite #500
Miami, FL 33131
Telephone: 305-371-2600
Facsimile: 305-372-9928
Email: rjo@jordenusa.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Titan America LLC**

**ADAM B. DEUTSCH, ESQ.**
**ANDREW G. KLEVORN, ESQ.**
**MICHAEL B. MACKENZIE, ESQ.**
**CHAD J. DOELLINGER, ESQ.**
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite #1100
Chicago, Illinois 60604
Telephone: 312-660-7600
Facsimile: 312-692-1718
Email: adeutsch@eimerstahl.com
Email: aklevorn@eimerstahl.com
Email: mmackenzie@eimerstahl.com
Email: cdoellinger@eimerstahl.com
[Via CM/ECF electronic filing]

**JUAN J. RODRIGUEZ, ESQ.**
Carey Rodriguez Greenberg & Paul, LLP
Espirito Santo Plaza
1395 Brickell Avenue, Suite #700
Miami, FL 33131
Telephone: 305-372-7474
Facsimile: 305-372-7475
Email: jrodriguez@crgplaw.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Holcim (US), Inc.**

| | |
|---|---|
| **BARRY N. GREENBERG, ESQ.**<br>**HELAINE S. GOODNER, ESQ.**<br>Fowler White Burnett, P.A.<br>Espirito Santo Plaza<br>1395 Brickell Avenue, 14th Floor<br>Miami, FL 33131<br>Telephone: 305-789-9200<br>Facsimile: 305-789-9201<br>Email: bgreenberg@fowler-white.com<br>Email: hgoodner@fowler-white.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Lehigh Cement Company** | **JOHN B. WYSS, ESQ.**<br>**JOSHUA W. ABBOTT, ESQ.**<br>**THOMAS R. MCCARTHY, ESQ.**<br>Wiley Rein LLP<br>1776 K Street, N.W.<br>Washington, DC 20006<br>Telephone: 202-719-7000<br>Facsimile: 202-719-7049<br>Email: jwyss@wileyrein.com<br>Email: jabbott@wileyrein.com<br>Email: tmccarthy@wileyrein.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Lehigh Cement Company** |
| **THOMAS E. SCOTT, ESQ.**<br>**ROBERT D. RIGHTMYER, ESQ.**<br>Cole, Scott & Kissane, P.A.<br>Dadeland Centre II, 14th Floor<br>9150 South Dadeland Boulevard<br>Miami, FL 33156<br>Telephone: 305-350-5300<br>Facsimile: 305-373-2294<br>Email: Thomas.scott@csklegal.com<br>Email: Robert.rightmyer@csklegal.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Oldcastle, Inc.** | **CHRISTOPHER B. HOPKINS, ESQ.**<br>Butzel Long, a professional corporation<br>125 Worth Avenue, Suite #330<br>Palm Beach, FL 33480<br>Telephone: 561-659-8676<br>Facsimile: 561-659-8679<br>Email: hopkins@butzel.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Prestige AB Management Co., LLC** |

| | |
|---|---|
| **AMY LANE HURWITZ, ESQ.**<br>**BENJAMINE REID, ESQ.**<br>Carlton Fields, P.A.<br>100 S.E. 2nd Street, Suite #4000<br>Miami, FL 33131<br>Telephone: 305-530-0050<br>Facsimile: 305-530-0055<br>Email: ahurwitz@carltonfields.com<br>Email: breid@carltonfields.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Suwannee American Cement, LLC** | **REGINALD D. STEER, ESQ.**<br>**AMIT KURLEKAR, ESQ.**<br>Akin Gump Strauss Hauer & Feld LLP<br>580 California Street, Suite #1500<br>San Francisco, CA 94101<br>Telephone: 415-765-9500<br>Facsimile: 415-765-9501<br>Email: rsteer@akingump.com<br>Email: akurlekar@akingump.com<br>[Via CM/ECF electronic filing]<br><br>**MITCHELL HURLEY, ESQ.**<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone: 212-872-1000<br>Facsimile: 212-872-1002<br>mhurley@akingump.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Suwannee American Cement, LLC** |
| **RICHARD B. BROSNICK, ESQ.**<br>Butzel Long, a professional corporation<br>380 Madison Avenue, 22nd Floor<br>New York, NY 10017<br>Telephone: 212-818-1110<br>Facsimile: 212-818-0494<br>brosnick@butzel.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Prestige AB Management Co., LLC** | **JUAN A. GONZALEZ, ESQ.**<br>**FRANK P. CUNEO, ESQ.**<br>Liebler, Gonzalez & Portuondo, P.A.<br>Courthouse Tower - 25th Floor<br>44 W. Flagler Street<br>Miami, FL<br>Telephone: 305-379-0400<br>Facsimile: 305-379-9626<br>Email: jag@lgplaw.com<br>Email: fpc@lgplaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Defendant:**<br>**Lafarge North America, Inc.** |

**JOHN R. FORNACIARI**
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W., 11th Floor East
Washington, D.C.  20005
Telephone: 202-218-0009
Facsimile: 202-312-9414
Email: jfornaciari@sheppardmullin.com
[Via CM/ECF electronic filing]

**Co-Counsel for Defendant:**
**Oldcastle Materials, Inc.**