## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION | MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN |
| (DIRECT PURCHASER ACTION) | **JURY TRIAL DEMANDED** |

_____/

### FOURTH CONSOLIDATED AMENDED COMPLAINT

Bay Area Remodelers, Inc.; Carpenter Contractors of America, Inc.; Daniel Morgan Construction, Inc.; Family Pools, Inc.; Kroeger Enterprises, Inc.; and Liberty Concrete and Masonry, Inc. (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action for treble damages, injunctive relief and costs of suit under Section 1 of the Sherman Act and Section 4 of the Clayton Act against Cemex Inc.; Florida Rock Industries, Inc.; Prestige AB Management Co. LLC; and Tarmac America LLC. (collectively, "Defendants"), and allege, on information and belief, but on personal knowledge as to allegations relating to Plaintiffs, as follows:[1]

### NATURE OF CLAIM

1.     This case arises from an unlawful conspiracy among manufacturers of Portland cement ("Cement") and ready-mix concrete ("Concrete"), to fix, raise, stabilize, and/ or maintain prices of and allocate customers and the market for Concrete in the State of Florida, in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.  As a result of this illegal

---

[1] Plaintiffs are filing this Fourth Consolidated Amended Complaint pursuant to and consistent with the Court's October 12, 2010 Order (Dkt. No. 228) and December 27, 2010 Order (Dkt. No. 247), and without waiving any of their rights respecting review of those Orders or respecting the Second or Third Consolidated Amended Complaints generally.

conspiracy, Defendants charged supra-competitive prices for Concrete sold throughout the State of Florida, thereby injuring Plaintiffs and members of the proposed Class (defined below).

2.     Cement is the key ingredient of, and the largest input cost in the production of, Concrete.

3.     All Defendants are vertically-integrated enterprises, meaning that they – or entities within their corporate families – produce and sell both Cement and Concrete, each primarily using Cement produced within their corporate family to manufacture Concrete.  The enterprises alleged to have engaged in this conspiracy during the Class Period (defined below) are Cemex, Florida Rock, Tarmac, and Prestige.

4.     The Defendants dominate and control the Florida Concrete market.  Defendants and their subsidiaries manufacture and sell the vast majority of Concrete produced in Florida, despite the existence of Independent Concrete Producers ("ICPs").  Unlike Defendants, ICPs do not produce Concrete from Cement manufactured within their own corporate families, but must instead buy their Cement from other companies – mostly from the Defendants.

5.     Defendants conspired to fix the prices of Concrete at artificially-inflated levels by agreeing on the amount and timing of price increases, allocating customers and territories, and attempting to eliminate competition from the ICPs.  They have thus not only refrained from competing against each other, but have also restricted competition in Florida generally – all to the detriment of purchasers of Concrete.  Defendants' market dominance over Cement also allows them to impact the inputs to Concrete and other aspects of the industry.

6.     As a result of Defendants' unlawful conspiracy, Plaintiffs and the proposed Class paid artificially-inflated prices for Concrete throughout the Class Period.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

## JURISDICTION AND VENUE

7.      This action arises under Section 1 of the Sherman Act and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 1, 15 and 26.

8.      This Court has jurisdiction under Sections 4, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a), 22 and 26, and 28 U.S.C. §§ 1331 and 1337.

9.      Venue is proper in this District pursuant to Sections 4 and 12 of the Clayton Act, 15 U.S.C. §§ 15(a) and 22, and 28 U.S.C. § 1391(b) and (c).  Defendants reside, transact business, are found, or have agents in this District.  Further, a substantial part of the events or occurrences giving rise to the claims alleged occurred in the District.

## PARTIES

**Plaintiffs**

10.     Plaintiff Bay Area Remodelers, Inc. ("Bay Area Remodelers") is a Florida corporation with its principal place of business in Clearwater, Florida.  During the Class Period, Bay Area Remodelers purchased Concrete directly from one or more Defendants or their subsidiaries, including Cemex, Florida Rock, and Tarmac, and was damaged as a result of Defendants' unlawful conduct.

11.     Plaintiff Carpenter Contractors of America, Inc. ("CCA") is an Illinois corporation with its principal place of business in Winter Haven, Florida.  During the Class Period, CCA purchased Concrete directly from one or more Defendants or their subsidiaries, including Cemex, Florida Rock, and Tarmac, and was damaged as a result of Defendants' unlawful conduct.

12.     Plaintiff Daniel Morgan Construction, Inc. ("Morgan Construction") is a Florida corporation with its principal place of business in Orlando, Florida.  During the Class Period,

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

Morgan Construction purchased Concrete directly from one or more Defendants or their subsidiaries, including Cemex, Florida Rock, and Prestige, and was damaged as a result of Defendants' unlawful conduct.

13.     Plaintiff Family Pools, Inc. ("Family Pools") is a Florida corporation with its principal place of business in Port St. Lucie, Florida.  During the Class Period, Family Pools purchased Concrete directly from one or more Defendants or their subsidiaries, including Cemex and Prestige, and was damaged as a result of Defendants' unlawful conduct.

14.     Plaintiff Kroeger Enterprises, Inc. ("Kroeger") is a Florida corporation with its principal place of business in Riviera Beach, Florida.  During the Class Period, Kroeger purchased Concrete directly from one or more of the Defendants or their subsidiaries, including Cemex, and was damaged as a result of Defendants' unlawful conduct.

15.     Plaintiff Liberty Concrete and Masonry, Inc. ("Liberty") is a Florida corporation with its principal place of business in Naples, Florida.  During the Class Period, Liberty purchased Concrete directly from one or more of the Defendants or their subsidiaries, including Cemex, and was damaged as a result of Defendants' unlawful conduct.

**Defendants**

16.     Defendants are the substantially dominant players in Florida Concrete sales from 2007 to the present:  Cemex, Florida Rock, Tarmac, and Prestige.

17.     Defendants are "vertically-integrated enterprises" in that they or their corporate families combine two levels of the construction materials supply chain:  Concrete and Cement. Cement is the key ingredient of, and the greatest input cost in the manufacture of, Concrete.

18.     During the Class Period, Defendants manufactured Concrete using Cement supplied from within their corporate families.  They, or members of their corporate families, also

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

directly sold Cement to unrelated companies – generally to the ICPs, non-integrated Concrete producers, meaning that the Cement customers, the ICPs, were also Defendants' competitors in the sale of Concrete.

**Defendant Cemex**

19.     Defendant Cemex Inc. ("Cemex") is a Louisiana corporation with its principal place of business in Houston, Texas.  Cemex Inc. is a subsidiary of CEMEX, S.A.B. de C.V., a Mexican corporation.  Cemex produces and distributes Concrete, Cement, aggregate, concrete pipe, and related building materials throughout the United States.  Cemex operates approximately 71 Concrete suppliers, three Cement plants, and ten Cement import terminals in Florida.  During the Class Period, Cemex sold Concrete in the State of Florida.

20.     Cemex entered the Florida market in 2000 when it acquired Concrete and Cement producer Southdown, Inc., which itself had acquired long-time Florida Concrete and Cement producer Florida Minerals and Mining in 1996.  In 2005 Cemex expanded its Florida Concrete operations by acquiring the British multinational RMC Group Plc and its subsidiary RMC (USA), Inc., which had substantial Concrete operations in Florida.  In 2005, Cemex also created a partnership with Ready-Mix USA to supply Concrete to customers in the southeastern United States, including the Florida Panhandle.  In mid-2007, Cemex acquired Rinker Materials, Inc. and the majority of its Cement and Concrete operations in Florida.

**Defendant Florida Rock**

21.     Defendant Florida Rock Industries, Inc. ("Florida Rock") is a Florida corporation with its principal place of business in Jacksonville, Florida.  Florida Rock manufactures and sells construction materials, including Concrete, Cement, aggregate, and pre-stressed concrete.  Florida Rock operates approximately 63 Concrete suppliers, one Cement plant, and two Cement

import terminals in Florida.  During the Class Period, Florida Rock sold Concrete in the State of Florida.

22.     Florida Rock is a subsidiary of Vulcan Materials Company, a New Jersey corporation based in Alabama, which acquired Florida Rock in 2007.  In 2003, Florida Rock acquired Lafarge Florida, Inc., including its Concrete and Cement operations.  Florida Rock continued to operate the acquired entities under the name "Lafarge Florida, Inc." in the period after their acquisition by Florida Rock, and may continue to do so.

**Defendant Tarmac**

23.     Defendant Tarmac America LLC ("Tarmac") is a Delaware limited liability company with its principal place of business in Norfolk, Virginia.  Tarmac is a subsidiary of Titan America LLC, whose ultimate parent is Titan Cement Company S.A., a Greek company. Tarmac produces and sells Concrete, Cement, and other building materials in Florida.  Tarmac operates approximately 37 Concrete suppliers, one Cement plant, one Cement import terminal in Florida.  During the Class Period, Tarmac sold Concrete in the State of Florida.

**Defendant Prestige**

24.     Defendant Prestige AB Management Co LLC ("Prestige") is a Florida corporation with its principal place of business in Orlando, Florida.  On or about October 2, 2007, Prestige was acquired by Votorantim Cimentos North America, Inc. ("VCNA"), which is a subsidiary of Votorantim Group, a Brazilian industrial group.  VCNA was a vertically-integrated operator in Florida at the time, with operational control over Suwannee American Cement LLC, a joint-venture Cement company, and various Concrete suppliers throughout the State that were later merged into Prestige.  Prestige manufactures and sells Concrete in the State of Florida, where it

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

operates approximately 31 Concrete suppliers.  During the Class Period, Prestige sold Concrete in the State of Florida.  Prior to its acquisition by VCNA, Prestige was an ICP.

