**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| **IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION** | ) ) ) ) ) ) ) | **MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Brown** |

*(DIRECT PURCHASER ACTION)*

| | | |
|---|---|---|
| **IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION** | ) ) ) ) ) ) ) | **MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/Brown** |

*(INDIRECT PURCHASER ACTION)*

**DEFENDANTS' MEMORANDUM OF LAW IN**
**OPPOSITION TO DIRECT AND INDIRECT PURCHASER**
**PLAINTIFFS' MOTIONS FOR RULE 54(b) CERTIFICATION**

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ................................................................................................................................2

A.  Plaintiffs Have Failed to Satisfy the "No Just Reason For Delay" Requirement of
    Rule 54(b). ........................................................................................................................2

B.  Certification Should Be Denied Where, as Here, Plaintiffs Claims that the
    Dismissed Claims and Remaining Claims are Interrelated...............................................7

CONCLUSION.............................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

*Page(s)*

CASES

*Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir. 1979) ...........................6

*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010) ......................................5

*Amor v. Arizona*, No. 06-499-TUC-CKJ, 2009 WL 529523 (D. Ariz. Feb. 27, 2009) .................2

*Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331 (4th Cir. 1993) ...........................2, 3, 4

*Cullen v. Margiotta*, 618 F.2d 226 (2d Cir. 1980) ........................................................................7

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980) .....................................3, 4, 5, 7

*Ebrahimi v. Huntsville Bd. of Educ.*, 114 F.3d 162 (11th Cir. 1997) .................................... *passim*

*Edwards v. Prime, Inc.*, 602 F.3d 1276 (11th Cir. 2010).................................................................3

*Gausvik v. Perez*, 392 F.3d 1006 (9th Cir. 2004) ..........................................................................2

*Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989).....................................................................7

*H. L. Moore Drug Exchange v. Eli Lilly & Co.*, 457 F. Supp. 75 (S.D.N.Y. 1978)...................6, 7

*Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992).................................................8

*In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391 (S.D.N.Y. 2003) .................................6

*Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773
   (11th Cir. 2007).....................................................................................................................1, 3

*McCann v. Mobile County Personnel Board*, No. 05-0364-WS-B, 2006 WL 2355405
   (S.D. Ala. Aug. 14, 2006) ....................................................................................................4, 6

*Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197 (7th Cir. 1983)................3, 7

*Philan Ins. Ltd. v. Frank B. Hall & Co.*, 136 F.R.D. 80 (S.D.N.Y. 1991) .................................7-8

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956) ................................................................3

*Spiegel v. Trustees of Tufts College*, 843 F.2d 38 (1st Cir. 1988) ..............................................3, 7

*United States Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*,
   No. 1:07-cv-00718 GSA, 2009 WL 650578 (E.D. Cal. Mar. 12, 2009).....................................2

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................................5

Fed. R. Civ. P. 54(b) ..............................................................................................................1

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to the Motions For Rule 54(b) Certification filed by Direct and Indirect Purchaser Plaintiffs ("Plaintiffs").  ([D.E. 260 in Master Docket 09-23187]; [D.E. 160 in Master Docket 09-23493].)[1]  Plaintiffs request certification and immediate appellate review of the Court's October 12, 2010 Order (the "Partial Dismissal Order") ([D.E. 228 in Master Docket 09-23187]; [D.E. 130 in Master Docket 09-23493]), which dismissed portions of Plaintiffs' claim and some of the parties named as defendants.  The Court should deny Plaintiffs' request for certification and immediate review because Plaintiffs have failed to show that they will suffer unusual hardship from following the normal appeal process.

Consistent with the strong federal policy against piecemeal appeals, "an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken."  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (citing *In re Yarn Processing Patent Validity Litig.*, 680 F.2d 1338, 1339 (11th Cir. 1982)).  Although Federal Rule of Civil Procedure 54(b) provides a limited exception to this general rule, piecemeal appeals— such as the appeal of the Partial Dismissal Order Plaintiffs seek here—are rarely appropriate. *Ebrahimi v. Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997).  Even if the order is "final" as to a particular claim or party, the movant must demonstrate that there is "no just reason for delay," Fed. R. Civ. P. 54(b).  This statutory requirement demands a showing that the movant

