IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE FLORIDA CEMENT AND  MASTER DOCKET NO. 09-23187-CIV-
CONCRETE ANTITRUST LITIGATION ALTONAGA/BANDSTRA

*(DIRECT PURCHASER ACTION)*

IN RE FLORIDA CEMENT AND  MASTER DOCKET NO. 09-23493-CIV-
CONCRETE ANTITRUST LITIGATION ALTONAGA/BANDSTRA

*(INDIRECT PURCHASER ACTION)*
_____/

## ORDER

  **THIS CAUSE** comes before the Court on the Direct and Indirect Purchaser Plaintiffs'
(collectively, "Plaintiffs[']") Motion[s] for Rule 54(b) Certification ("Motion[s]") (Case No. 09-
23187 [ECF No. 260]; Case No. 09-23493 [ECF No. 160]).

## I. BACKGROUND

  On October 12, 2010, the Court entered an Order (the "October 12 Order") (Case No. 09-
23187 [ECF No. 228]; Case No. 09-23493 [ECF No. 130]) partially dismissing the Direct Purchaser
Plaintiffs' Second Consolidated Amended Complaint and the Indirect Purchaser Plaintiffs' Corrected
Third Consolidated Amended Consolidated Complaint.  In light of the October 12 Order, the Direct
Purchaser Plaintiffs now ask the Court to enter a final judgment, pursuant to Federal Rule of Civil
Procedure 54(b), dismissing the claims of the individual Plaintiffs[1] who purchased only cement and
no concrete, and dismissing the claims asserted by the remaining Plaintiffs against the dismissed

---

[1]  In the Direct Purchaser Action the dismissed Plaintiffs are Action Ready Mix Concrete, Inc.;
Advantage Concrete of Florida, Inc.; Hard Rock Materials, LLC.; and Florida Block & Ready Mix.

Master Docket No. 09-23187-CIV-ALTONAGA/Bandstra
Master Docket No. 09-23493-CIV-ALTONAGA/Bandstra

Defendants.[2]  (Direct Purchaser Mot. ("Direct Mot.") 1–2 (Case No. 09-23187 [ECF No. 261])).

Similarly, the Indirect Purchaser Plaintiffs ask the Court "to enter a final judgment as to the dismissal

of their claims concerning their indirect purchases of Cement and the dismissal of six Dismissed

Defendants."[3]  (Indirect Purchaser Mot. ("Indirect Mot.") 2 [ECF No. 160-1]).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides "[w]hen an action presents more than one

claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when

multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

fewer than all, claims or parties only if the court expressly determines that there is no just reason for

delay."  The Rule requires three conditions be met before partial final judgment may be entered.

First, "either multiple claims for relief or multiple parties [must] be involved;" second, "at least one

claim or the rights and liabilities of at least one party must be finally decided;" and third, "the court

must find there is no just reason for delaying an appeal."  10 Charles A. Wright, Arthur R. Miller,

and Mary Kay Kane, Federal Practice and Procedure § 2656 (3d ed. 1998); *see also Curtiss-

Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).

Nevertheless, "[t]he historic federal policy against piecemeal appeals," means "[n]ot all final

---

[2]  The six dismissed Defendants are Cemex Construction Materials Florida, LLC; Cemex Materials, LLC; Continental Florida Materials Inc.; Preferred Materials, Inc.; Suwannee American Cement LLC; and Votorantim Cimentos North America, Inc.

[3]  In the Indirect Purchaser Action, Philip S. Sanford; Starfish, Inc.; and Sterling Development Company were effectively dismissed by the October 12 Order.  (*See* Fourth Am. Consol. Compl. [ECF No.131] (dropping all former Plaintiffs but Sterling Development Company); Dec. 29 Order 7–9 (Case No. 09-23493 [ECF No 145]) (discussing potential standing issues)).  These former Plaintiffs are no longer named in the Indirect Purchaser Plaintiffs' operative complaint.  (*See* Fifth Am. Consol. Compl. (Case No. 09-23493 [ECF No 146])).  The October 12 Order dismissed the same six Defendants in the Indirect Purchaser Action as in the Direct Purchaser Action.

Master Docket No. 09-23187-CIV-ALTONAGA/Bandstra
Master Docket No. 09-23493-CIV-ALTONAGA/Bandstra

judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp.*, 446 U.S. at 8. Indeed, "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1289 (11th Cir. 2010) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). Thus "in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8 . Moreover, even if all three requirements are met, "the decision to certify [is] with good reason left to the sound judicial discretion of the district court." *Id*. at 10 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

### III.  ANALYSIS

The parties focus on only the third prong of the Rule 54(b) analysis — whether there is no just reason for delay.  (*See* Reply 1 (Case No. 09-23187 [ECF No. 268]) ("The sole disputed issue between the parties is whether there is 'no just reason' to delay an appeal."); *see also* Opp'n 2 (Case No. 09-23187 [ECF No. 264]) ("Even assuming that the Partial Dismissal Order is a final judgment certification would be an abuse of discretion because Plaintiffs have failed to demonstrate that they would suffer unusual hardship.")).  Therefore, the Court focuses its analysis on this question.