## UNNAMED CO-CONSPIRATORS

25.     Various other companies and individuals not named as Defendants in this Complaint participated as co-conspirators in the acts complained of, and performed acts and made statements in furtherance of the unlawful conduct described.

## INTERSTATE TRADE AND COMMERCE

26.     Throughout the Class Period, there has been a continuous and uninterrupted flow of transactions in and shipments of Cement in interstate commerce throughout the United States and Florida.  Concrete, which has Cement as its primary ingredient, is part of a continuous and uninterrupted flow of transactions and shipments in interstate commerce.

27.     A significant volume of Cement and construction materials was transported into Florida from other states, including Georgia and Alabama, and/or from other countries, including delivery at ocean ports.  The unlawful activities of Defendants and their co-conspirators have been within the flow of interstate and international commerce.

28.     Construction projects in which Concrete is used are financed, at least in part, by lenders located outside the State of Florida.

## THE RELEVANT MARKETS

29.     The relevant product market is Concrete.  The relevant geographic market is the State of Florida.

30.     Cement is the key ingredient of Concrete.  Since Cement is primarily sold to Concrete producers, demand for both products tends to rise and fall together.

31.     Defendants control the majority of Cement production and shipments in Florida. In addition, Defendants or their subsidiaries manufacture and sell the majority of the Concrete produced in Florida.

32.     Portland cement, the most common type of Cement, is the primary binding ingredient in a number of construction materials, including Concrete.  It is sold primarily in bulk to Concrete producers, including ICPs, and primarily in bag form to construction companies, hardware stores, and other purchasers.

33.     Cement is a fine powder created by grinding clinker, the product of heating aggregate including limestone, clay, sand, and gypsum, in a kiln.  Quarries, the sources of aggregate, are difficult to establish, especially near highly populated areas, due to zoning restrictions and objections from local residents.

34.     Capital equipment for clinker production includes grinders to break down the raw materials, kilns or pre-heaters to begin the heating process, and cooling stations to cool the clinker and prepare it for Cement production.  To convert clinker into Cement, steel tubes and steel balls break down the clinker and mix it with gypsum.

35.     Cement is stored in silos and shipped by truck, rails, and barge.  For smaller projects, Cement is stored in bags for shipment to customers.

36.     Concrete producers – consisting of those that are (1) Defendants or are owned and operated by the Defendants and (2) independently owned and operated ICPs – consume approximately 75% of the Cement used in Florida.  The remainder of Defendants' Cement is sold to various types of concrete product manufacturers and contractors, including road pavers.

37.     Concrete is a mixture of Cement, aggregate (sand, gravel, and crushed stone), and water.  Cement is the key and most expensive input in the manufacture of Concrete.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

38.     The Concrete market in Florida is concentrated.  As a result of a series of acquisitions, Cemex, Florida Rock, Tarmac and Prestige currently own approximately over 200 Concrete companies, approximately 90% of the Concrete companies in Florida.

39.     Ready-mix concrete is produced at batch plants, where the proportions of input materials are measured, combined with water in a rotating drum mounted on a truck, and then mixed in the truck's drum on the way to a construction site.  Because the addition of water begins an irreversible chemical reaction, and because the ready-mix concrete is placed directly at the construction site, the truck's arrival must be timed so that the ready-mix concrete hardens at the appropriate time.

40.     The strength of ready-mix concrete or is determined by the amount of water added, and is measured in pounds per square inch ("psi").

41.     Ready-mix concrete is sold by the cubic yard, and are priced in dollars per cubic yard.

42.     Ready-mix concrete is used principally in commercial, governmental, and residential construction.  The primary purchasers of ready-mix concrete in Florida are construction companies.  There are thousands of construction companies in the State of Florida.

43.     Large projects, such as municipal and commercial construction projects, require ready-mix concrete suppliers with significant resources.  Suppliers must have access to a large amount of ready-mix concrete, as well as the ability to place significant amounts of ready-mix concrete daily, to deliver concrete of varying strength, to test the ready-mix concrete, and to send trucks to the construction site on a continuing basis to complete multiple placements.

44.     Ready-mix concrete suppliers may also need to provide multiple batch plants in a geographic area, backup plants, many concrete trucks, a well-trained workforce, the ability to

produce concrete for multiple specifications and large projects, and significant financial backing to remedy construction problems.

45.     There are significant barriers to entry in the Concrete market, requiring substantial start-up capital expenditures and resources for sustained operations.

46.     Demand for Concrete in Florida is highly inelastic.  A small but significant, non-transitory increase in the price of Concrete will not cause construction companies to switch to a different construction material, even if such a material is available and compatible with the needs of a given construction job.  Typically, there are no effective substitutes for Concrete.

47.     The Department of Justice found that demand in the Concrete industry was highly inelastic when it challenged an industry merger as anticompetitive because "a small but significant post-acquisition increase in the price of ready-mix concrete that meets the bid specifications would not cause the purchasers of ready-mix concrete for large projects to substitute another building material in sufficient quantities, or to utilize a supplier of ready-mix concrete [who would otherwise not be considered a competitor for the business] with sufficient frequency so as to make such a price increase unprofitable." *U.S. v. Cemex, S.A.B. de C.V.*, Amended Complaint, D.D.C. No. 07-cv-006400, at 6-7.

48.     Concrete is a commodity, and is interchangeable across manufacturers.  Although construction projects can be bid under various Concrete specifications, all of the Defendants have the equipment and expertise to meet these specifications.

49.     Absent their unlawful conspiracy, the Defendants and their Concrete manufacturing subsidiaries would compete with each other and with the ICPs for the sale of Concrete in Florida.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

## THE CONSPIRACY

50.     As explained herein, the Defendants engaged in an unlawful conspiracy and

agreement to reduce or eliminate competition in the sale of Concrete in the State of Florida.

### Objects of the Conspiracy

51.     Beginning on or about February 11, 2008, and continuing through the present (the

"Class Period"),[2] the Defendants unlawfully conspired and agreed to: (1) fix, raise, maintain

and/or stabilize prices of Concrete; (2) allocate customers and markets by: (a) allocating

Defendants' customers for Concrete; (b) allocating ICPs' customers for Concrete by territory;

and (c) dividing up the Florida Concrete market by territory; all in violation of Section 1 of the

Sherman Act and Section 4 of the Clayton Act.

### Purposes of the Conspiracy

52.     The purposes and goals of the Defendants' unlawful conspiracy included the

following:  (1) the generation of supra-competitive profits for, and unjust enrichment of, the

Defendants; (2) the restriction of lawful competition in Florida sales of Concrete; and (3) the

creation and maintenance of artificially high prices for Concrete in the State of Florida.

53.     Defendants sought to and did unlawfully profit from their anticompetitive

conspiracy by charging supra-competitive prices for Concrete.  They were able to do so, despite

competition from the ICPs, in part because of their influence in or control over markets related to

Concrete production, such as trucking and Cement, and in part because the Defendants jointly

engaged in anticompetitive acts designed to impair competition by ICPs.  By coordinating their

efforts against the ICPs, the Defendants also unlawfully excluded ICPs as competitors so as to

---

[2] Jorge Wagner asserts that "[b]eginning on or about February 11, 2008, I was regularly in Florida performing consulting services relating to Prestige and certain of its affiliates . . . ." Affidavit of Jorge Wagner, sworn to November 17, 2010, at ¶ 4.  The Court's December 29, 2010 Order (Dkt. No. 248) limited the start of the conspiracy to this time period.

capture customers that they would not have been able to acquire under free and open competition with the ICPs.

### Manners and Means of the Conspiracy

54.     Defendants sought to accomplish their conspiracy by the following manners and means, among others:

(a)     Defendants frequently communicated through in-person meetings, telephone calls, and other means.

(b)     Executives employed by Defendants formed close business and personal relationships.  These executives met on several occasions, including at least once during the summer of 2008 over drinks in the Tampa area.  These relationships furthered the execution and implementation of the conspiracy.

(c)     Defendants also met in conjunction with other events including private company meetings, trade association activities, and both local and national trade association meetings.

55.     The Defendants fixed, raised, maintained and/or stabilized Concrete prices to non-competitive, artificially high levels in the State of Florida, and price competition among them was effectively eliminated or substantially reduced.

56.     To further reduce competition, Defendants also allocated customers and markets among themselves, by among other things (i) allocating Defendants' customers for Concrete; (ii) allocating ICPs' customers for Concrete by territory; and (iii) dividing up the Florida Concrete market by territory.

57.     By allocating customers of Concrete, the Defendants were able to maintain artificially high prices and eliminate cheating by co-conspirators by preventing purchasers of

Concrete, primarily construction companies, from seeking out a better price for Concrete from different Defendants or their Concrete subsidiaries.

58.    In furtherance of this conspiracy, Defendants and their co-conspirators undertook numerous overt acts.  Examples of such overt acts are identified below.

## Examples of Collusion

### I.    Coordinated Price Increases

59.    Defendants agreed to artificially raise the prices for Concrete in Florida by agreeing on the magnitude and timing of their price increases.  As a result of the Defendants' conspiracy, prices for Concrete in Florida were fixed, raised, stabilized and/or maintained throughout the Class Period.

60.    Defendants announced coordinated price increases for Concrete, usually two times a year.  Defendants raised the price of Concrete by about the same amount and at about the same time, pursuant to their unlawful agreement.

61.    For example, in 2008, the collapse of the housing market and the recession severely decreased demand for Concrete in Florida and elsewhere.  Pursuant to their unlawful agreement, notwithstanding the substantial reduction in demand, certain Defendants announced a nearly identical 30% increase in ready-mix concrete prices to $100/cubic yard, and eliminated their eight-year-old fuel surcharge on ready-mix concrete orders:

(a)    On August 4, 2008, Cemex announced that, effective October 1, 2008, it would increase its ready-mix concrete price to existing customers by $25/cubic yard.  Cemex also announced that it was ending its fuel surcharge.