---

[1]     Defendants submitting this memorandum include all remaining Defendants named in the active complaints—Direct Purchaser Plaintiffs' Fourth Consolidated Amended Complaint [D.E. 249 in Master Docket 09-23187] and Indirect Purchaser Plaintiffs' Fifth Amended Consolidated Complaint [D.E. 146 in Master Docket 09-23493]—as well as those Defendants dismissed from the case by the Court's October 12, 2010 Order.

would suffer "unusual hardship" from awaiting the normal appeals process following a final judgment disposing of the entire case. *Ebrahimi*, 114 F.3d at 168.[2]

Here, Rule 54(b) certification is improper. Even assuming that the Partial Dismissal Order is a final judgment, certification would be an abuse of discretion because Plaintiffs have failed to demonstrate that they would suffer unusual hardship from awaiting final disposition of the entire case before proceeding to the Eleventh Circuit. Indeed, they speculate only as to the potential for duplicative discovery and a hypothetical second trial, but these are not proper grounds for Rule 54(b) certification. And Plaintiffs ignore the at least equally likely possibility that the ongoing proceedings before this Court could significantly affect, if not outright moot, the issues Plaintiffs seek to immediately appeal. *See id.* at 167. Moreover, the interrelatedness of the dismissed claims and the remaining claims weighs heavily against certification. *See id.* Plaintiffs' Motions For Rule 54(b) Certification should be denied.

## ARGUMENT

### A. Plaintiffs Have Failed to Satisfy the "No Just Reason For Delay" Requirement of Rule 54(b).

Even assuming that a Rule 54(b) appeal is jurisdictionally permissible, Rule 54(b) certification is discretionary and, more importantly, is to be employed "only rarely." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("Rule 54(b) should be used sparingly."); *Braswell*

---

[2]     "[T]he party endeavoring to obtain Rule 54(b) certification" bears the "burden . . . to demonstrate that the case warrants certification." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993); *see also Amor v. Arizona*, No. 06-499-TUC-CKJ, 2009 WL 529523, at *1-2 (D. Ariz. Feb. 27, 2009) (denying motion for 54(b) certification and recognizing that moving party bears the burden of showing that certification is warranted); *U.S. Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, No. 1:07-cv-00718 GSA, 2009 WL 650578, at *2-4 (E.D. Cal. Mar. 12, 2009) (same).

*Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) ("Rule 54(b) certification is recognized as the exception rather than the norm."); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988) (explaining that Rule 54(b) is "tilted from the start against fragmentation of appeals"); *Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 200 (7th Cir. 1983) ("There are grave practical objections to reading [Rule 54(b)] broadly."). Indeed, both the Supreme Court and the Eleventh Circuit have recognized that "'[n]ot all final judgments on individual claims should be immediately appealable,'" *Lloyd Noland*, 483 F.3d 773, 777-78 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)), and thus have "counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively." *Ebrahimi*, 114 F.3d at 166; *Curtiss-Wright*, 446 U.S. at 10; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288-89 (11th Cir. 2010) (citing *Ebrahimi*).

The conservative use of Rule 54(b) is consistent with "the historic federal policy against piecemeal appeals," *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956); *Ebrahimi*, 114 F.3d at 166; *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (1st Cir. 1988) ("[T]here is a long-settled and prudential policy against the scattershot disposition of litigation."). Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to come claims or parties." *Ebrahimi v. City of Huntsville*, 114 F.3d at 166 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)).[3] Accordingly, the "no just reason for delay" element of Rule

---

[3]     "The federal concept of sound judicial administration and efficiency will not normally be furthered by hav[ing] piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case.  This is particularly

*(cont'd)*

54(b) "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi*, 114 F.3d at 166.

Under this standard, "any such hardship must be 'unusual,' extending beyond the inevitable inconvenience of awaiting resolution of one's case." *McCann v. Mobile County Personnel Bd.*, No. 05-0364-WS-B, 2006 WL 2355405, at *3 (S.D. Ala. Aug. 14, 2006) (citation omitted). As the Eleventh Circuit has explained, in order to justify "depart[ure] from the federally preferred practice of postponing appeal until after a final judgment has been entered," parties seeking certification must demonstrate some "*unusual hardship* in requiring [them] to await the disposition of the entire case before obtaining appellate review." *Ebrahimi*, 114 F.3d at 168 (emphasis added); *see also Braswell Shipyards*, 2 F.3d at 1335 (explaining that Rule 54(b) certification is appropriate where the movant "would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims"). And the Eleventh Circuit has emphasized that a mere preference for pre-trial appellate review is an illegitimate basis for 54(b) certification. *See Ebrahimi*, 114 F.3d at 168; *see McCann*, 2006 WL 2355405, at *3.[4]

_____

*(cont'd from previous page)*
true given that the caseload of the federal courts of appeals has grown faster than that of any other component of the federal judiciary. Affording Rule 54(b) a liberal construction would only exacerbate the difficulties associated with [the court of appeals'] burgeoning caseload by promoting multiple appeals in a single case." *Ebrahimi*, 114 F.3d at 167 (quotations and citations omitted).