Plaintiffs contend "the judicial interest in administrative efficiency — a factor the Supreme Court has instructed district courts to consider when exercising their discretion to certify judgments . . . — weighs squarely in favor of certification in this case."  (Direct Mot. 6 (citing *Curtiss-Wright*

Master Docket No. 09-23187-CIV-ALTONAGA/Bandstra
Master Docket No. 09-23493-CIV-ALTONAGA/Bandstra

*Corp.*, 446 U.S. at 8–10; *Sears, Roebuck & Co.,* 351 U.S. at 438)).  In particular, Plaintiffs suggest,

> delaying an appeal until the narrower [concrete] case . . . has reached its conclusion
> could be highly inefficient . . . . [because i]f the Court's dismissals of the Cement
> Plaintiffs and the Dismissed Defendants are reversed only after the litigation
> proceeding now is complete, the parties would be forced to go through a second
> discovery process and a second trial involving some of the same issues and
> witnesses.

(*Id.* 7).

In response, Defendants note the Eleventh Circuit has specifically rejected the possibility of

a second trial as a basis for granting a Rule 54(b) motion:

> The district court may have reasoned that early review by the appellate court would
> eliminate the necessity for a second trial in the event we reversed its rulings on the
> dismissed claims.  Absent special circumstances, however, the district court's
> preference for pretrial appellate review of its dismissal decisions constitutes an
> improper basis for issuance of a partial final judgment.

*Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 168 (11th Cir. 1997) (internal citations

omitted) (noting "Where accelerated appellate review of a controlling question of law is the

motivating factor in deciding to enter judgment under Rule 54(b), an interlocutory appeal pursuant

to 28 U.S.C. § 1292 represents the more appropriate course.").  Indeed, Plaintiffs do not assert they

will suffer any hardship beyond that which is present in any case where a party is dismissed when

a partial motion to dismiss is granted.  That is, there is always a (small) chance that, on appeal, a

district court will have been found to have erred by dismissing a party, and that further proceedings

on that party's claims will be required.

Following Plaintiffs' approach to a Rule 54(b) analysis would require allowing immediate

appeal of any order dismissing a party.  Such an approach effectively ignores that Rule 54(b)

4

Master Docket No. 09-23187-CIV-ALTONAGA/Bandstra<br/>Master Docket No. 09-23493-CIV-ALTONAGA/Bandstra

certification should be granted "*only if* . . . there is no just reason for delay"  FED. R. CIV. P. 54(b) (emphasis added),  and is contrary to the Supreme Court's admonition that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[4]  *Curtiss-Wright Corp.*, 446 U.S. at 8.

More importantly, there is a just reason for delaying an appeal in this case — the ongoing proceedings in this Court may affect or outright moot the appeal Plaintiffs seek.  As Defendants point out, "if discovery relating to Plaintiffs' concrete allegations do [sic] not uncover any evidence of conspiracy, it is doubtful that Plaintiffs would then spend the time and money to pursue a subsequent appeal relating to the even weaker conspiracy claims that have already been dismissed." (Opp'n 9 (Case No. 09-23187 [ECF No. 264])).  Of course, though Defendants do not mention it, it is also possible the ongoing discovery relating to Plaintiffs' concrete allegations will reveal evidence of a broader price-fixing conspiracy which involves cement and the dismissed Defendants. If Plaintiffs do find such evidence and diligently seek leave from the Court to amend their complaints

---

[4] Plaintiffs also cite *Semmler v. Metro. Life Ins. Co.*, No. 94 CIV. 5549 (SS), 1996 WL 267503, at *1 (S.D.N.Y. May 17, 1996).  In that case, then District Judge Sotomayor granted Rule 54(b) certification on the dismissal of a representative of a class of individuals, where the individuals "[had] been denied insurance benefits to cover post-operative pain control," because of the effect delay could have on members of the potential class.  *Semmler ,*1996 WL 267503, at *1.  In balancing the equities in that case, Judge Sotomayor no doubt concluded that delay could prevent the prospective class members from obtaining the pain treatment they needed.

Here, the prospective class members seek refunds for alleged over-payments for cement and concrete, and while delaying their opportunity to obtain refunds is a concern, it does not implicate the same equitable concerns as leaving patients languishing in pain.  Therefore, the equitable concerns that Judge Sotomayor addressed in *Semmler* are not present with the same force here.  Moreover, as no class has been certified in the Direct and Indirect Actions, it would be unduly speculative to place too much emphasis on the potential effect the delay may have on those prospective class members.

5

Master Docket No. 09-23187-CIV-ALTONAGA/Bandstra
Master Docket No. 09-23493-CIV-ALTONAGA/Bandstra

with the additional facts, those amended complaints could also moot the appeal Plaintiffs seek.

Accordingly, the Court finds there is just reason for delay and that no Rule 54(b) certification is

proper.

**ORDERED AND ADJUDGED** that the Motions **(Case No. 09-23187 [ECF No. 260]; Case**

**No. 09-23493 [ECF No. 160])** are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of April, 2011.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT COURT**

cc:    counsel of record