(b)    Shortly thereafter, at a meeting of Prestige sales staff, Prestige President Jorge Wagner, recently arrived from parent Votorantim Group, announced that Prestige would

13

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

also be increasing its ready-mix concrete price by $25/cubic yard, and that Prestige's competitors

had agreed to go along with the increase.  The source of this information, according to Wagner,

was Cemex.  Cemex, Florida Rock, and Tarmac were Prestige's most significant competitors in

Florida, as those sales personnel present at the meeting were well-aware.  Wagner further stated

that Prestige sales staff who quoted less than the $25/cubic yard price increase would be fired.

Prior to this meeting, Prestige had been drafting price increase letters announcing a more typical

$5/cubic yard increase.

(c)   On August 20, 2008, Tarmac announced a price increase of $25/cubic yard

for ready-mix concrete in Florida, thus raising the price to $100/cubic yard.  It also announced

that it would add or deduct $5/cubic yard for each 1000 psi increment, effective September 25,

2008.  Like Cemex, Tarmac announced that it was ending its fuel surcharge.

(d)   On September 1, 2008, Florida Rock announced that, effective October 15,

2008, it would increase its ready-mix concrete price to existing customers by $26/cubic yard, and

that it would end its fuel surcharges.

(e)   On September 12, 2008, Prestige announced a price increase for ready-mix

concrete of $25/cubic yard.  It also announced that it would add or deduct $2.50/cubic yard for

each 500 psi increment, effective October 13, 2008.  This brought Prestige's ready-mix concrete

price to approximately $100/cubic yard.  Prestige announced that it was ending its fuel surcharge

as well.

62.   Subsequent to these price announcements, Defendants implemented their agreed-

upon price increases on ready-mix concrete sales to customers throughout Florida.  However, in

the face of a sharp drop in commercial and residential construction and a corresponding decline

in the demand for Concrete, Defendants' agreed-upon announced price increase was not sustainable at the full amount.

63.     As a result of Defendants' unlawful price-fixing conduct, Plaintiffs and the Class were injured by paying supra-competitive prices for Concrete in Florida throughout the Class Period.

## II.     Customer and Market Allocation

64.     In addition to the price increases outlined above, the Defendants also used a customer and market allocation scheme to drive ICPs, their primary competitors for Concrete sales, out of the market.  While this occurred throughout the Class Period, it became particularly acute after the precipitous drop that accompanied the bursting of the housing bubble in 2007-2008.

65.     First, the Defendants agreed to allocate their customers for Concrete.  "Customer allocation" means that Defendants agreed not to compete for each other's customers, thereby eliminating price competition and permitting each Defendant to inflate the prices it quoted to the customers that were allocated to it.  This customer allocation also allowed each Defendant to monitor the other Defendants' adherence to the conspiracy.

66.     In a fall 2008 meeting in the company's Orlando offices, Prestige President Jorge Wagner told Prestige sales personnel and senior management that pursuant to an arrangement with Cemex, the two companies were not to compete for each other's existing customers. Employees who did not adhere to this agreement would be fired, Wagner said.  As a result, the two companies continued not to compete for each other's customers.

67.     In 2008, sales personnel at Cemex were instructed by their superiors to get to know their competitors, and to call competitors to "verify" pricing of Concrete to customers.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

68.     In order to guard against the possibility of cheating on the cartel, Defendants implemented monitoring and enforcement mechanisms.  For example, in March 2009, Prestige salesmen met with Mike Foster, the Vice-President of Lennar Homes, a major national homebuilder.  Foster told the Prestige salesmen that Cemex had offered a better price than Prestige for Concrete, and refused to consider a counteroffer from Prestige.  The salesmen reported this exchange to Prestige President Jorge Wagner, who responded that Cemex could not do that, and that it was not what they had agreed on.  Wagner asked the Prestige salesmen if they knew customers Prestige could use to retaliate and retain Lennar's business.  To obtain some leverage against Cemex, Wagner told the Prestige salesmen to retaliate against Cemex's cheating on the customer allocation agreement by stealing a Cemex customer.  This was contrary to existing Prestige instructions to its sales staff not to undercut Cemex's prices or compete for a Cemex customer.  In this instance, the salesmen were instructed to offer a good price for GC Contractors solely for the purposes of retaliation.  The Prestige salesmen contacted GC Contracting, a Cemex customer in Daytona Beach, and offered very favorable pricing.  When it was clear that Prestige would succeed in stealing Cemex's customer, but before the deal was finalized, Wagner refused to approve the price and insisted that the salesmen quote the contracting company a different, non-competitively high price, such that Prestige did not obtain the business.  Wagner told the salesman and other Prestige members of staff that the Cemex price would be going away.  Thereafter, Cemex reneged on its agreement with Lennar Homes, which called the Prestige salesmen and said that it would never do business with Cemex again, and purchased from Prestige.  In this way, Lennar Homes continued to purchase from Prestige, GC Contracting continued to purchase from Cemex, and Cemex did not succeed in cheating on the cartel.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

69.     Second, Defendants agreed to allocate the ICPs' Concrete customers by territory. For example, in September 2009, Cemex, Florida Rock, Tarmac, and Prestige each agreed to cut their Concrete prices by $4-5/cubic yard to the customers of ICPs.  While offering reduced Concrete prices to the ICPs' customers, Defendants did not make comparable lower price offers to each others' customers.  Further, they agreed that each particular Defendant would only target ICP customers in specific regions of Florida:

- Cemex targeted ICP customers on the South Coast and Central region;

- Florida Rock targeted ICP customers in the Jacksonville area;

- Tarmac targeted ICP customers on the Gulf Coast; and

- Prestige targeted ICP customers in the Orlando area.

70.     Third, Defendants, led by Cemex (through Karl Watson, Jr., the Regional President of Cemex's East Region), allocated geographic territories among themselves by county in the State of Florida.  This is reflected by the fact that different regions in Florida are dominated by individual Defendants.

71.     One region that is dominated by Defendant Cemex is the Florida Keys.  Due to lack of competition, prices for ready-mix concrete in the Keys are 60-70% higher than even the artificially-inflated prices charged in the rest of Florida.

72.     One ICP, Advantage Concrete, attempted to supply mobile mix Concrete to the Keys in the spring of 2008.  In order to do so profitably, Advantage Concrete needed a source of Cement in Miami and a trucking company to deliver the Cement.  The three major Cement suppliers in the area, Defendants Cemex and Tarmac, and Continental Florida Materials Inc. (a non-defendant), all quoted a Cement price $20/ton or more above the market rate after Advantage Concrete let it be known that the destination for the Cement was the Keys.

17

73.     Furthermore, trucking companies that Advantage Concrete attempted to retain to haul Cement to the Keys either refused to be retained at all, or quoted prices that were significantly higher than the distance merited.  One independent trucker told Advantage Concrete that if it hauled Cement for Advantage Concrete to the Keys, it would not be given any more work by the major Cement producers.  Because of this, Advantage Concrete was unable to supply mobile mix concrete to the Keys and Cemex maintained its hold over the region.

### The Cover-Up

74.     When confronted by a concerned employee about the company's involvement in anticompetitive practices in the Concrete market, Defendant Prestige actively attempted to conceal the matter.

75.     In or about February 2009, Michael Lane, Prestige's General Manager, sent a letter to the U.S. Department of Justice ("DOJ") and other federal officials, asserting the existence of antitrust violations in the Florida Concrete market.[3]  Lane also provided a copy of the letter to Prestige's general counsel.

76.     Prestige then allegedly began an internal investigation into its conduct.  Prestige requested that Lane sign a confidentiality agreement forbidding him from discussing any of the anticompetitive behavior with anyone, except the DOJ, whom he had already contacted.  When Lane refused to sign such an agreement, Prestige ordered him to keep the alleged antitrust investigation confidential.

---

[3]   *See* Letter from Michael Lane to the United States Department of Justice (February 25, 2009), attached as Exhibit A and incorporated as if fully set out in this Complaint.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

77.     In order to protect his career and to document conduct that he believed to be both anticompetitive and criminal, Lane kept notes and collected materials relating to the company's involvement in the conspiracy.

78.     Around May 2009, Lane was placed on administrative leave, purportedly because he failed to get approval for prices charged on certain projects.  Lane was forbidden to speak with any staff, customers, or suppliers of Prestige.  Shortly thereafter, Lane resigned.

79.     After resigning, Lane requested that Prestige return his personal computer on which he had stored relevant correspondence and other evidence of the illegal price-fixing and anticompetitive conduct, including admissions of price-fixing by Jorge Wagner, Prestige's president, as well as other documentation of the price-fixing and anticompetitive conduct.  Prestige never returned the computer or the information stored on it, nor did it return any of the other materials Lane had collected to support the existence of the conspiracy.

80.     Shortly after these events, the general counsel for Prestige, who was primarily in charge of the company's internal investigation, left the company.