[4]     Contrary to Plaintiffs' argument, *Curtiss-Wright* in no way supports the general rule that a trial date scheduled for "some time" in the future weighs in favor of certification in all cases. (*See* Indirect Br. at 6.) The Supreme Court in *Curtiss-Wright* found only that, on a motion for Rule 54(b) certification, the district court had not abused its discretion in considering the fact that the plaintiff "ha[d] successfully reduced his claim to judgment" and—in the absence of an immediate appeal—would potentially collect less money because of the difference between the prejudgment and market interest rates. *See* 446 U.S. 1, 11-12. This fact-specific finding with respect to certification of "undisputed claims already adjudicated," 446 U.S. at 8, is inapposite

*(cont'd)*

4

The circumstances here weigh heavily against certification. Quite simply, Plaintiffs have identified no danger of hardship or injustice whatsoever, let alone any *unusual* hardship. *Ebrahimi*, 114 F.3d at 168 (dismissing for lack of jurisdiction a Rule 54(b) appeal where there was "no indication that the case was an exceptional one or that there would be any unusual hardship"). This is unsurprising, as the Partial Dismissal Order is a rather run-of-the-mill partial dismissal under *Twombly* and *Iqbal*. Indeed, while Plaintiffs argue that it would be more efficient to obtain review of the Partial Dismissal Order now, they fail even to identify the purported legal error as to which they would seek appellate review. If there was any controlling issue of law as to which there was substantial grounds for a difference of opinion, Plaintiffs could have moved for an order under 28 U.S.C. § 1292(b). *See Ebrahimi*, 114 F.3d at 168. But Plaintiffs do not even attempt to argue that such circumstances are present here, where the Court has applied governing Supreme Court precedent (*Twombly* and *Iqbal*) as well-understood and faithfully applied by the Eleventh Circuit in *American Dental Association v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), and other cases. *See* Order at 16-18 (reciting *American Dental*'s summary and analysis of *Twombly* and *Iqbal*).

Given the lack of hardship from awaiting final judgment and the lack of any controlling issues of law that would warrant immediate review, Plaintiffs are left to argue that an immediate appeal could be more efficient because an appellate decision in their favor might obviate a hypothetical second trial. (*See* Direct Br., [D.E. 261 in Master Docket 09-23187], at 7-8; Indirect Br., [D.E. 160-1 in Master Docket 09-23493], at 6-7.) But the Eleventh Circuit expressly rejected this very argument in *Ebrahimi*:

---

*(cont'd from previous page)*

here. As the *Curtiss-Wright* Court emphasized, "sound judicial administration does not require that Rule 54(b) requests be granted routinely." 446 U.S. at 10.

> The district court may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims.  Absent special circumstances, however, the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment.

*Ebrahimi*, 114 F.3d at 168.  S*ee also McCann*, 2006 WL 2355405, at *3 ("While the plaintiff understandably opposes any delay in appealing . . . , these concerns as a matter of law do not support certification under Rule 54(b)."). [5]  Nor does the potential inconvenience of a hypothetical "second discovery process," (*see* Direct Br. at 7; *see also* Indirect Br. at 7), justify Rule 54(b) certification.  *See H. L. Moore Drug Exchange v. Eli Lilly & Co.*, 457 F. Supp. 75, 77 (S.D.N.Y. 1978) (rejecting the possibility of avoiding "duplicative discovery and a needless second jury trial" as bases for Rule 54(b) certification because they do not constitute "hardship or injustice").  Moreover, it is far from clear that an immediate appeal would prevent the need for a hypothetical second discovery period.  Discovery in this case is already well underway.  Thus, unless Plaintiffs are asking this Court to stay discovery pending the results of the appeal—which they do not mention in their motion—the efficiencies in discovery they claim would accrue from a reversal of the Court's October 12, 2010 Order are likely to be minimal at best.  In any event, "if Rule 54(b) certification required no more than that, every motion to dismiss or motion for summary judgment that succeeded in dismissing part of a complaint might spawn a piecemeal appeal."  *Ebrahimi*, 114 F.3d at 168.  To afford Rule 54(b) such a broad construction would overrun the federal appellate courts with piecemeal appeals.  *See, e.g.*, *Ebrahimi*, 114 F.3d at 168 ("The already overcrowded dockets of the courts of appeals would quickly become