### Effect of the Conspiracy

81.     As a result of Defendants' unlawful conspiracy, prices for Concrete have been fixed, raised, maintained, and/or stabilized in Florida during the Class Period.  This occurred despite the decline in commercial construction, beginning around 2005, and the end of the housing boom beginning in 2007, the crash of the economy and the attendant drop in demand for Concrete.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

**Table 1**
**Florida Consumption of Ready-Mix Concrete**[*]

| Year | Ready-Mix Concrete Consumption in Florida ('000 Cubic Yards) | Change in Concrete Consumption (%) |
|---|---|---|
| 2004 | 42,768 | 12.90 |
| 2005 | 49,536 | 15.80 |
| 2006 | 49,306 | - 0.50 |
| 2007 | 34,779 | -29.50 |
| 2008 | 27,280 | -21.60 |

[*] Source: Portland Cement Association website, available at http://www.cement.org/econ/ind_stats.asp

## ALLEGATIONS OF ANTITRUST
## INJURY TO PLAINTIFFS AND THE CLASS

82.    In formulating and effectuating their conspiracy, Defendants and their co-conspirators engaged in anticompetitive practices, the purpose and effect of which was to artificially raise, fix, stabilize and/or maintain the price of Concrete in the State of Florida. These activities included:

(a)    Attending meetings or otherwise engaging in discussions and communications in Florida and elsewhere in the United States, face-to-face and by telephone, facsimile and electronic mail, regarding the sale of Concrete in Florida;

(b)    Agreeing during those meetings, discussions and communications to fix, raise, stabilize and/or maintain the price of Concrete in the State of Florida;

(c)    Agreeing during those meetings, discussions and communications not to compete for one another's customers, either by refraining from submitting prices or bids to certain customers or refusing to provide, or to bid to provide, Concrete to certain customers;

(d)    Agreeing during those meetings, discussions and communications to allocate the Concrete customers of ICPs;

      (e)     Agreeing during those meetings, discussions and communications to drive ICPs from the Concrete market;

      (f)     Exchanging price and customer information regarding Concrete in Florida with each other;

      (g)     Selling Concrete to customers in Florida at collusive and non-competitive prices pursuant to the agreement reached;

      (h)     Accepting payment for Concrete sold in Florida at collusive and non-competitive prices;

      (i)     Authorizing, directing, or consenting to the participation of subordinate employees and employees of affiliated companies in the conspiracy;

      (j)     Concealing the conspiracy and conspiratorial contacts through various means.

83.     Defendants' unlawful conspiracy had, and is having, the following effects, among others:

      (a)     Price competition in the sale of Concrete has been restrained, suppressed, and/or eliminated in Florida;

      (b)     Prices for Concrete sold by Defendants and their co-conspirators have been fixed, raised, stabilized and/or maintained at artificially high, non-competitive levels throughout Florida;

      (c)     ICPs have been effectively excluded from competing in the sale of Concrete; and

      (d)     Customers who purchased Concrete directly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

84.      By reason of Defendants' violations of Section 1 of the Sherman Act and Section

4 of the Clayton Act, Plaintiffs and the Class have sustained injury to their business or property

in amounts to be proven at trial.  Plaintiffs and the Class have sustained injuries consisting of the

payment of supra-competitive prices to Defendants for Concrete during the Class Period.  These

are injuries of the type that the antitrust laws were meant to punish, prevent, and redress.

### CLASS ACTION ALLEGATIONS

85.      Plaintiffs bring this action as a class action under Rule 23(a) and (b)(3) of the

Federal Rules of Civil Procedure, on behalf of themselves and the following class:

> All persons or entities who purchased Concrete directly from one
> or more of the Defendants or their co-conspirators in the State of
> Florida at any time during the period from on or about February
> 11, 2008 to the present.  Excluded from the Class are Defendants
> and their subsidiaries, parents, or affiliates, Defendants' co-
> conspirators, whether or not named as a Defendant in this
> Complaint, and government entities.

86.      The Class is so numerous that joinder of all members is impracticable.  Due to the

nature of the trade or the commerce involved, Plaintiffs believe that the members of the Class are

geographically dispersed throughout Florida, and that joinder of all members the Class would be

impracticable.  While the exact number of members of the Class is unknown to Plaintiffs at this

time, Plaintiffs believe that there are at least hundreds of members of the Class, and that their

identities can be learned from Defendants' and their co-conspirators' books and records.

87.      Plaintiffs' claims are typical of the claims of the other members of the Class.

Plaintiffs and members of the Class purchased Concrete during the Class Period at artificially

maintained, non-competitive prices, established by the unlawful actions of Defendants and their

co-conspirators.  Plaintiffs and members of the Class have sustained injuries consisting of the

payment of supra-competitive prices for Concrete during the Class Period, and other related

damages, due to Defendants' conduct in violation of federal and state law as set forth below.

88.     Plaintiffs will fairly and adequately protect the interests of the members of the
Class and have retained counsel competent and experienced in class action and antitrust
litigation.

89.     Common questions of law and fact exist as to all members of the Class, which
predominate over any questions affecting solely individual members of the Class.  Among the
questions of law and fact common to the Class are:

      (a)     whether Defendants conspired to raise, fix, maintain and/or stabilize the price
of Concrete in the State of Florida, which members of the Class purchased;

      (b)     the date the conspiracy began;

      (c)     the identities of un-named co-conspirators;

      (d)     whether Defendants' conduct violated the relevant federal antitrust laws and
caused injury to the business and property of Plaintiff and the members of the Class and, if so,
the proper measure of damages; and

      (e)     whether Defendants undertook actions to conceal their unlawful conspiracy.

90.     A class action is superior to other available methods for the fair and efficient
adjudication of this controversy because joinder of all Class members is impracticable.  The
prosecution of separate actions by individual members of the Class would impose heavy burdens
upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications
of the questions of law and fact common to the Class.  A class action, on the other hand, will
achieve substantial economies of time, effort and expense, and will assure uniformity of decision
as to persons similarly situated without sacrificing procedural fairness or bringing about other
undesirable results.

91.     The interest of the members of the Class in individually controlling the prosecution of separate actions is theoretical, rather than practical.  The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable.  The amounts at stake for members of the Class, while substantial in the aggregate, are not great enough individually to enable them to maintain separate suits against Defendants.  Plaintiffs do not anticipate any difficulty in the management of this action as a class action.

## COUNT ONE

### VIOLATION OF SECTION 1 OF THE SHERMAN ACT AND SECTION 4 OF THE CLAYTON ACT

92.     Plaintiffs incorporate by reference the preceding allegations.

93.     Beginning on or about February 11, 2008, and continuing through the present, the Defendants and their co-conspirators, both known and unknown, did unlawfully contract, combine, and conspire together and with each other to suppress and eliminate competition in Florida sales of Concrete in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

94.     The conspiracy consisted of a continuing agreement, understanding and concerted action between and among Defendants and their co-conspirators to fix, raise, maintain, and stabilize prices for Concrete in the State of Florida, and to refrain from competing with each other by allocating customers and geographic territories.  Such an agreement was in and of itself an unreasonable restraint of trade in interstate and foreign commerce and a *per se* violation of the federal antitrust laws.

95.     Defendants' conspiracy, and resulting impact on sales of Concrete, were within the flow of, were intended to, and did have, a substantial effect on the foreign and interstate commerce of the United States.

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

96.     As a proximate result of Defendants' unlawful conduct, Plaintiffs and the Class have suffered injuries in that they have paid supra-competitive prices for Concrete that they purchased during the Class Period and have been wrongfully excluded from competing for customers under conditions of free and open competition.

## **RELIEF SOUGHT**

Accordingly, Plaintiffs demand judgment as follows:

A.     That the unlawful conspiracy alleged in this Complaint be adjudged and decreed to be an unreasonable restraint of trade or commerce, in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act;

B.     That the Court determine that this action may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, that Plaintiffs be appointed as class representatives, and that Plaintiffs' counsel be appointed as counsel for the Class;

C.     That Plaintiffs and the Class recover the damages determined to have been sustained by them, trebled as provided by law, and that judgment be entered against Defendants, jointly and severally, on behalf of Plaintiffs and each and every member of the Class;

D.     That Defendants, their subsidiaries, affiliates, successors, transferees, assignees and the respective officers, directors, partners, agents, and employees and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from continuing and maintaining the conspiracy alleged in this Complaint;

E.     That Plaintiffs and members of the Class be awarded pre-judgment and post-judgment interest, and that such interest be awarded at the highest legal rate from and after the date of service of the initial Complaint in this action;

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

F.      That Plaintiffs and the Class recover their costs of this suit, including attorneys'

fees, as provided by law; and

G.      That the Court direct such further relief it may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury

trial as to all issues triable by a jury.

Dated: January 4, 2011

                                        Respectfully submitted,


                                         */s/ Robert C. Josefsberg*
                                        Robert C. Josefsberg (Florida Bar No.
                                        040856)
                                        Victor M. Diaz, Jr. (Florida Bar No.
                                        503800)
                                        Katherine W. Ezell (Florida Bar No.
                                        114771)
                                        Alexander Rundlet (Florida Bar No.
                                        692301)
                                        **PODHURST ORSECK, P.A.**
                                        City National Bank Building
                                        25 West Flagler Street, Suite 800
                                        Miami, FL 33130
                                        Telephone: 305.358.2800
                                        Fax: 305.358.2382
                                        rjosefsberg@podhurst.com
                                        vdiaz@podhurst.com
                                        kezell@podhurst.com
                                        arundlet@podhurst.com

                                        ***Plaintiffs' Interim Liaison Counsel***

Jay L. Himes
Hollis Salzman (Florida Bar No. 947751)
Gregory S. Asciolla
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: 212.907.0700
Fax: 212.818.0477
hsalzman@labaton.com
jhimes@labaton.com
gasciolla@labaton.com

Michael D. Hausfeld
William P. Butterfield
Brian A. Ratner
Ralph J. Bunche
**HAUSFELD LLP**
1700 K Street, NW
Suite 650
Washington, DC 20006
Telephone: 202.540.7200
Fax: 202.540.7201
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
rbunche@hausfeldllp.com