---

[5]     Accordingly, to the extent the out-of-circuit cases Plaintiffs cite suggest a more liberal standard, they are inconsistent with Eleventh Circuit precedent.  *See, e.g.*, *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32 (3d Cir. 1979); *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391 (S.D.N.Y. 2003).

overwhelmed."); *Minority Officers*, 721 F.2d at 200 ("The caseload of the federal courts of appeals has increased faster than that of any other component of the federal judiciary . . . .  Rule 54(b) liberally construed and applied has a tremendous potential to increase our caseload still more rapidly, because its natural tendency is to generate multiple appeals in the same case.").[6]

> **B.**   **Certification Should Be Denied Where, as Here, Plaintiffs Claim that the Dismissed Claims and Remaining Claims are Interrelated.**

Moreover, Plaintiffs' own insistence that the dismissed claims and the remaining claims are interrelated "militates strongly against invocation of Rule 54(b)." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 45 (1st Cir. 1988); *see also Curtiss-Wright*, 446 U.S. at 10 (Rule 54(b) analysis includes scrutiny of "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); *Ebrahimi*, 114 F.3d at 167 ("[C]ourts should be hesitant to employ Rule 54(b)" when the "underpinnings of the adjudicated and unadjudicated claims are intertwined.").  Similar factual or legal issues among the dismissed and remaining claims "will weigh heavily against entry of judgment under the rule," *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (quotation omitted), because further proceedings in district court might moot or otherwise affect any interim appeal, *see Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (finding certification inappropriate because a Rule 54(b) appeal might "be rendered moot by the district court's resolution of issues still pending before it"); *Philan Ins. Ltd. v. Frank B. Hall & Co.*, 136 F.R.D. 80, 82 (S.D.N.Y. 1991) ("The rationale is that since resolution of the remaining claims could conceivably affect the appellate courts'

---

[6]      Moreover, the danger of a reversal of the Order that results in duplicative discovery and a second trial is "more apparent than real." *H. L. Moore Drug Exchange*, 457 F. Supp. at 77.  It is at least as likely that further proceedings in this Court could moot or otherwise affect any interim appeal of this Order, a consideration that weighs strongly against Rule 54(b) certification.  *See infra* p.7.

decision on the immediately appealed claim, all claims should be appealed together.").  The interrelatedness of the claims weighs against certification even where multiple defendants have been dismissed entirely from the case:  "Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants."  *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992).

Plaintiffs have steadfastly maintained that the allegations relating to cement and ready-mix concrete are interrelated because both are part of a single purported conspiracy—both in the briefing that resulted in the Partial Dismissal Order and on the present motion.  (*See, e.g.*, Direct Pls.' Mem. in Opp. to Defs.' Mot. to Dismiss [Master Docket Entry #212, 09-23187] at 2 ("Read as a whole, the SCAC describes one unified cement and concrete conspiracy in which all the Defendants participated."); *id.* at 45 ("[T]he SCAC alleges that Defendants engaged in one conspiracy to fix prices for cement and concrete[.]"); *see also* Direct Br. at 7 (noting that the dismissed and remaining claims "arise from the same groups of transactions and occurrences" and "overlap"); Indirect Br. at 6 (same).)  This is perhaps because all of Plaintiffs' allegations relate to the one and only count in the Direct Plaintiffs' Second Consolidated Amended Complaint (*see* ¶¶ 224-28 [D.E. 203 in Master Docket 09-23187]), which the Court properly pared down in its Partial Dismissal Order.[7]

While Defendants obviously dispute that there was any conspiracy, much less an interrelated conspiracy between cement and concrete, and believe that the Court properly

---

[7]     The Indirect Plaintiffs' Third Amended Consolidated Complaint includes an additional count; however, it is based upon the same allegations as the first count.  (See ¶¶ 244-51 [D.E. 109 in Master Docket 09-23493].)