William A. Isaacson
Matthew W. Friedrich
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: 202.237.2727
Fax: 202.237.6131
wisaacson@bsfllp.com
mfriedrich@bsfllp.com

Stephen N. Zack (Florida Bar No. 145215)
Mark J. Heise (Florida Bar No. 771090)
**BOIES, SCHILLER & FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: 305.539.8400
Fax: 305.539.1307
szack@bsfllp.com
mheise@bsfllp.com

MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/BROWN

*Plaintiffs' Interim*
*Co-Lead Class Counsel*

Gerald J. Rodos
Jeffrey B. Gittleman
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: 215.963.0600
Fax: 215.963.0838
grodos@barrack.com
jgittleman@barrack.com

Patrick Barrett
**BARRETT LAW OFFICE, P.A.**
One Burton Hills Blvd., Suite 380
Nashville, TN 37215
Telephone: 615.665.9990
Fax: 615.665.9998
pmbarrett3@barrettlawoffice.com

Bryan L. Clobes
Ellen Meriwether
Nyran Rose Pearson
**CAFFERTY FAUCHER LLP**
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Telephone: 215.864.2800
Fax: 215.864.2810
bclobes@caffertyfaucher.com
emeriwether@caffertyfaucher.com
npearson@caffertyfaucher.com

Brian Campf
**BRIAN S. CAMPF, PC**
7243 SE 34th Ave.
Portland, OR 97202
Telephone: 503.849.9899
brian@bsclegal.com

Joseph G. Sauder
Benjamin F. Johns
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
Haverford, PA 19041
Telephone: 610.642.8500
Fax: 610.649.3633
JosephSauder@chimicles.com
bfj@chimicles.com

Bonny E. Sweeney
Carmen A. Medici
**COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619.231.1058
Fax: 619.231.7423
bonnys@csgrr.com

Kevin B. Love
Michael E. Criden
**CRIDEN & LOVE, P.A.**
7301 S.W. 57th Court, Suite 515
South Miami, FL 33143
Telephone: 305.357.9000
Fax: 305.357.9050
mcriden@cridenlove.com
klove@cridenlove.com

Daniel E. Gustafson
Jason S. Kilene
**GUSTAFSON GLUEK PLLC**
608 Second Avenue South Ste 650
Minneapolis, MN 55402
Telephone: 612.333.8844
Fax: 612.339.6622
dgustafson@gustafsongluekcom
jkilene@gustafsongluek.com

Joseph C. Kohn
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: 215.238.1700
jkohn@kohnswift.com

W. Joseph Bruckner
Brian D. Clark
**LOCKRIDGE GRINDAL NAUEN**
  **P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: 612.339.6900
Fax: 612.339.0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Noah Shube
**THE LAW OFFICES OF NOAH SHUBE**
434 Broadway, Sixth Floor
New York, NY 10013
Telephone: 212.274.8638
Fax: 212.966.8652
nshube@nsfirm.com

Robert S. Schachter
Jospeh Lipofsky
**ZWERLING, SCHACHTER**
  **& ZWERLING LLP**
41 Madison Avenue
New York, NY 10010
Telephone: 212.223.3900
Fax: 212.371.5969
rschachter@zsz.com
jlipofsky@zsz.com

Robert C. Gilbert
**ALTERS, BOLDT, BROWN, RASH &**
**CULMO, P.A.**
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Telephone: 305.571.8550
Fax: 305.571.8558
bobby@abbrclaw.com

Steven A. Kanner
Douglas A. Millen
Freed Kanner London & Millen LLC
**FREED, KANNER, LONDON &**
**MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: 224.632.4500
Fax: 224.632.4521
skanner@fklmlaw.com
dmillen@fklmlaw.com

Vincent J. Esades
Renae Steiner
**HEINS, MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: 612.338.4605
Fax: 612.338.4692
vesades@heinsmills.com
rsteiner@heinsmills.com

Jeffrey J. Corrigan
Jay S. Cohen
**SPECTOR, ROSEMAN, KODROFF &**
**WILLIS, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Fax: 215.496.6611
jcorrigan@srkw-law.com
jcohen@srkw-law.com

Solomon B. Cera
**GOLD, BENNETT, CERA & SIDENER, LLP**
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: 415.777.2230
Fax: 415.777.5189
scera@gbcslaw.com

Lance A. Harke
Sarah Clasby Engel
Howard M. Bushman
**HARKE & CLASBY LLP**
155 South Miami Ave., Suite 600
Miami, FL 33130
Telephone: 305.536.8220
Fax: 305.536.8229
lharke@harkeclasby.com
sengel@harkeclasby.com
hbushman@harkeclasby.com

Adam M. Moskowitz
Thomas A. Tucker Ronzetti
**KOZYAK, TROPIN & THROCKMORTON, P.A.**
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Telephone: 305.372.1800
Fax: 305.372.3508
amm@kttlaw.com
tr@kttlaw.com

Kevin Landau
**TAUS, CEBULASH & LANDAU, LLP**
1515 Broadway, 11th Floor
New York, NY 10036
Telephone: 212.520.4310
klandau@tcllaw.com

Arthur N. Bailey, Sr.
**ARTHUR N. BAILEY & ASSOCIATES**
111 West Second Street, Suite 4500
Jamestown, NY 14701
Telephone: 716.664.2987
Fax: 716.664.2983
artlaw@windstream.net

Craig C. Corbitt
Christopher T. Micheletti
Eric W. Bueztow
**ZELLE HOFMANN VOELBEL & MASON LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415.693.0700
Fax: 415.693.0770
ccorbitt@zelle.com
cmicheletti@zelle.com
ebueztow@zelle.com

Michael E. Utley, Esq.
**MICHAEL E. UTLEY P.C.**
5959 Blue Lagoon Drive
Suite 200
Miami, FL 33126-2052
Telephone: 305.552.9628
Mike.utley@meupc.com

Manuel J. Dominguez
William B. Lewis
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410
Telephone: 561.835.9400
Fax: 561.835.0322
mdominguez@bermandevalerio.com
Wlewis@bermandevalerio.com

Richard A. Koffman
Emmy L. Levens
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Telephone: 202.408.4600
Fax: 202.408.4699
rkoffman@cohenmilstein.com
elevens@cohenmilstein.com

Kenneth G. Gilman
**GILMAN AND PASTOR, LLP**
28100 Bonita Grande Drive
Suite 105
Bonita Springs, FL 34135
Telephone: 877.428.7374
Fax: 239.221.8274
kgilman@gilmanpastor.com

Natalie Finkelman Bennett
Jayne Arnold Goldstein
**SHEPHERD FINKELMAN
MILLER & SHAH LLP**
35 East State St.
Media, PA 19063
Telephone: 610.891.9880
Fax: 610.891.9883
nfinkelman@sfmslaw.com
jgoldstein@sfmslaw.com

Mark S. Goldman
**GOLDMAN SCARLATO
& KARON, P.C.**
101 West Elm St., Suite 360
Conshohocken, PA 19428
Telephone: 484.342.0700
Fax: 484.342.0701
goldman@gsk-law.com

Bruce L. Simon
Jessica L. Grant
Ashlei M. Vargas
**PEARSON SIMON WARSHAW
PENNY LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: 415.433.9000
Fax: 415.433.9008
bsimon@pswplaw.com
jgrant@pswplaw.com
avargas@pswplaw.com

Steven A. Asher
Mindee J. Reuben
Jeremy S. Spiegel
**WEINSTEIN KITCHENOFF
& ASHER LLC**
1845 Walnut Street, Suite 1100
Philadelphia, Pennsylvania 19103
Telephone: 215.545.7200
Fax: 215.545.6535
asher@wka-law.com
reuben@wka-law.com
spiegel@wka-law.com

J. Mitchell Clark
**LAW OFFICES OF J. MITCHELL
CLARK**
Frost Bank Plaza
802 N. Carancahua,  Suite 1400
Corpus Christi, TX 78470
Telephone: 361.887.8500
Fax: 361.882.4500
mitchell@txverdict.com

Dianne M. Nast
Erin C. Burns
**RODANAST, P.C.**
801 Estelle Drive
Lancaster, Pennsylvania 17601
Telephone: 717.892.3000
Fax: 717.892.1200
dnast@rodanast.com
eburns@rodanast.com

William C. Wright
Theodore J. Leopold
**LEOPOLD KUVIN, P.A.**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: 561.935.4801
Fax: 561.515.1401
wwright@leopoldkuvin.com
tleopold@leopoldkuvin.com

Christopher M. Burke
**SCOTT + SCOTT, LLP**
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: 619.233.4565
Fax: 619.233.0508
cburke@scott-scott.com

H. Laddie Montague, Jr.
Merrill G. Davidoff
Eric Cramer
Michael Dell'Angelo
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pa 19103
Telephone: 215.875.3000
Fax: 215.875.4604
hlmontague@bm.net
mdavidoff@bm.net
ecramer@bm.net
mdellangelo@bm.net

Ira Neil Richards
Gary M. Goldstein
**TRUJILLO RODRIGUEZ &
RICHARDS, LLC**
1717 Arch Street, Suite 3838
Philadelphia, Pa 19103
Telephone: 215.731.9004
Fax: 215.731.9044
Ira@trrlaw.com
ggoldstein@trrlaw.com

Anthony J. Bolognese
Joshua H. Grabar
Jonathan Stemennan
**BOLOGNESE & ASSOCIATES, LLC**
1500 JFK Boulevard, Suite 320
Philadelphia, P A 19102
Telephone: 215.814.6750
Fax: 215.814.6764
ABolognese@bolognese-law.com
JGrabar@bolognese-law.com
JStemerman@bolognese-law.com