rejected Plaintiffs' argument that they had adequately pled a conspiracy encompassing both products, future developments could still moot the need for any appeal.  If discovery reveals no evidence supporting the conspiracy claim against the remaining Defendants relating to concrete, that would likely be the end of this dispute in its entirety.  Put simply, if discovery relating to Plaintiffs' concrete allegations do not uncover any evidence of conspiracy, it is doubtful that Plaintiffs would then spend the time and money to pursue a subsequent appeal relating to the even weaker conspiracy claims that already have been dismissed (and which were centered on the same individuals).   In that event, there would be no need for appellate review at all.  Consequently, the requested certification actually has the potential to lead to a much *less* efficient use of judicial resources.  Rule 54(b) certification is therefore  improper.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'

Motions For Rule 54(b) Certification.

Dated:  March 28, 2011                                   Respectfully submitted,

                                        /s/ Shepard Goldfein
                                        Shepard Goldfein
                                        Clifford H. Aronson
                                        Paul M. Eckles
                                        Matthew M. Martino
                                        **SKADDEN, ARPS, SLATE, MEAGHER &**
                                        **FLOM LLP**
                                        Four Times Square
                                        New York, New York  10036-6522
                                        Telephone:  (212) 735-3000
                                        Facsimile:  (212) 735-2000
                                        shepard.goldfein@skadden.com
                                        clifford.aronson@skadden.com
                                        paul.eckles@skadden.com
                                        matthew.martino@skadden.com

                                        Michael Nachwalter (Fla. Bar No. 099989)
                                        Elizabeth B. Honkonen (Fla. Bar No. 014903)
                                        Jalaine Garcia (Fla. Bar No. 058632)
                                        **KENNY NACHWALTER, P.A.**
                                        1100 Miami Center
                                        201 South Biscayne Boulevard
                                        Miami, Florida  33131-4327
                                        Telephone:  (305) 373-1000
                                        Facsimile:  (305) 372-1861
                                        mnachwalter@kennynachwalter.com
                                        ebh@kennynachwalter.com
                                        jgarcia@kennynachwalter.com

                                        *Attorneys for Defendants Cemex Inc., Cemex*
                                        *Materials, LLC and Cemex Construction*
                                        *Materials Florida, LLC*

/s/ Helaine S. Goodner
Helaine S. Goodner (Fla. Bar No. 462111)
**FOWLER WHITE BURNETT, P.A.**
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida  33131-3302
Telephone:  (305) 789.9200
Facsimile:  (305) 728.7535
hgoodner@fowler-white.com

John B. Wyss
Thomas R. McCarthy
Joshua W. Abbott
**WILEY REIN LLP**
1776 K Street NW
Washington, DC  20006
Telephone:  (202) 719-7000
Facsimile:  (202) 719-7049
jwyss@wileyrein.com
tmccarthy@wileyrein.com
jabbott@wileyrein.com

*Counsel for Defendant Continental Florida
Materials, Inc.*

/s/ Marty Steinberg
Marty Steinberg (Fla. Bar No. 187293)
D. Bruce Hoffman (Fla. Bar No. 958026)
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
msteinberg@hunton.com

*Counsel for Defendant Florida Rock
Industries, Inc.*

/s/ Thomas E. Scott, Jr.
Thomas E. Scott, Jr. (Fla. Bar No. 149100)
**COLE, SCOTT & KISSANE, P.A.**
Dadeland Centre II, Suite 1400
9150 S. Dadeland Boulevard
Miami, Florida  33156
Telephone:  (305) 350-5381
Facsimile:  (305) 373-2294
thomas.scott@csklegal.com

Robert D. Rightmyer (Fla. Bar No. 178047)
**COLE SCOTT & KISSANE, P.A.**
1900 Summit Tower Boulevard, Suite 750
Orlando, FL  32810
Telephone:  (321) 972-0000
Facsimile: (321) 972-0099
robert.rightmyer@csklegal.com

John R. Fornaciari
**BAKER & HOSTETLER LLP**

/s/ Christopher B. Hopkins
Christopher B. Hopkins (Fla. Bar No. 116122)
**AKERMAN SENTERFITT**
Esperante Building, 4th Floor
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida  33401-6147
Telephone:  (561) 653-5000
Facsimile:  (561) 659-6313
christopher.hopkins@akerman.com