Marc H. Edelson
**EDELSON & ASSOCIATES, LLC**
45 West Court Street
Doylestown, Pa 18901-4223
Telephone: 215.230.8043
Fax: 215.230.8735
medelson@edelson-law.com

Lee Albert, Esq.
**MURRAY, FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
212 682 1818
lalbert@murrayfrank.com

***Additional Plaintiffs' Counsel***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **January 4, 2011**, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record on the attached Service List, either via transmission of Notice of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382
info@podhurst.com

By: */s/Katherine W. Ezell*
Robert C. Josefsberg (Fla. Bar No. 040856)
Katherine W. Ezell (Fla. Bar No. 114771)
PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Ph: (305) 358-2800/Fax: (305) 258-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*Local Counsel for Direct Plaintiffs*

Jay L. Himes
Hollis Salzman (Fla. Bar No. 947751)
Gregory S. Asciolla
Kellie Lerner
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Ph: (212) 907-0700/Fax: (212) 818-0477
Hsalzman@labaton.com
Jhimes@labaton.com
Gasciolla@labaton.com
Klerner@labaton.com

*Direct Purchaser Plaintiffs' Interim
Co-Lead Class Counsel*

Ralph J. Bunche, Esq.
William P. Butterfield, Esq.
Brian A. Ratner, Esq.
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
rbunche@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
*Interim Co-Lead Counsel on Behalf of
Direct Purchaser Plaintiffs*

Matthew W. Friedrich, Esq.
William A. Isaacson, ESQ.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, #800
Washington, D.C. 20015
Telephone: 202-237-2727
Facsimile: 202-237-6131
Email: mfriedrich@bsfllp.com
Email: wisaacson@bsfllp.com

Mark J. Heise, Esq.
Boies, Schiller & Flexner LLP
100 Southeast Second Street, Suite #2800
Miami, FL 33131
Telephone: 305-539-8400
Facsimile: 305-539-1307
Email: mheise@bsfllp.com
*Interim Co-Lead Counsel on Behalf of
Direct Purchaser Plaintiffs*

## SERVICE LIST

IN RE: FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION
MASTER DOCKET NO.: 09-23187-CIV-ALTONAGA/BROWN

United States District Court - Southern District of Florida - Miami Division

| | |
|---|---|
| **ROBERT C. JOSEFSBERG, ESQ.**<br>**KATHERINE W. EZELL, ESQ.**<br>Podhurst Orseck, P.A.<br>City National Bank Bldg.<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Telephone: 305-358-2800<br>Facsimile: 305-358-2382<br>Email: rjosefsberg@podhurst.com<br>Email: kezell@podhurst.com<br><br>**Liaison Counsel for Direct Purchaser**<br>**Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** | **GREGORY S. ASCIOLLA, ESQ.**<br>**HOLLIS L. SALZMAN, ESQ.**<br>**JAY L. HIMES, ESQ.**<br>**KELLIE LERNER, ESQ.**<br>Labaton Sucharow LLP<br>140 Broadway, 34th Floor<br>New York, New York 10005<br>Telephone: 212-907-0700<br>Facsimile: 212-818-0477<br>Email: gasciolla@labaton.com<br>Email: hsalzman@labaton.com<br>Email: jhimes@labaton.com<br>Email: klerner@labaton.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel**<br>**Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** |

| | |
|---|---|
| **MATTHEW W. FRIEDRICH, ESQ.**<br>**WILLIAM  A. ISAACSON, ESQ.**<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue NW, #800<br>Washington, D.C. 20015<br>Telephone: 202-237-2727<br>Facsimile: 202-237-6131<br>Email: mfriedrich@bsfllp.com<br>Email: wisaacson@bsfllp.com<br>[Via CM/ECF electronic filing]<br><br>**MARK J. HEISE, ESQ.**<br>**STEPHEN N. ZACK, ESQ.**<br>Boies, Schiller & Flexner LLP<br>100 Southeast Second Street, Suite #2800<br>Miami, FL 33131<br>Telephone: 305-539-8400<br>Facsimile: 305-539-1307<br>Email: mheise@bsfllp.com<br>Email: szack@bsfllp.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for Direct**<br>**Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** | **RALPH J. BUNCHE, ESQ.**<br>**WILLIAM P. BUTTERFIELD, ESQ.**<br>**BRIAN A. RATNER, ESQ.**<br>Hausfeld LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>Telephone: 202-540-7200<br>Facsimile: 202-540-7201<br>rbunche@hausfeldllp.com<br>wbutterfield@hausfeldllp.com<br>bratner@hausfeldllp.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Counsel for Direct**<br>**Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** |

| | |
|---|---|
| **BONNY E. SWEENEY, ESQ.**<br>**CARMEN A. MEDICI, ESQ.**<br>Robbins, Geller, Rudman & Dowd, LLP<br>655 West Broadway, Suite #1900<br>San Diego, CA 92101<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423<br>Email: bonnys@rgrdlaw.com<br>Email: cmedici@rgrdlaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.** | **DAVID J. GEORGE, ESQ.**<br>Robbins, Geller, Rudman & Dowd, LLP<br>120 East Palmetto Park Road, Suite #500<br>Boca Raton, FL 33432<br>Telephone: 561-750-3000<br>Facsimile: 561-750-3364<br>Email: dgeorge@rgrdlaw.com<br>Email: bonnys@rgrdlaw.com<br>Email: cmedici@rgrdlaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff:**<br>**Action Ready Mix Concrete, Inc.** |
| **DANIEL E. GUSTAFSON, ESQ.**<br>**JASON S. KILENE, ESQ.**<br>Gustafson Gluek PLLC<br>608 Second Avenue South, Suite #650<br>Minneapolis, MN 55402<br>Telephone: 612-333-8844<br>Facsimile: 612-339-6622<br>Email: dgustafson@gustafsongluek.com<br>Email: jkilene@gustafsongluek.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.** | **WILLIAM C. WRIGHT, ESQ.**<br>**THEODORE J. LEOPOLD, ESQ.**<br>Leopold Kuvin, P.A.<br>2925 PGA Boulevard, Suite 200<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 935-4801<br>Facsimile: (561) 515-1401<br>Email: wwright@leopoldkuvin.com<br>Email: tleopold@leopoldkuvin.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff: Kroeger**<br>**Enterprises, Inc.** |

| | |
|---|---|
| **LANCE A. HARKE, ESQ.**<br>**SARAH CLASBY ENGEL, ESQ.**<br>**HOWARD M. BUSHMAN, ESQ.**<br>Harke & Clasby LLP<br>155 South Miami Ave., Suite 600<br>Miami, FL 33130<br>Telephone: (305) 536-8220<br>Facsimile: (305) 536-8229<br>Email: lharke@harkeclasby.com<br>Email: sengel@harkeclasby.com<br>Email: hbushman@harkeclasby.com<br>[Via CM/ECF electronic filing]<br><br>**ADAM M. MOSKOWITZ, ESQ.**<br>**THOMAS A. TUCKER RONZETTI, ESQ.**<br>Kozyak, Tropin & Throckmorton, P.A.<br>2525 Ponce de Leon, 9th Floor<br>Coral Gables, FL 33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508<br>Email: amm@kttlaw.com<br>Email: tr@kttlaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for  Purchaser Plaintiff: Nuspace, Inc.** | **KEVIN B. LOVE, ESQ.**<br>**MICHAEL E. CRIDEN, ESQ.**<br>Criden & Love, P.A.<br>7301 Southwest 57th Court, Suite #515<br>South Miami, FL 33143<br>Telephone: 305-357-9000<br>Facsimile: 305-357-9050<br>Email: mcriden@cridenlove.com<br>Email: klove@cridenlove.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs: Advantage Concrete of Florida, Inc.** |
| **NOAH SHUBE, ESQ.**<br>The Law Offices of Noah Shube<br>434 Broadway, 6th Floor<br>New York, New York 10013<br>Telephone: 212-274-8638<br>Facsimile: 212-966-8652<br>Email: nshube@nsfirm.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff: Advantage Concrete of Florida, Inc.** | **PATRICK BARRETT, ESQ.**<br>Barrett Law Office, P.A.<br>One Burton Hills Boulevard, Suite #380<br>Nashville, TN 37215<br>Telephone: 615-665-9990<br>Facsimile: 615-665-9998<br>Email: pmbarrett3@barrettlawoffice.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |

| | |
|---|---|
| **JOSEPH C. KOHN, ESQ.**<br>Kohn, Swift & Graf, P.C.<br>One South Broad Street, Suite #2100<br>Philadelphia, PA 19107<br>Telephone: 215-238-1700<br>Email: jkohn@kohnswift.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **JOSEPH G. SAUDER, ESQ.**<br>**BENJAMIN F. JOHNS, ESQ.**<br>Chimicles & Tikellis LLP<br>One Haverford Centre<br>Haverford, PA 19041<br>Telephone: 610-642-8500<br>Facsimile: 610-649-3633<br>Email: JosephSauder@chimicles.com<br>Email: bfj@chimicles.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **BRIAN CAMPF, ESQ.**<br>Brian S. Campf, PC<br>7243 Southeast 34th Avenue<br>Portland, OR 97202<br>Telephone: 503-849-9899<br>Email: brian@bsclegal.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **ROBERT S. SCHACHTER, ESQ.**<br>**JOSEPH LIPOFSKY, ESQ.**<br>Zwerling, Schachter & Zwerling, LLP<br>41 Madison Avenue<br>New York, New York 10010<br>Telephone: 212-223-3900<br>Facsimile: 212-371-5969<br>Email: rschachter@zsz.com<br>Email: jlipofsky@zsz.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **GERALD J. RODOS, ESQ.**<br>**JEFFREY B. GITTLEMAN, ESQ.**<br>Barrack, Rodos & Bacine<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>Telephone: 215-963-0600<br>Facsimile: 215-963-0838<br>Email: grodos@barrack.com<br>Email: jgittleman@barrack.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **ARTHUR N. BAYLEY, SR., ESQ.**<br>Arthur N. Bailey & Associates<br>111 West Second Street, Sutie 4500<br>Jamestown, NY 14701<br>Telephone: (716) 664-2987<br>Facsimile: (716) 664-2983<br>Email: artlaw@windstream.net<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff:**<br>**Dakota Land Company** |