Richard B. Brosnick
**BUTZEL LONG, A PROFESSIONAL
CORPORATION**
380 Madison Avenue
22nd Floor
New York, New York  10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
brosnick@butzel.com

11

Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C.  20036-5304
Telephone:  (202) 861-1612
Facsimile:  (202) 861-1783
jfornaciari@bakerlaw.com

*Counsel for Defendant Preferred Materials,*
*Inc.*

*Counsel for Defendants VCNA Prestige*
*Ready-Mix Florida, Inc. and Votorantim*
*Cimentos North America, Inc.*

/s/ Benjamine Reid_____
Benjamine Reid
**CARLTON FIELDS**
100 S.E. Second Street
Suite 4000 P.O. Box 019101
Miami, Florida  33131-2114
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
breid@carltonfields.com

Reginald D. Steer
Amit Kurlekar
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
580 California Street, Suite 1500
San Francisco, California  94101
Telephone:  (415) 765-9500
rsteer@akingump.com

Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
One Bryant Park
New York, NY  10036
Telephone:  (212) 872-1011
Facsimile:  (212) 407-3211
mhurley@akingump.com

*Counsel for Defendant Suwannee American*
*Cement LLC*

/s/ Frank Burt_____
Frank Burt (Fla. Bar No. 197963)
**JORDEN BURT LLP**
1025 Thomas Jefferson St, NW
Washington, DC  20007-5208
Telephone:  (202) 965-8140
Facsimile:  (202) 965-8104
fgb@jordenusa.com

Richard J. Ovelmen (Fla. Bar No. 284904)
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida  33131-2803
Telephone:  (305) 347-6805
Facsimile:  (305) 372-4720
rjo@jordenusa.com

James L. Cooper
Ryan Z. Watts
Laura Cofer Taylor
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  (202)-942-5000
Facsimile:  (202) 942-5999
James.Cooper@aporter.com
Ryan.Watts@aporter.com
Laura.Taylor@aporter.com

*Counsel for Defendant Tarmac America LLC*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jalaine Garcia
Jalaine Garcia

13

## SERVICE LIST

Jay L. Himes, Esq.
Hollis Salzman, Esq.
Gregory S. Asciolla, Esq.
Seth R. Gassman, Esq.
**LABATON SUCHAROW LLP**
140 Broadway, 34th Floor
New York, New York   10005
Telephone:     (212) 907-0700
Facsimile:     (212) 818-0477
Email:  jhimes@labaton.com
Email:  hsalzman@labaton.com
Email:  gasciolla@labaton.com
Email:  rkriger@labaton.com
Email:  sgassman@labaton.com

Michael D. Hausfeld, Esq.
William P. Butterfield, Esq.
Brian A. Ratner, Esq.
Ralph J. Bunche, Esq.
**HAUSFELD LLP**
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone:  (202) 540-7200
Facsimile:  (202) 540-7201
Email:  mhausfeld@hausfeldllp.com
Email:  wbutterfield@hausfeldllp.com
Email:  bratner@hausfeldllp.com
Email:  rbunche@hausfeldllp.com

William A. Isaacson, Esq.
Matthew W. Friedrich, Esq.
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  mfriedrich@bsfllp.com

*Direct Purchaser Plaintiffs' Interim Co-Lead
Counsel*

Arthur Halsey Rice, Esq.
**RICE PUGATCH ROBINSON &
SCHILLER**
101 N.E. 3rd Avenue, Suite 1800
Ft. Lauderdale, Florida 33301
Telephone: (305) 379-3121
Facsimile: (305) 379-4119
Email:  arice@rprslaw.com

Daniel Hume, Esq.
David E. Kovel, Esq.
Kenneth G. Walsh, Esq.
**KIRBY MCINERNEY LLP**
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Indirect Purchaser Plaintiffs' Interim Co-Lead
Class Counsel*

Herman J. Russomanno
Herman J. Russomanno, III
**RUSSOMANNO & BORRELLO, P.A.**
150 W. Flagler Street, Penthouse 2800
Miami, Florida  33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103
Email: hrussomanno@russomanno.com
Email: herman2@russomanno.com

*Indirect Purchaser Plaintiffs' Liaison Counsel*

14

Clifford H. Aronson, Esq.
Paul M. Eckles, Esq.
Shepard Goldfein, Esq.
Matthew M. Martino, Esq.
**SKADDEN ARTS SLATE MEAGHER &
FLOM LLP**
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 733-2000
Email: clifford.aronson@skadden.com
Email: paul.eckles@skadden.com
Email: shepard.goldfein@skadden.com
Email: matthew.martino@skadden.com