**RICHARD A. KOFFMAN, ESQ.**
**EMMY L. LEVENS, ESQ.**
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 2005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: elevens@cohenmilstein.com
[Via CM/ECF electronic filing]

**Counsel for Purchaser Plaintiff: Asterisk Luxury Homes, Inc.**

**W. JOSEPH BRUCKNER, ESQ.**
**BRIAN D. CLARK, ESQ.**
Lockbridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite #2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981
Email: wjbruckner@locklaw.com
Email: bdclark@locklaw.com
[Via CM/ECF electronic filing]

**Co-Counsel for Purchaser Plaintiff: Deeb Construction & Development Co.**

**ROBERT GILBERT, ESQ.**
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, FL 33137
Telephone: 305-571-8550
Facsimile: 305-571-8558
Email: bobby@abbrclaw.com
[Via CM/ECF electronic filing]

**CRAIG C. CORBITT, ESQ.**
**CHRISTOPHER T. MICHELETTI, ESQ.**
**ERIC BUETZOW, ESQ.**
Zelle Hofmann Voelbel & Mason LLP
44 Montgomery Street, 34th Floor
San Francisco, CA 94104
Telephone: 415-693-0700
Email: ccorbitt@zelle.com
Email: cmicheletti@zelle.com
Email: ebuetzow@zelle.com
[Via CM/ECF electronic filing]

**Counsel for Direct Purchaser Plaintiffs: Florida Block & Ready Mix and Bay Area Remodelers, Inc.**

**STEVEN A. KANNER, ESQ.**
**DOUGLAS A. MILLEN, ESQ.**
Freed, Kanner, London & Millen, LLC
2201 W. Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: 224-632-4500
Facsimile: 224-632-4521
Email: skanner@fklmlaw.com
Email: dmillen@fklmlaw.com
[Via CM/ECF electronic filing]

**Co-Counsel for Direct Purchaser Plaintiffs:**
**Action Ready Mix Concrete, Inc.**
**Daniel Morgan Construction, Inc.**
**Keys Grading and Paving, Inc.**

- 6 -

| | |
|---|---|
| **DANIEL A. BUSHELL, ESQ.**<br>**MANUEL JUAN DOMINGUEZ, ESQ.**<br>**WILLIAM LEWIS, ESQ.**<br>Berman De Valerio Pease Tabacco Burt &<br>Pucillo<br>4280 Professional Center Drive, Suite 350<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 835-9400<br>Facsimile: (561) 835-0322<br>Email: dbushell@bermandevalerio.com<br>Email: mdominguez@bermandevalerio.com<br>Email: wlewis@bermandevalerio.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff:**<br>**Advantage Concrete of Florida, Inc.** | **LEE ALBERT, ESQ.**<br>Murray, Frank & Sailer LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: 212-682-1818<br>Facsimile: 212-682-1892<br>Email: lalbert@murrayfrank.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Direct Purchaser**<br>**Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** |
| **SOLOMON B. CERA, ESQ.**<br>Gold, Bennett, Cera & Sidener, LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105<br>Telephone: (415) 777-2230<br>Facsimile: (415) 777-5189<br>Email: scera@gbcslaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff: Home**<br>**Buildings Materials, Inc.** | **BRYAN L. CLOBES, ESQ.**<br>**ELLEN MERIWETHER, ESQ.**<br>**NYRAN ROSE PEARSON, ESQ.**<br>Cafferty Faucher LLP<br>1717 Arch Street, Suite #3610<br>Philadelphia, PA 19103<br>Telephone: 215-864-2800<br>Facsimile: 215-864-2810<br>Email: bclobes@caffertyfaucher.com<br>Email: emeriwether@caffertyfaucher.com<br>Email: npearson@caffertyfaucher.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.** |

| | |
|---|---|
| **ERIN C. BURNS, ESQ.**<br>**DIANNE M. NAST, ESQ.**<br>Roda Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: 717-892-3000<br>Email: eburns@rodanast.com<br>Email: dnast@rodanast.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Purchaser Plaintiff:**<br>**Bandes Construction Company, Inc.** | **KENNETH G. GILMAN, ESQ.**<br>Gilman & Pastor LLP<br>63 Atlantic Avenue, Suite #3<br>Boston, MA 02110<br>Telephone: 617-742-9700<br>Facsimile: 617-742-9701<br>Email: kgilman@gilmanpastor.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff:**<br>**Liberty Concrete and Masonry, Inc.** |
| **ARTHUR H. RICE, ESQ.**<br>**JODI N. COHEN, ESQ.**<br>Rice Pugatch Robinson & Schiller, P.A.<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: 954-462-8000<br>Facsimile: 954-462-4300<br>Email: arice.ecf@rprslaw.com<br>Email: jcohen@rprslaw.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for**<br>**Indirect Purchaser Plaintiffs:**<br>**Philip D. Sanford**<br>**Starfish, Inc.**<br>**Sterling Development Company** | **DAVID E. KOVEL, ESQ.**<br>**KENNETH G. WALSH, ESQ.**<br>**DANIEL HUME, ESQ.**<br>Kirby Mcinerny LLP<br>825 Third Avenue, 16th Floor<br>New York, NY 100022<br>Telephone: 212-371-6600<br>Facsimile: 212-751-2540<br>Email: dkovel@kmllp.com<br>Email: kwalsh@kmllp.com<br>Email: dhume@kmllp.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for**<br>**Indirect Purchaser Plaintiffs:**<br>**Philip D. Sanford**<br>**Starfish, Inc.**<br>**Sterling Development Company** |

| | |
|---|---|
| **HERMAN J. RUSSOMANNO, ESQ.**<br>**HERMAN J. RUSSOMANNO, III, ESQ.**<br>Russomanno & Borrello<br>150 W. Flagler St., Suite 2800<br>Miami, FL 33130-1560<br>Telephone: 305-373-2101<br>Facsimile: 305-373-2103<br>Email: hrussomanno@russomanno.com<br>Email: herman2@russomanno.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for**<br>**Indirect Purchaser Plaintiffs:**<br>**Philip D. Sanford**<br>**Starfish, Inc.**<br>**Sterling Development Company** | |

**SHEPARD GOLDFEIN, ESQ.**
**PAUL M. ECKLES, ESQ.**
**CLIFFORD H. ARONSON, ESQ.**
**MATTHRE M. MARTINO, ESQ.**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
Telephone: 212-735-3000
Facsimile: 212-735-2000
Email: Shepard.goldfein@skadden.com
Email: paul.eckles@skadden.com
Email: clifford.aronson@skadden.com
Email: matthew.martino@skadden.com
[Via CM/ECF electronic filing]

**MICHAEL NACHWALTER, ESQ.**
**ELIZABETH B. HONKONEN, ESQ.**
**JALAINE GARCIA, ESQ.**
Kenny Nachwalter, P.A.
1100 Miami kCenter
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-373-1000
Facsimile: 305-373-1861
Email: mnachwalter@kennynachwalter.com
Email: ebh@kennynachwalter.com
Email: jgarcia@kennynachwalter.com
[Via CM/ECF electronic filing]

**Interim Co-Lead Counsel for Defendants:**
**Cemex Corp.**
**Cemex Materials, LLC**
**Cemex Construction Materials Florida,**
**LLC**

**RYAN SHORES, ESQ.**
Hunton & Williams LLP
1900 K Street, NW
Washington, D.C.
Telephone: 202-955-1500
Facsimile: 202-778-2201
Email: rshores@hunton.com
[Via CM/ECF electronic filing]

**D. BRUCE HOFFMAN, ESQ.**
**MARTY STEINBERG, ESQ.**
Hunton & Williams LLP
1111 Brickell Avenue, Suite #2500
Miami, FL 33131
Telephone: 305-810-2500
Facsimile: 305-810-2460
Email: bhoffman@hunton.com
Email: msteinberg@hunton.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Florida Rock Industries, Inc.**

**BARRY N. GREENBERG, ESQ.**
**HELAINE S. GOODNER, ESQ.**
Fowler White Burnett, P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Facsimile: 305-789-9201
Email: bgreenberg@fowler-white.com
Email: hgoodner@fowler-white.com
[Via CM/ECF electronic filing]

**JOHN B. WYSS, ESQ.**
**JOSHUA W. ABBOTT, ESQ.**
**THOMAS R. MCCARTHY, ESQ.**
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
Telephone: 202-719-7000
Facsimile: 202-719-7049
Email: jwyss@wileyrein.com
Email: jabbott@wileyrein.com
Email: tmccarthy@wileyrein.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Continental Florida Materials, Inc.**

**FRANK G. BURT, ESQ.**
Jorden Burt LLP
1025 Thomas Jefferson Street N.W.
Suite #400 East
Washington, D.C. 20007
Telephone: 202-965-8100
Facsimile: 202-965-8104
Email: fgb@jordenusa.com
[Via CM/ECF electronic filing]

**LAURA COFER TAYLOR, ESQ.**
**JAMES L. COOPER, ESQ.**
**RYAN Z. WATTS, ESQ.**
Arnold & Porter LLP
555 12th Street NW
Washington, D.C. 20004
Telephone: 202-942-5000
Facsimile: 202-942-5999
Email: laura.taylor@aporter.com
Email: james.cooper@aporter.com
Email: ryan.watts@aporter.com
[Via CM/ECF electronic filing]