*Counsel for Defendant Cemex Inc., Cemex
Materials, LLC and Cemex Construction
Materials Florida, LLC*

Marty Steinberg, Esq.
D. Bruce Hoffman, Esq
Melissa L. Bilchik, Esq.
Rafael R. Ribeiro, Esq.
**HUNTON & WILLIAMS, LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
Email: msteinberg@hunton.com
Email:  bhoffman@hunton.com
Email: mbilchik@hunton.com
Email: rribeiro@hunton.com

Ryan Shores, Esq.
**HUNTON & WILLIAMS, LLP**
1900 K. Street NW
Washington, DC 20006
Telephone: (202) 955-1500
Email: rshores@hunton.com

*Counsel for Defendant Florida Rock
Industries, Inc.*

Franklin G. Burt, Esq.
Richard J. Ovelmen, Esq.
**JORDEN BURT, LLP**
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: (305) 347-6833
Facsimile: (305) 372-9928
Email: fgb@jordenusa.com
Email: rjo@jordenusa.com

James L. Cooper, Esq.
Laura Cofer Taylor, Esq.
Ryan Z. Watts, Esq.
**ARNOLD & PORTER, LLP**
555 12th Street NW
Washington, DC 20004
Telephone: (202) 942-5000
Email: james.cooper@aporter.com
Email: laura.taylor@aporter.com
Email: ryan.watts@aporter.com

*Counsel for Defendant Tarmac America LLC*

Christopher B. Hopkins
**AKERMAN SENTERFITT**
Esperante Building, 4th Floor
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida  33401-6147
Telephone:  (561) 653-5000
Facsimile:  (561) 659-6313
Email:  christopher.hopkins@akerman.com

Richard B. Brosnick
**BUTZEL LONG**
380 Madison Avenue, 22nd Floor
New York, New York  10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
Email:  brosnick@butzel.com

*Counsel for Defendant Prestige AB
Management Co. LLC, VCNA Prestige Ready-
Mix Florida, Inc. and Votorantim Cimentos
North America, Inc.*

15

Benjamine Reid
**CARLTON FIELDS**
100 S.E. Second Street
Suite 4000 P.O. Box 019101
Miami, Florida  33131-2114
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
breid@carltonfields.com

Reginald D. Steer
Amit Kurlekar
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
580 California Street, Suite 1500
San Francisco, California  94101
Telephone:  (415) 765-9500
rsteer@akingump.com

Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
One Bryant Park
New York, NY  10036
Telephone:  (212) 872-1011
Facsimile:  (212) 407-3211
mhurley@akingump.com

*Counsel for Defendant Suwannee American
Cement LLC*

Helaine S. Goodner (Fla. Bar No. 462111)
**FOWLER WHITE BURNETT, P.A.**
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida  33131-3302
Telephone:  (305) 789.9200
Facsimile:  (305) 728.7535
hgoodner@fowler-white.com

John B. Wyss
Thomas R. McCarthy
Joshua W. Abbott
**WILEY REIN LLP**
1776 K Street NW
Washington, DC  20006
Telephone:  (202) 719-7000
Facsimile:  (202) 719-7049
jwyss@wileyrein.com
tmccarthy@wileyrein.com
jabbott@wileyrein.com

*Counsel for Defendant Continental Florida
Materials, Inc.*

16

Thomas E. Scott, Jr. (Fla. Bar No. 149100)
**COLE, SCOTT & KISSANE, P.A.**
Dadeland Centre II, Suite 1400
9150 S. Dadeland Boulevard
Miami, Florida  33156
Telephone:  (305) 350-5381
Facsimile:  (305) 373-2294
thomas.scott@csklegal.com

Robert D. Rightmyer (Fla. Bar No. 178047)
**COLE SCOTT & KISSANE, P.A.**
1900 Summit Tower Boulevard, Suite 750
Orlando, FL  32810
Telephone:  (321) 972-0000
Facsimile: (321) 972-0099
robert.rightmyer@csklegal.com

John R. Fornaciari
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C.  20036-5304
Telephone:  (202) 861-1612
Facsimile:  (202) 861-1783
jfornaciari@bakerlaw.com

*Counsel for Defendant Preferred Materials, Inc.*

17