**RICHARD J. OVELMEN, ESQ.**
Jorden Burt LLP
777 Brickell Avenue, Suite #500
Miami, FL 33131
Telephone: 305-371-2600
Facsimile: 305-372-9928
Email: rjo@jordenusa.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Tarmac America LLC**

**ANDREW G. KLEVORN, ESQ.**
**MICHAEL B. MACKENZIE, ESQ.**
**CHAD J. DOELLINGER, ESQ.**
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite #1100
Chicago, Illinois 60604
Telephone: 312-660-7600
Facsimile: 312-692-1718
Email: aklevorn@eimerstahl.com
Email: mmackenzie@eimerstahl.com
Email: cdoellinger@eimerstahl.com
[Via CM/ECF electronic filing]

**JUAN J. RODRIGUEZ, ESQ.**
Carey Rodriguez Greenberg & Paul, LLP
Espirito Santo Plaza
1395 Brickell Avenue, Suite #700
Miami, FL 33131
Telephone: 305-372-7474
Facsimile: 305-372-7475
Email: jrodriguez@crgplaw.com
[Via CM/ECF electronic filing]

**Counsel for Defendants:**
**Holcim (US), Inc.**
**Holcim North America, Inc.**

**THOMAS E. SCOTT, ESQ.**
Cole, Scott & Kissane, P.A.
Dadeland Centre II, 14th Floor
9150 South Dadeland Boulevard
Miami, FL 33156
Telephone: 305-350-5300
Facsimile: 305-373-2294
Email: thomas.scott@csklegal.com
Email: robert.rightmyer@csklegal.com
[Via CM/ECF electronic filing]

**ROBERT D. RIGHTMYER, ESQ.**
Cole, Scott & Kissane, P.A.
1900 Summit Tower Boulevard, Suite 750
Orlando, FL 32810
Telephone: (321) 972-0000
Facsimile: (321)-972-0099
[Via CM/ECF electronic filing]

**JOHN R. FORNACIARI**
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1612
Facsimile: (202) 861-1783
jfornaciari@bakerlaw.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Preferred Materials, Inc.**

**RICHARD B. BROSNICK,  ESQ.**
Butzel Long, a professional corporation
380 Madison Avenue, 22nd Floor
New York, NY 10017
Telephone: 212-818-1110
Facsimile: 212-818–494
Email: brosnick@butzel.com
[Via CM/ECF electronic filing]

**CHRISTOPHER B. HOPKINS, ESQ.**
Akerman Senterfitt
222 Lakeview Ave., Suite 400
West Palm Beach, FL 33401-6147
Telephone: 561-671-3668
Facsimile: 561-659-6313
Email: christopher.hopkins@akerman.com
[Via CM/ECF electronic filing]

**Counsel for Defendants:**
**Prestige AB Management Co., LLC**
**Votorantim Cimentos North America, Inc.**

**AMY LANE HURWITZ, ESQ.**
**BENJAMINE REID, ESQ.**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite #4000
Miami, FL 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055
Email: ahurwitz@carltonfields.com
Email: breid@carltonfields.com
[Via CM/ECF electronic filing]

**REGINALD D. STEER, ESQ.**
**AMIT KURLEKAR, ESQ.**
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite #1500
San Francisco, CA 94101
Telephone: 415-765-9500
Facsimile: 415-765-9501
Email: rsteer@akingump.com
Email: akurlekar@akingump.com
[Via CM/ECF electronic filing]

**MITCHELL HURLEY, ESQ.**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
Email: mhurley@akingump.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Suwannee American Cement, LLC**

**JUAN A. GONZALEZ, ESQ.**
**FRANK P. CUNEO, ESQ.**
Liebler, Gonzalez & Portuondo, P.A.
Courthouse Tower - 25th Floor
44 W. Flagler Street
Miami, FL
Telephone: 305-379-0400
Facsimile: 305-379-9626
Email: jag@lgplaw.com
Email: fpc@lgplaw.com
[Via CM/ECF electronic filing]

**STEVEN J. KAISER, ESQ.**
**MARK NELSON, ESQ.**
**GEORGE S. CARY, ESQ.**
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: 202-974-1500
Facsimile:
Email: skaiser@cgsh.com
Email: mnelson@cgsh.com
Email: gcary@cgsh.com
[Via CM/ECF electronic filing]

**Co-Counsel for Defendant:**
**Lafarge North America, Inc.**

| | |
|---|---|
| **VINCENT J. ESADES, ESQ.**<br>**RENAE STEINER, ESQ.**<br>Heins, Mills & Olson, P.L.C.<br>310 Clifton Avenue<br>Minneapolis, MN 55403<br>Telephone: (612) 338-4605<br>Facsimile: (612) 338-4692<br>Email: vesades@heinsmills.com<br>Email: rsteiner@heinsmills.com<br>[Via CM/ECF electronic filing] | **KEVIN LANDAU, ESQ.**<br>Taus, Cebulash & Landau, LLP<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038<br>Telephone: (212) 520-4310 or 212-931-0704<br>Facsimile:<br>Email: klandau@tcllaw.com<br>[Via CM/ECF electronic filing] |
| **MICHAEL E. UTLEY, ESQ.**<br>Michael E. Utley, P.C.<br>5959 Blue Lagoon Drive, Suite 200<br>Miami, FL 33126-2052<br>Telephone: (305) 552-9628<br>Facsimile:<br>Email: mike.utley@meupc.com<br>[Via CM/ECF electronic filing] | **ANTHONY J. BOLOGNESE, ESQ.**<br>**JOSHUA H. GRABAR, ESQ.**<br>**JONATHAN STEMENNAN, ESQ.**<br>Bolognese & Associates, LLC<br>1500 JFK Boulevard, Suite 320<br>Philadelphia, PA 19102<br>Telephone: (215) 814-6750<br>Facsimile: (215) 814-6764<br>Email: abolognese@bolognese-law.com<br>Email: jgrabar@bolognese-law.com<br>Email: jstemerman@bolognese-law.com<br>[Via CM/ECF electronic filing] |
| **NATALIE FINKELMAN BENNETT**<br>**JAYNE ARNOLD GOLDSTEIN**<br>Shepherd Finkelman Miller & Shah, LLP<br>35 East State St.<br>Media, PA 19063<br>Telephone: (610) 891-9880<br>Facsimile: (610) 891-9883<br>Email: nfinkelman@sfmslaw.com<br>Email: jgoldstein@sfmslaw.com<br>[Via CM/ECF electronic filing] | **MARK S. GOLDMAN, ESQ.**<br>Goldman Scarlato & Karon, P.C.<br>101 West Elm St., Suite 360<br>Conshohocken, PA 19428<br>Telephone: (484) 342-0700<br>Facsimile: (484) 342-0701<br>Email:<br>[Via CM/ECF electronic filing] |

| | |
|---|---|
| **BRUCE L. SIMON, ESQ.**<br>**JESSICA L. GRANT, ESQ.**<br>**ASHLEI M. VARGAS, ESQ.**<br>Pearson Simon Warshaw Penny, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>Telephone: (415) 433-9000<br>Facsimile: (415) 433-9008<br>Email: bsimon@pswplaw.com<br>Email: jgrant@pswplaw.com<br>Email: avargas@pswplaw.com<br>[Via CM/ECF electronic filing] | **STEVEN A. ASHER, ESQ.**<br>**MINDEE J. REUBEN, ESQ.**<br>**JEREMY S. SPIEGEL, ESQ.**<br>Weinstein Kitchenoff & Asher, LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 545-7200<br>Facsimile: (215) 545-6535<br>Email: asher@wka-law.com<br>Email: reuben@wka-law.com<br>Email: spiegel@wka-law.com<br>[Via CM/ECF electronic filing] |
| **J. MITCHELL CLARK, ESQ.**<br>Law Offices of J. Mitchell Clark<br>Frost Bank Plaza<br>802 N. Carancahua, Suite 1400<br>Corpus Christi, TX 78470<br>Telephone: (361) 887-8500<br>Facsimile: (361) 882-4500<br>Email: mitchell@txverdict.com<br>[Via CM/ECF electronic filing] | **H. LADDIE MONTAGUE, JR., ESQ.**<br>**MERRILL G. DAVIDOFF, ESQ.**<br>**ERIC CRAMER, ESQ.**<br>**MICHAEL DELL'ANGELO, ESQ.**<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Facsimile: (215) 875-4604<br>Email: hlmontague@bm.net<br>Email: mdavidoff@bm.net<br>Email: ecramer@bm.net<br>Email: mdellangelo@bm.net<br>[Via CM/ECF electronic filing] |
| **JEFFREY J. CORRIGAN, ESQ.**<br>**JAY S. COHEN, ESQ.**<br>Spector, Roseman, Kodroff & Willis, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611<br>Email: jcorrigan@srkw-law.com<br>Email: jcohen@srkw-law.com<br>[Via CM/ECF electronic filing] | **CHRISTOPHER M. BURKE, ESQ.**<br>Scott & Scott, LLP<br>600 B Street, Suite 1500<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br>Facsimile: (619) 233-0508<br>Email: cburke@scott-scott.com<br>[Via CM/ECF electronic filing] |

**LANCE A. HARKE, ESQ.**
**SARAH CLASBY ENGEL, ESQ.**
**HOWARD M. BUSHMAN, ESQ.**
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, FL 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229
Email: lharke@harkeclasby.com
Email: sengel@harkeclasby.com
Email: hbushman@harkeclasby.com
[Via CM/ECF electronic filing]