UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23187-CIV-ALTONGA/BANDSTRA

**IN RE FLORIDA CEMENT AND**
**CONCRETE ANTITRUST LITIGATION**
[DIRECT PURCHASER ACTION]
_____/

**DEFENDANTS' JOINT OPPOSITION TO DIRECT PURCHASER PLAINTIFFS'**
**MOTION FOR AN ORDER GOVERNING INTERVIEWS OF FORMER EMPLOYEES**

**DRAFT - SUBJECT TO JOINT DEFENSE PRIVILEGE**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................. ii

I.      DEFENDANTS' NDAs WITH FORMER EMPLOYEES ARE VALID ......................... 2

II.     *EX PARTE* INTERVIEWS WITH FORMER EMPLOYEES WHO HELD HIGH-
        LEVEL POSITIONS RAISE LEGITIMATE CONCERNS REGARDING THE
        INAPPROPRIATE DISCLOSURE OF PRIVILEGED OR COMMERCIALLY
        SENSITIVE INFORMATION ........................................................................................ 6

III.    PLAINTIFFS' PROPOSED GUIDELINES DO NOT ADEQUATELY
        ADDRESS DEFENDANTS' LEGITIMATE CONCERNS REGARDING THE
        PRESERVATION OF CONFIDENTIAL AND PRIVILEGED INFORMATION ........ 12

        A.      Plaintiffs' Privilege Instruction Is Inadequate for High-Level Former
                Employees .......................................................................................................... 12

        B.      Plaintiffs' Suggestion That They Will Treat All Information Gleaned from
                Interviews as Highly Confidential under the Stipulated Protective Order
                Does Not Adequately Protect Defendants' Legitimate Concerns for
                Confidentiality ................................................................................................... 15

CONCLUSION ................................................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Brown & Williamson Tobacco Corp. v. Williams,*
    62 F.3d 408 (D.C. Cir. 1995) ............................................................................... 11

*Castano v. Am. Tobacco Co.,*
    908 F. Supp. 378 (E.D. La. 1995) ........................................................................... 8

*Concerned Parents of Jordan Park v. Hous. Auth. of the City of St. Petersburg,*
    934 F. Supp. 406 (M.D. Fla. 1996) ....................................................................... 13

*Cram v. Lamson & Sessions Co.,*
    148 F.R.D. 259 (S.D. Iowa 1993) ......................................................................... 14

*G-I Holdings, Inc. v. Baron & Budd,*
    199 F.R.D. 529 (S.D.N.Y. 2001) .......................................................... 5, 12, 14, 15

*Grumman Aerospace Corp. v. Titanium Metals Corp. of Am.,*
    91 F.R.D. 84 (E.D.N.Y. 1981) ............................................................................... 9

*H.B.A. Mgmt., Inc. v. Estate of Schwartz,*
    693 So. 2d 541 (Fla. 1997) ..................................................................................... 6

*Hubbard v. Bankatl. Bancorp, Inc.,*
    No. 07-61542-CIV, 2009 WL 3856458 (S.D. Fla. Nov. 17, 2009) ......................... 6

*In re Ashworth, Inc. Sec. Litig.,*
    213 F.R.D. 385 (S.D. Cal. 2002) ........................................................................ 5, 6

*In re Cigna Corp. Sec. Litig.,*
    No. Civ. A. 02-8088, 2006 WL 263631 (E.D. Pa. Jan. 31, 2006) ......................... 5

*In re JDS Uniphase Corp. Sec. Litig.,*
    238 F. Supp. 2d 1127 (N.D. Cal. 2002) ......................................................... 10, 11

*In re MTI Tech. Corp. Sec. Litig. II,*
    No. SACV 00-0745 DOC, 2002 WL 32344347 (C.D. Cal. June 13, 2002) ............ 5

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
    911 F. Supp. 148 (D.N.J. 1995) ........................................................................ 2, 5

*Joynes v. NCL Am., Inc.,*
    No. 08-23493-CIV, 2010 WL 107733 (S.D. Fla. Jan. 7, 2010) ............................. 7

*Judd v. Take-Two Interactive Software, Inc.*,
    No. 07 Civ. 7932(GEL), 2008 WL 906076 (S.D.N.Y Apr. 3, 2008) .....................................14

*Kaiser v. Am. Tel. & Tel.*,
    No. CIV 00-724-PHX JWS, 2002 WL 1362054 (D. Ariz. Apr. 5, 2002) ......................4, 8, 13

*Kingsway Fin. Servs. Inc. v. Pricewaterhouse-Coopers LLP*,
    No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4200601 (S.D.N.Y. Sept. 12, 2008)................4, 14

*Kishaba v. Hilton Hotels Corp.*,
    936 F.2d 578 (9th Cir. 1991) ....................................................................................................8

*Maddox v. Williams*,
    855 F. Supp 406 (D.D.C. 1994) ..............................................................................................11

*Mgmt. Insights, Inc. v. Tricon Global Rests., Inc.*,
    No. 01-1040-MLB, 2001 WL 1325955 (D. Kan. Oct. 24, 2001) .............................................11

*Muriel Siebert & Co. v. Intuit Inc.*,
    868 N.E.2d 208 (N.Y. 2007) ...................................................................................................14

*NAACP v. Fla. Dep't of Corr.*,
    122 F. Supp. 2d 1335 (M.D. Fla. 2000) ...............................................................................7, 8

*Neiman v. Naseer*,
    47 So. 3d 954 (Fla. Dist. Ct. App. 2010) ...............................................................................10

*Nestor v. Posner-Gerstenhaber*,
    857 So. 2d 953 (Fla. Dist. Ct. App. 2003) ...............................................................................9

*Pharmerica, Inc. v. Arledge*,
    No. 8:07-cv-486-T-26MAP, 2007 WL 865510 (M.D. Fla. Mar. 21, 2007) .............................3

*Rentclub, Inc. v. Transam. Rental Fin. Corp.*,
    811 F. Supp. 651 (M.D. Fla. 1992),
    *aff'd*, 43 F.3d 1439 (11th Cir. 1995) ....................................................................................6, 7

*Ruel v. Mac Tools*,
    No. C-2-93-0198, 1993 WL 1482403 (S.D. Ohio Aug. 11, 1993) ............................................3

*Saini v. Int'l Game Tech.*,
    434 F. Supp. 2d 913 (D. Nev. 2006) .......................................................................................11

*Scott v. Nelson*,
    697 So. 2d 1300 (Fla. Dist. Ct. App. 1997) ..........................................................................8, 9

*Serrano v. Cintas Corp.*,
    Civ. A. No. 04-40132, 2009 WL 5171802 (E.D. Mich. Dec. 23, 2009)....................................2

*Smith v. TIB Bank of the Keys*,
   687 So. 2d 895 (Fla. Dist. Ct. App. 1997) ............................................................................10

*Wackenhut Servs., Inc. v. Artman Studios, Inc.*,
   No. 08-80956-CIV, 2009 WL 3028308 (S.D. Fla. Sept. 17, 2009)...........................................3

*Wagner v. City of Holyoke*,
   183 F. Supp. 2d 289 (D. Mass. 2001) .....................................................................................5

*Weber v. Fujifilm Med. Sys., U.S.A.*,
   2010 WL 2836720 (D. Conn. July 19, 2010) ..........................................................................7

## RULES, REGULATIONS, AND OTHER AUTHORITIES:

Fed. R. Civ. P. 26(c)(1)................................................................................................................13

Florida Rule of Professional Conduct 4-4.2 ..................................................................................6

ABA Model Rule 4.2 .................................................................................................................6, 7

Plaintiffs' motion seeks an extraordinary remedy:  declaring void, at least with regard to Plaintiffs' attorneys, *all* non-disclosure agreements ("NDAs") Defendants may have with former employees, without regard to the nature of the information that may be protected by that NDA or even the nature of the position of the former employee.  Plaintiffs' proposal would leave former employees and their employers unclear as to the status of their NDAs, potentially allow good-faith disclosure of confidential business information, disrupt scores of established contractual relationships in Florida, and implicate the continued viability of standard contractual notice provisions governing the disclosure of confidential information where the information-holding party has received the benefit of its bargain and now wishes for its own reasons to disclose confidential information belonging to someone else.

Defendants do not dispute that Plaintiffs may interview certain former employees of the defendants who are willing to speak with Plaintiffs' counsel.  However, some of those will be bound by legal duties proscribing the information they may secretly offer to Plaintiffs' counsel.  Limitations may include legal privileges, privacy rights held by third parties, and the like, as well as agreements between a former employee and her employer that she will not disclose certain types of information.  Here, contrary to Plaintiffs' assertion that such NDAs "bar [an] adversary from access to relevant factual information," Plaintiffs' real agenda in seeking to mass-void pre-existing confidentiality agreements is simply to enable them to obtain confidential, commercially sensitive information on an anonymous and secret basis.  (Mem. in Support of The Direct Purchaser Pls.' Mot. For An Order Governing Interviews of Former Employees at 1 [D.E. 277] (hereinafter "Pls.' Mem.").)  Where an attorney's informal fact investigation would violate legitimate contractual restrictions binding a potential witness or source of information, that attorney may seek relief from the rights holder (*e.g.*, a release), seek individual relief from the

1

Court based on the particular employee at issue, or use the discovery tools provided by the Federal Rules of Civil Procedure and by statute (*e.g.*, a subpoena).

The Court should reject Plaintiffs' invitation to create a broad rule making NDAs unenforceable and should instead either leave existing NDAs in place, preserving for Plaintiffs the ability to raise the issue again on a more particular, former employee-specific set of facts, or order the Plaintiffs to conduct any interviews of former employees who have NDAs subject to the terms of the guidelines attached as Exhibit 1.[1]

## ARGUMENT

### I.     DEFENDANTS' NDAs WITH FORMER EMPLOYEES ARE VALID

Although *ethics rules* do not prohibit counsel from interviewing certain former employees, courts have recognized that NDAs should not be cast aside – as Plaintiffs urge in their motion – in the name of counsel's *ex parte* investigation.  For example, in *Serrano v. Cintas Corp.*, the EEOC sought leave to conduct *ex parte* interviews of former employees in order to support its case.  Civil Action No. 04-40132, 2009 WL 5171802, at *1 (E.D. Mich. Dec. 23, 2009).  The court permitted the *ex parte* interviews, but ordered plaintiffs' counsel to "instruct [each] former employee not to disclose . . . matters subject to confidentiality agreements between the interviewee and the [corporation]," and that "[t]he interview shall be terminated immediately if it appears that the former employee has erroneously volunteered such information."  *Id.* at *5; *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 911 F. Supp. 148, 154 (D.N.J. 1995) (ruling that "it is up to the employee to adhere to the agreement" and stating, "[s]hould a [current or former] employee breach an enforceable obligation to [the corporation]," then "[the

---

[1]     Exhibit 1 to Defendants' Joint Opposition reflects all of Defendants' proposed changes to Plaintiffs' guidelines as shown in Defendants' April 26, 2011 letter to Plaintiffs' counsel, which is Exhibit F to the Affidavit in Support of the Direct Purchaser Plaintiffs' Motion for an Order Governing Interviews of Former Employees, [D.E. 278] (hereinafter "Pls.' Aff.").

corporation] is of course free to pursue any legal remedies it might have"); *Ruel v. Mac Tools*, No. C-2-93-0198, 1993 WL 1482403, at *6 (S.D. Ohio Aug. 11, 1993) (allowing *ex parte* contact, but advising that "the [former employee] witness should not disclose any attorney-client communication or confidential or privileged business information during the course of the interview").  Non-disclosure agreements are lawful and enforceable.  *See, e.g.*, *Wackenhut Servs., Inc. v. Artman Studios, Inc.*, No. 08-80956-CIV, 2009 WL 3028308, at *3 (S.D. Fla. Sept. 17, 2009) (finding "no basis to dismiss" count alleging breach of an NDA); *Pharmerica, Inc. v. Arledge*, No. 8:07-cv-486-T-26MAP, 2007 WL 865510, at *9 (M.D. Fla. Mar. 21, 2007) (granting motion for a temporary restraining order for breach of an NDA).  The order Plaintiffs ask the Court to enter, however, would create a significant loophole in such agreements, permitting any party to an NDA to disclose commercially sensitive information without notice to a company's adversary so long as the disclosure is – in the mind of the disclosing party or the adversary – in furtherance of a *private* investigation into an *alleged* wrongdoing.  There is no limiting principle to Plaintiffs' argument.  As discussed below, Plaintiffs' proposal to treat all information from former employees as Highly Confidential under the Stipulated Protective Order in this case is not an adequate solution because there is no mechanism for the Defendants to know what information, if any, has been disclosed, or for the Defendants' to seek a protective order against the disclosure of irrelevant, but commercially sensitive, information in advance of the disclosure.

Rather than give counsel *carte blanche* authority to tell former employees that they can disregard valid NDAs as Plaintiffs' proposal contemplates, Defendants have proposed a reasonable compromise that recognizes that counsel can interview former employees, but if the interviewee has signed an NDA, counsel must provide the interviewee's name to the employer's

counsel before the interview goes forward.[2]  This advance notice would give the former

employer's counsel the opportunity to review the interviewee's NDA and consider what

confidential or privileged information that specific proposed interviewee may possess.  Counsel

for the employer would then have ten business days to meet and confer regarding appropriate

guidelines for the particular employee and, if necessary seek a protective order from the Court.

*See* Ex. 1 at ¶ 2(e).

Plaintiffs' one-size-fits-all approach to former employees does not appropriately account

for Defendants' legitimate interests in preserving their attorney-client privilege and controlling

the disclosure of commercially sensitive, confidential information.  Indeed, courts have required

prior notice in these circumstances so that the former employer can assess the risk of disclosure

of privileged or commercially sensitive, confidential information.  For example, in *Kingsway*

*Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, the defendant planned *ex parte*

interviews with plaintiff's former employees in a securities fraud case.  No. 03 Civ.

5560(RMB)(HBP), 2008 WL 4200601, at *1 (S.D.N.Y. Sept. 12, 2008).  The magistrate judge

entered an order requiring defendant's counsel to submit to plaintiff's counsel a list of all

individuals defendants sought to interview.  *Id.*  The order further required that plaintiffs had ten

business days to object on the grounds "that a prospective interviewee had access to information

that was subject to a legal privilege."  *Id.*  If plaintiff objected, the interview could not go

forward without leave of court.  *Id.*  Similarly, the court in *Kaiser v. American Telephone &*

*Telegraph* held that "[i]f a former employee occupied a high ranking position such that his or her

exposure to ***confidential or privileged*** information may be assumed, or occupied a position

---

[2]     The proposed guidelines would also require the interviewing attorney to affirmatively ask
the former employee before the start of the interview if he/she signed a non-disclosure or
confidentiality agreement with his/her former employer either during the course of employment
or upon the termination of employment.  *See* Ex. 1 at ¶ 2(e).

giving rise to a plaintiff's claims, then no *ex parte* contact should be permitted **absent notice to the former employer**."  No. CIV 00-724-PHX JWS, 2002 WL 1362054, at *6 (D. Ariz. Apr. 5, 2002) (emphasis added).[3]

The authorities Plaintiffs cite as support for their argument that the Court should not require advance notice to the former employer are inapplicable to the instant motion.  (*See* Pls.' Mem. at 10.)  The primary holding of these authorities is not in dispute:  as a general matter, *ex parte* interviews with former non-managerial employees do not violate Rules of Professional Conduct.  Although the decisions cited by Plaintiffs determined that advance notice was not necessary in those cases, *none of those cases* addressed whether the former employees at issue had NDAs covering the topics at issue.  Defendants' proposed guidelines require advance disclosure of the former employee's name only if counsel learns that the interviewee has an NDA.  *See* Ex. 1 at ¶ 2(e).  Accordingly, Plaintiffs' authorities are not at odds with Defendants' proposal.  Moreover, although the court in *Wagner v. City of Holyoke* held that advance notice to the employer was not necessary, it did so in recognition that "none of the targeted employees have managerial responsibility with regard to the subject matter of this litigation."  183 F. Supp. 2d 289, 294 (D. Mass. 2001).  Here, Plaintiffs seek to void NDAs covering *all* former employees.[4]

---

[3]    *See also G-I Holdings, Inc. v. Baron & Budd*, 199 F.R.D. 529, 533-35 (S.D.N.Y. 2001) (holding that Plaintiffs could conduct *ex parte* interviews of defendants' former employees "with notice to [d]efendants' counsel and with the right for those counsel to be present" in part because "where the former employee is a lay person, it is unrealistic to think that he will know what information or communications are privileged, so that even where disclosure of such matters is not intended it may well occur inadvertently"); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 911 F. Supp. at 153 (noting that plaintiffs agreed to provide corporate defendant advance notice of *ex parte* interviews of high-level former employees so defendant could review its files "to ascertain whether an issue of privilege exists").

[4]    Plaintiffs' reliance on cases holding that the names of confidential witnesses constitute protected work product is similarly misplaced.  (Pls.' Mem. at 9-10 (citing *In re MTI Tech. Corp. Sec. Litig. II*, No. SACV 00-0745 DOC, 2002 WL 32344347 (C.D. Cal. June 13, 2002);

*[Footnote continued to next page]*

II.     *EX PARTE* INTERVIEWS WITH FORMER EMPLOYEES WHO HELD HIGH-
        LEVEL POSITIONS RAISE LEGITIMATE CONCERNS REGARDING THE
        INAPPROPRIATE DISCLOSURE OF PRIVILEGED OR COMMERCIALLY
        SENSITIVE INFORMATION

        Former employees who held high-level or management positions may have had

significant exposure to commercially sensitive information and may have been privy to

privileged communications.  Thus, *ex parte* interviews with high-level former employees (who

have NDAs) raise greater concern regarding the potential disclosure of privileged or

commercially sensitive information.  Courts have recognized the distinction between high-level

employees and lower-level employees when addressing disputes over *ex parte* interviews of

former employees.  In *Rentclub, Inc. v. Transamerica Rental Finance Corp.*, the court

recognized the impropriety of *ex parte* contacts with former employees who had high-level

positions within the company and were in possession of, or knowledgeable about, confidential or

privileged matters.  811 F. Supp. 651, 655-57 (M.D. Fla. 1992), *aff'd*, 43 F.3d 1439 (11th Cir.

1995).  The court explained that "[p]rivileged communications present a distinct problem with

respect to contact with former employees, thus *ex parte* contact should be barred to prevent

disclosure of any inadvertent confidential communications."  *Id.* at 657.  The court held that *ex

parte* contacts with a former CFO were improper because he was "privy to confidential and

proprietary information and had access to confidential business documents."  *Id.* at 658.

---

*[Footnote continued from previous page]*
*In re Cigna Corp. Sec. Litig.*, No. Civ. A. 02-8088, 2006 WL 263631 (E.D. Pa. Jan. 31, 2006);
and *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385 (S.D. Cal. 2002)).)  This Court has rejected
the holding of these cases and has compelled the identification of individuals who provided
information to counsel.  *See Hubbard v. Bankatl. Bancorp, Inc.*,  No. 07-61542-CIV, 2009 WL
3856458, at *3 & n.3 (S.D. Fla. Nov. 17, 2009) (explicitly rejecting the rationale of *MTI Tech.*
and *Ashworth*).

Although Florida federal district court decisions since *Rentclub* have permitted *ex parte* contact with certain former employees,[5] courts have not endorsed the sweeping access to *all* former employees that Plaintiffs seek here.  For example, in *NAACP v. Florida Department of Corrections*, the court permitted *ex parte* contact with former employees but held that if any of them were former "members of management or 'high level' employees who had access to privileged or ***confidential communications/information***, participated in decision-making activities, and/or worked with the attorneys representing the [employer]," then the *ex parte* contact could not continue.  122 F. Supp. 2d 1335, 1340 & n.6 (M.D. Fla. 2000) (emphasis added).  Similarly, the court in *Joynes v. NCL America, Inc.* allowed *ex parte* communications, but established specific parameters for opposing counsel's contact with former employees.  No. 08-23493-CIV, 2010 WL 107733, at *1-2 (S.D. Fla. Jan. 7, 2010).  Importantly, the court ruled that "[p]laintiff's counsel shall not interview any employee identified as managerial."  *Id.* at *1.

Courts outside the State of Florida also have recognized this distinction.  For example, in *Weber v. Fujifilm Medical Systems, U.S.A.*, the district court permitted *ex parte* contact only with former low-level employees who had confidentiality agreements with their former employer.  No. 3:10 CV 401(JBA), 2010 WL 2836720, at *4 (D. Conn. July 19, 2010).  The plaintiff initially sought *ex parte* interviews with 12 identified former employees, four of whom had previously held management-level positions.  *Id.*  The court surveyed the case law and held that "four of the twelve former employees [we]re 'off limits' to *ex parte* interviews" by virtue of their

---

[5]     *Rentclub* was decided before the Florida Supreme Court's decision in *H.B.A. Management, Inc. v. Estate of Schwartz*, which held that Florida Rule of Professional Conduct 4-4.2 and ABA Model Rule 4.2 do not apply to former employees.  693 So. 2d 541, 544-46 (Fla. 1997).  Although federal courts have regarded state supreme court decisions interpreting ethics rules as "highly persuasive," they are not determinative of the question of the propriety of *ex parte* contacts with former employees.  *NAACP v. Fla. Dep't of Corr.*, 122 F. Supp. 2d 1335, 1340 n.4 (M.D. Fla. 2000).  Accordingly, *Rentclub* is still persuasive authority.

former posts in management, wherein they were privy to privileged corporate information.  *Id.*;[6]

*see also Kishaba v. Hilton Hotels Corp.*, 936 F.2d 578 (9th Cir. 1991) (affirming district court's

protective order prohibiting *ex parte* contacts with defendants' former management employees,

including the Director of Human Resources); *Kaiser v. Am. Tel. & Tel.*, No. CIV 00-724-PHX

JWS, 2002 WL 1362054, at *6 (D. Ariz. Apr. 5, 2002) (holding that counsel should not conduct

*ex parte* interviews of high-level former employees without "court authorization or opposing

counsel's consent"); *Castano v. Am. Tobacco Co.*, 908 F. Supp. 378, 381-83 (E.D. La. 1995)

(refusing to modify guidelines prohibiting *ex parte* interviews of former employees "who were

officers, directors or high-level managing agents of any defendant" to permit plaintiffs to

interview defendant's former head of research and development, despite the former employee

having granted interviews to government investigators and the national press).[7]

       Furthermore, the decisions Plaintiffs cite in support of their argument that NDAs cannot

bar "witness access" are not applicable here.  The first case cited by Plaintiffs, *Scott v. Nelson*,

addressed whether a confidentiality provision in a litigation settlement agreement could prohibit

the disclosure of the underlying facts of the case that was settled where that information was

requested by a litigant pursuing similar claims against the defendant in the settled case.  697 So.

---

[6]     Notably, the identities of the former employees were known to the defendants in *Weber*, 2010 WL 2836720, at *1.  Indeed, the court ruled that the "[d]efendants are free to educate their former employees [prior to the *ex parte* interviews] on the details of which prior communications are privileged, *including any discussions that are barred by the confidentiality agreements into which they have entered.*"  *Id.* at *4 (emphasis added).

[7]     Although Plaintiffs' proposed guidelines state that information obtained through *ex parte* interviews may not be used as binding admissions against the former employer (Pls.' Aff. Ex. A, ¶ 6), this does not address Defendants' concerns for the protection of their privileged and confidential information.  Moreover, Plaintiffs' guidelines do not expressly prevent Plaintiffs from attempting to introduce as evidence information obtained from *ex parte* interviews.  *See Fla. Dep't of Corr.*, 122 F. Supp. 2d at 1340-41 & n.7 (providing similar proscription on use of *ex parte* information as evidence, but nevertheless allowing contact only with "rank and file" former employees).

2d 1300, 1301 (Fla. Dist. Ct. App. 1997).  As Plaintiffs concede, the court reasoned that the settlement provision was improper because it bought the silence of the witness specifically in order to prevent disclosure in litigation.  *Id.*  Here, there is no accusation (and there can be none) that Defendants entered into NDAs with their former employees to "buy the silence of witnesses."  *Id.*  Moreover, the agreement at issue in *Scott* was being used to attempt to bar the disclosure of potentially relevant information completely.  *Id.*  Defendants are not seeking to deny access to relevant, non-privileged, or non-confidential information.  Instead, at this stage, Defendants seek only advance notice of who is being interviewed so they can assess whether certain guidelines, specific to the interviewee, would be appropriate given the level of the former employee's position and knowledge of confidential and privileged information.  Accordingly, *Scott* is inapplicable.

Similarly, *Grumman Aerospace Corp. v. Titanium Metals Corp. of America* involved an agreement among several parties to a litigation to keep confidential, non-privileged, and highly relevant information from being disclosed to a third party in the same litigation.  91 F.R.D. 84, 87-88 (E.D.N.Y. 1981).  Again, that is not the effect of Defendants' proposed guidelines.  Furthermore, *Nestor v. Posner-Gerstenhaber* is not persuasive authority.  857 So. 2d 953 (Fla. Dist. Ct. App. 2003).  The issue in that case was whether a decedent's personal representative could enforce a confidentiality agreement entered into by the decedent and an employee of the decedent, where the decedent's grandchildren were embroiled in a will contest with a third party and the employee was a witness to the decedent's will.  *Id.* at 954.  The Third District Court of Appeal held that the personal representative could not enforce the confidentiality agreement because the privilege against disclosure did not survive the decedent's death.  *Id.* at 955.  Accordingly, the rest of the court's decision, quoted extensively in Plaintiffs' brief, is dicta.  (*See*

9

Pls.' Mem. at 7-8.)  In any event, the court observed that even if the personal representative had standing, disclosure was appropriate because the representative *agreed* that the witness could provide the sought-after information, but demanded that it be disclosed in a deposition – a demand the court rejected.  *Nestor*, 857 So. 2d at 955.  Here, Defendants' proposed guidelines do not require a formal deposition of the former employee with counsel for all parties present.  Instead, Defendants' proposal requires advance notice in order to assess the risk of the improper disclosure of privileged or commercially sensitive information during the *ex parte* interview and to attempt to resolve any concerns before the interview takes place.[8]

Moreover, *In re JDS Uniphase Corp. Securities Litigation*, upon which Plaintiffs rely (*see* Pls.' Mem. at 8), supports Defendants' proposed guidelines.  238 F. Supp. 2d 1127 (N.D. Cal. 2002).  In holding that NDAs do not block all *ex parte* contacts with former employers, the court acknowledged that the corporation "***unquestionably has a legitimate interest in preventing dissemination of trade secrets and confidential business information***," and further held that "***the appropriate remedy is not to allow plaintiffs to be the sole arbiters of whether their investigation avoids infringing on legitimate confidentiality concerns***."  *Id.* at 1137-38 (emphasis added).  The court went on to place strict limits on the questions counsel could ask during the *ex parte* interviews of former employees, noting that by using this procedure "the risk

---

[8]    Other cases cited by Plaintiffs are distinguishable on similar grounds.  *See Neiman v. Naseer*, 47 So. 3d 954, 955 (Fla. Dist. Ct. App. 2010) (holding that confidentiality provision in a settlement agreement did not shield non-privileged information from formal discovery); *Smith v. TIB Bank of the Keys*, 687 So. 2d 895 (Fla. Dist. Ct. App. 1997) (addressing plaintiff's attempt to use confidentiality provisions in a settlement agreement to shield relevant, non-privileged information from formal discovery in a separate litigation and holding that the trial court properly limited questioning on the prior litigation to relevant topics and correctly prohibited questioning on non-relevant topics).

that the interviews will expand into areas of legitimate concern to [the corporation] is minimized."  *Id.* at 1138.[9]

      As one court observed, while *In re JDS Uniphase* and similar cases "identify limits to the ability to suppress evidence through use of confidentiality agreements, they do not indicate a broad rule invalidating confidentiality agreements."  *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 922 (D. Nev. 2006).  Rather, such cases "merely stand for the unremarkable proposition that confidentiality agreements will not stand as a barrier to discovery between two parties in litigation."  *Id.*  The *Saini* court also noted that "[t]he cases simply do not announce a sweeping rule that renders confidentiality agreements unenforceable such that former employees may . . . disclose confidential information or trade secrets."  *Id.* at 920.[10]  Accordingly, *In re JDS*

---

[9]    Although the court did not require counsel to provide the names of interviewees to the former employer prior to the interview in *In re JDS Uniphase*, the court so ruled because it listed the specific questions counsel were permitted to ask in *ex parte* interviews and concluded that these questions minimized the risk that the "interviews will expand into areas of legitimate concern" (*i.e.*, trade secrets and privileged communications) to the former employer.  238 F. Supp. 2d at 1138.  Unlike the plaintiffs in *In re JDS Uniphase*, Plaintiffs here have not set forth the questions they wish to ask Defendants' former employees.

[10]    Other cases cited by Plaintiffs similarly do not support the sweeping invalidation of all NDAs in the litigation context.  For example, rather than finding that the NDA signed by the former employee (who was identified to the former employer) was completely inapplicable, the court in *Management Insights, Inc. v. Tricon Global Restaurants, Inc.* merely acknowledged the unremarkable principle that the NDA was not "so broad as to preclude *any* discussion of facts and issues related to this case."  No. 01-1040-MLB, 2001 WL 1325955, at *2 (D. Kan. Oct. 24, 2001).  Moreover, the facts of *Maddox v. Williams*, 855 F. Supp 406, 415 (D.D.C. 1994), are too far afield for the dicta in that decision to be instructive here.  *Maddox* involved subpoenas issued to members of the United States Congress in connection with a state court tort action by a law firm against a former law firm employee who allegedly stole certain confidential information belonging to Brown and Williamson Tobacco Corporation ("B & W").  After granting the motion to quash the subpoenas on constitutional grounds, the court observed that the "high-handed" strategy was "patently crafted to harass those who would reveal facts concerning B & W's knowledge of the health hazards inherent in tobacco."  *Id.* at 416.  Needless to say, there is no basis here to suggest that Defendants are using NDAs to harass or intimidate former employees.  The dicta in *Maddox* is inapplicable and of questionable authority.  *See Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 423 (D.C. Cir. 1995) (affirming *Maddox* on appeal, but stating that "fairness obliges us to disassociate ourselves from comments the district judge made in his opinion concerning his views as to the likely content of the documents in question . . . and B & W's motivation in seeking the subpoenas").

*Uniphase* does not support Plaintiffs' argument that the Court should void Defendants' NDAs with *all* of their former employees.

Defendants' proposal potentially gives interviewing counsel even more leeway than the procedure set forth in *In re JDS Uniphase*. Although Defendants' proposal would permit the former employer to consider whether stricter guidelines – like the ones set forth in *In re JDS Uniphase* – would be necessary for certain, high-level former employees, it is also possible that, after learning the name of the former employee and considering the applicable NDA and the nature of the person's former position, the employer may find that no additional guidelines are necessary.

Finally, Plaintiffs' attempt to position their argument as a need for "access" to discovery is a red herring. (Pls.' Mem. at 7-9.) Access to witnesses and discovery is not at issue here; Defendants' proposal does not prohibit *ex parte* contacts with former employees. The only thing that Defendants' proposal will impact is Plaintiffs' ability to anonymously and secretly obtain privileged and/or confidential information. Even if Defendants were to oppose an *ex parte* interview regarding a particular former employee, informal *ex parte* interviews are not the only way for Plaintiffs to obtain the information they seek. Plaintiffs are free to use other discovery tools to get "access" to information in the possession of former employees.

III.    PLAINTIFFS' PROPOSED GUIDELINES DO NOT ADEQUATELY ADDRESS DEFENDANTS' LEGITIMATE CONCERNS REGARDING THE PRESERVATION OF CONFIDENTIAL AND PRIVILEGED INFORMATION

A.    Plaintiffs' Privilege Instruction Is Inadequate for High-Level Former Employees

Plaintiffs argue that their proposed guidelines address Defendants' concerns by including an instruction that the interviewee should not disclose privileged information. (*See* Pls.' Mem. at 13.) Although it would be a breach of professional responsibility for counsel to ask questions

12

that call for privileged information, the interviewee may nonetheless divulge privileged information without prompting by the questioner and without the knowledge of the holder of the privilege. *See G-I Holdings, Inc. v. Baron & Budd*, 199 F.R.D. 529, 535 (S.D.N.Y. 2001) ("[I]t is unrealistic to expect even the best-intentioned lay person to be able to safeguard the attorney-client privilege."). This potential is particularly acute for former high-level employees who were privy to privileged communications as well as former employees who, following the termination of their employment, have little interest in preserving the confidentiality of their former employer's privileged information other than abiding by their NDA. *See Kaiser v. Am. Tel. & Tel.*, No. CIV 00-724-PHX JWS, 2002 WL 1362054, at *6 (D. Ariz. Apr. 5, 2002) ("Given the obvious concern that confidential and privileged information should be protected, it makes no sense as a matter of law or policy to leave this important consideration under the exclusive control of a former employee (who may often be characterized as a 'disgruntled' former employee) and opposing counsel.").

The cases Plaintiffs cite in support of the privilege instruction in their guidelines are distinguishable. *Concerned Parents of Jordan Park v. Housing Authority of the City of St. Petersburg* involved a question of whether counsel should be *disqualified* for conducting an *ex parte* interview. 934 F. Supp. 406 (M.D. Fla. 1996). Moreover, the opinion does not suggest that the interviewee had an NDA. Indeed, the court noted that the interviewee's former employer was a public entity that "cannot have confidential meetings and discussions nor keep documents from public view except under very narrow and limited circumstances." *Id.* at 411. Furthermore, the court denied the motion to disqualify, in part, on the ground that the movant presented no factual support for its assertion that the witness was privy to privileged and confidential information concerning the matter in the litigation. *Id.* at 409. Here, Defendants'

proposal requires prior notice for former employees with NDAs so that counsel can determine whether the interviewee possesses privileged or commercially sensitive information, and contemplates that the parties would work out mutually agreeable guidelines for any former employees who raise particular privilege and confidentiality concerns due to their former roles in the company.  If the parties cannot not reach an agreement, the employer would need to meet the "good cause" standard for a protective order.  *See* Fed. R. Civ. P. 26(c)(1).

     *Muriel Siebert & Co. v. Intuit Inc.* is also distinguishable because in that case at issue was whether the interviewing firm should be disqualified, and the court did not address whether the former employee had an applicable NDA.  868 N.E.2d 208, 210-11 (N.Y. 2007).  Moreover, *Cram v. Lamson & Sessions Co.*, is not persuasive authority because the court did not have the benefit of an opposition from the company whose former employees were at issue.  148 F.R.D. 259, 260 (S.D. Iowa 1993) (stating defendant failed to file a response to plaintiff's motion). Therefore, the court found that "no privileged information to which the former employees were privy has been identified."  *Id.* at 266.  Indeed, the court left open the possibility that a further limitation on *ex parte* interviews may be warranted:  "If [d]efendants can produce sufficient evidence that privileged communications may be divulged by the former employee during *ex parte* communications, a protective order may be sought . . . ."  *Id.*  Finally, *Judd v. Take-Two Interactive Software, Inc.* supports Defendants' guidelines because the party opposing the *ex parte* interviews knew the identity of the individuals prior to the interview.  No. 07 Civ. 7932(GEL), 2008 WL 906076, at *1 (S.D.N.Y Apr. 3, 2008) (noting that plaintiff requested the "last known addresses of individuals known by the defendant to have knowledge related to the case").  In addition, the defendant made "no showing that any of its former employees have had 'extensive' exposure to privileged information."  *Id.* at *2.  Because it would be highly

inefficient and burdensome for Defendants to make individualized arguments as to every former employee at this stage, Defendants' guidelines contemplate that pre-interview notice will provide the opportunity to raise individualized concerns as to particular former employees, if any, first to Plaintiffs' counsel and to the Court only if necessary.[11]

**B.      Plaintiffs' Suggestion That They Will Treat All Information Gleaned from Interviews as Highly Confidential under the Stipulated Protective Order Does Not Adequately Protect Defendants' Legitimate Concerns for Confidentiality**

Plaintiffs' proposal that counsel treat any information gleaned from interviews of former employees as Highly Confidential under the Stipulated Protective Order in this case does not resolve Defendants' concerns regarding the protection of their commercially sensitive information.  The Stipulated Protective Order contemplates that the party whose confidential information has been disclosed knows exactly what information has been disclosed and allows that party to designate how the information is treated.  (*See* Stipulated Protective Order at ¶ 5 [D.E. 185].)  Because Defendants will not know what confidential information otherwise covered by NDAs is disclosed through the *ex parte* interviews, they will not be in a position to detect inappropriate disclosures or take other steps to safeguard their businesses.  The guidelines Plaintiffs propose potentially give Plaintiffs' counsel unlimited access to Defendants' confidential information without Defendants' knowledge of what has been disclosed.

---

[11]    *See Kingsway Fin. Servs. Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4200601, at *1 (S.D.N.Y. Sept. 12, 2008) (discussing procedure requiring prior notice and objections by employer on grounds that the former employee had access to privileged information); *G-I Holdings, Inc. v. Baron & Budd*, 199 F.R.D. 529, 535 (S.D.N.Y. 2001) (setting forth, as "alternatives" the option for plaintiff to "continue the interviews with notice to Defendants' counsel and with the right for those counsel to be present" or for "the interviews . . . [to] be conducted in the presence of a special master, whose task will be to monitor the interviews with respect to the issue of privilege").

Furthermore, discovery procedures permit the parties to object to requests for commercially sensitive information that is irrelevant to the dispute. Notice and objections limit the risk of potential needless disclosure of the parties' confidential information and would not be available under Plaintiffs' proposed guidelines.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny

Plaintiffs' motion.  In the alternative, Defendants respectfully request that the Court enter an

order with Defendants' Proposed Guidelines for Interviews of Former Employees of Either Side

(attached as Exhibit 1 hereto) as the exhibit to the order.

Dated:  May 26, 2011                              Respectfully submitted,


*/s/ James L. Cooper*
James L. Cooper
Ryan Z. Watts
Laura Cofer Taylor
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  (202)-942-5000
Facsimile:  (202) 942-5999
James.Cooper@aporter.com
Ryan.Watts@aporter.com
Laura.Taylor@aporter.com

Frank Burt (Fla. Bar No. 197963)
**JORDEN BURT LLP**
1025 Thomas Jefferson Street, NW
Washington, DC  20007-5208
Telephone:  (202) 965-8140
Facsimile:  (202) 965-8104
fgb@jordenusa.com

Richard J. Ovelmen (Fla. Bar No. 284904)
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida  33131-2803
Telephone:  (305) 347-6805
Facsimile:  (305) 372-4720
rjo@jordenusa.com

*Counsel for Defendant Tarmac America LLC*

/s/ Shepard Goldfein_____
Shepard Goldfein
Clifford H. Aronson
Paul M. Eckles
Matthew M. Martino
**SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**
Four Times Square
New York, New York  10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
shepard.goldfein@skadden.com
clifford.aronson@skadden.com
paul.eckles@skadden.com
matthew.martino@skadden.com

Michael Nachwalter (Fla. Bar No. 099989)
Elizabeth B. Honkonen (Fla. Bar No. 014903)
Jalaine Garcia (Fla. Bar No. 058632)
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131-4327
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861
mnachwalter@kennynachwalter.com
ebh@kennynachwalter.com
jgarcia@kennynachwalter.com

*Counsel for Defendant Cemex Inc.*

/s/ Richard B. Brosnick_____
Richard B. Brosnick
**BUTZEL LONG**
380 Madison Avenue
22nd Floor
New York, New York  10017
Telephone:  (212) 818-1110
Facsimile:  (212) 818-0494
brosnick@butzel.com

Christopher B. Hopkins (Fla. Bar No. 116122)
**AKERMAN SENTERFITT**
Esperante Building, 4th Floor
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida  33401-6147
Telephone:  (561) 653-5000
Facsimile:  (561) 659-6313
christopher.hopkins@akerman.com

*Counsel for Defendant VCNA Prestige Ready-
Mix Florida, Inc.*

/s/ Marty Steinberg_____
Marty Steinberg (Fla. Bar No. 187293)
D. Bruce Hoffman (Fla. Bar No. 958026)
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
msteinberg@hunton.com

*Counsel for Defendant Florida Rock
Industries, Inc.*

18

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 26th day of May, 2011, the foregoing Defendants'

Joint Opposition to Direct Purchaser Plaintiffs' Motion For An Order Governing Interviews of

Former Employees was filed with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to those listed on the attached Service List.


Dated: May 26, 2011                              <u>/s/ *Richard J. Ovelmen*</u>

18

## SERVICE LIST

Robert C. Josefsberg
Katherine W. Ezell
Alexander Rundlet
PODHURST ORSECK PA
City National Bank Building
24 W. Flagler Street, Suite 800
Miami, FL 33130-1780
T: 305-358-2800
F: 305- 358-2382
Email: rjosefsberg@podhurst.com
Email: kezell@podhurst.com
Email: arundlet@podhurst.com

*Liaison Counsel for Direct Purchaser Plaintiffs*

Gregory S. Asciolla
Hollis L. Salzman
Jay L. Himes
Kellie Lerner
LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, NY 10005
T: 212-907-0700
F: 212818-0477
Email: gasciolla@labaton.com
Email: hsalzman@labaton.com
Email: jhimes@labaton.com
Email : klerner@labaton.com

*Direct Purchaser Plaintiffs' Interim Co-Lead Class Counsel*

Bonny E. Sweeney
Carmen A. Medici
David J. George
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
T: 619-231-1058
F: 619-231-7423
Email: bonnys@rgrdlaw.com
Email: cmedici@rgrdlaw.com
Email: dgeorge@rgrdlaw.com

*Counsel for Plaintiffs*

David J. George
ROBBINS GELLER RUDMAN & DOWD LLP
120 Est Palmetto Park Road, Suite 500
Boca Raton, FL 33432
T: 561-750-3000
F : 561-750-3364
Email : dgeorge@rgrdlaw.com

*Counsel for Plaintiffs*

Gerald J. Rodos
Jeffrey B. Gittleman
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
T: 215-963-0600
F: 215-963-0838
Email: grodos@barrack.com
Email: jgittleman@barrack.com

*Counsel for Plaintiffs*

Patrick Barrett
BARRETT LAW OFFICE PA
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
T: 615-665-9990
F: 615-665-9998
Email: pmbarrett3@barrettlawoffice.com

*Counsel for Plaintiffs*

Bryan L. Clobes
Ellen Meriwether
Nyran Rose Pearson
CAFFERTY FAUCHER LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
T: 215-864-2800
F: 215-864-2810
Email: bclobes@caffertyfaucher.com
Email: emeriwether@caffertyfaucher.com
Email: npearson@caffertyfaucher.com

*Counsel for Plaintiffs*

Brian Campf
BRIAN S. CAMPF PC
7243 Southeast 34th Street
Portland, OR 97202
T: 503-849-9899
Email: brian@bsclegal.com

*Counsel for Plaintiffs*

Joseph G. Sauder
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
Haverford, PA 19041
T: 610-642-8500
F: 610-649-3633
Email: josephsauder@chimicles.com
Email: bfj@chimicles.com

*Counsel for Plaintiffs*

Kevin B. Love
Michael S. Criden
CRIDEN & LOVE PA
7301 Southwest 57 Court, Suite 515
South Miami, FL 33143
T: 305-357-9000
F: 305-357-9050
Email: mcriden@cridenlove.com
Email: klove@cridenlove.com

*Counsel for Plaintiffs*

Daniel E. Gustafson
Jason S. Kilene
GUSTAFSON GLUEK PLLC
608 Second Avenue South, Suite 650
Minneapolis, MN 55402
T: 612-333-8844
F: 612-339-6622
Email: dgustafson@gustafsongluck.com
Email: jkilene@gustafsongluck.com

*Counsel for Direct Purchaser Plaintiffs*

Joseph C. Kohn
KOHN SWIFT & GRAF PC
One South Broad Street, Suite 2100
Philadelphia, PA 19107
T: 215-238-1700
Email: jkohn@kohnswift.com

*Counsel for Plaintiffs*

W. Joseph Bruckner
Brian D. Clark
LOCKBRIDGE GRINDAL NAUEN & HOLSTEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: 612-339-6900
F: 612-339-0981
Email: wjbruckner@locklaw.com
Email: bdclark@locklaw.com
*Co-Counsel for Plaintiff Deeb Construction &
Development Co.*

Noah Shube
THE LAW OFFICES OF NOAH SHUBE
434 Broadway, 6th Floor
New York, NY 10013
T: 212-274-8638
F: 212-966-8652
Email: nshube@nsfirm.com

*Counsel for Plaintiffs*

Robert S. Schachter
Joseph Lipofsky
ZWERLING SCHACHTER & ZWERLING LLP
41 Madison Avenue
New York, NY 10010
T: 212-223-3900
F: 212-371-5969
Email: rschachter@zsz.com
Email : jlipofsky@zsz.com

*Counsel for Plaintiffs*

Matthew W. Friedrich
William A. Isaacson
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW, #800
Washington, DC 20015
T: 202-237-2727
F: 202-237-6131
Email: mfriedrich@bsfllp.com
Email: wisaacson@bsfllp.com

Mark J. Heise
Stephen N. Zack
BOIES SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, FL 33131
T: 305-539-8400
F: 305-539-1307
Email: mheise@bsfllp.com
Email : szack@bsfllp.com

*Interim Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

Robert Gilbert
2525 Ponce de Leon Boulevard
Suite 1150
Miami, FL  33134
T: 305-442-8666
F: 305-779-9596
Email: rcg@grossmanroth.com

*Counsel for Plaintiffs Florida Block & Ready Mix and Bay Area Remodelers, Inc.*

Craig C. Corbitt
Christopher T. Micheletti
Eric Buetzow
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, 34th Floor
San Francisco, CA 94104
T: 415-693-0700
Email: ccorbitt@zelle.com
Email: cmicheletti@zelle.com
Email: ebuetzow@zelle.com

*Counsel for Plaintiffs Florida Block & Ready Mix and Bay Area Remodelers, Inc.*

Michael D. Hausfeld
Ralph J. Bunche
William P. Butterfield
Brian A. Ratner
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
T: 202-540-7200
F: 202-540-7201
Email: rbunche@hausfeldllp.com
Email: wbutterfield@hausfeldllp.com
Email: bratner@hausfeldllp.com
Email: mhausfeld@hausfeldllp.com
*Interim Co-Lead Counsel on Behalf of Direct Purchaser Plaintiffs*

Steven A. Kanner
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 W. Waukegan Road, Suite 130
Bannockburn, IL 60015
T: 224-632-4500
F: 224-632-4521
Email: skanner@fklmlaw.com
Email: dmillen@fklmlaw.com

*Co-Counsel on Behalf of Direct Purchaser Plaintiffs*

Lee Albert
MURRAY FRANK & SAILER LLP
275 Madison Avenue, Suite 801
New York, NY 10016
T: 212-682-1818
F: 212-682-1892
Email: lalbert@murrayfrank.com

*Co-Counsel for Plaintiffs Action Ready Mix Concrete Inc., Advantage Concrete of Florida Inc., Bay Area Remodelers Inc., Carpenter Contractors of America Inc., Daniel Morgan Construction Inc., Family Pools Inc., Florida Block & Ready Mix, Hard Rock Materials, Kroeger Enterprises Inc. and Liberty Concrete and Masonry, Inc.*

Erin C. Burns
Dianne M. Nast
RODA NAST PC
801 Estelle Drive
Lancaster, PA 17601
T: 717-892-3000
Email : eburns@rodanast.com
Email : dnast@rodanast.com

*Co-Counsel for Plaintiff Bandes Construction Company, Inc.*

Arthur H. Rice
Jodi N. Cohen
RICE PUGATCH ROBINSON & SCHILLER PA
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
T : 954-462-8000
F : 954-462-4300

*Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel*

David E. Kovel
Kenneth G. Walsh
Daniel Hume
KIRBY MCINERNY LLP
825 third Avenue, 16th Floor
New York, NY 10022
T: 212-371-6600
F: 212-751-2540
Email: dkovel@kmllp.com
Email: kwalsh@kmllp.com
Email: dhume@kmllp.com

*Indirect Purchaser Plaintiffs Interim Co-Lead Class Counsel*

Kenneth G. Gilman
GILMAN & PASTOR LLP
60 State Street, 37th Floor
Boston, MA 02109
T : 617-742-9700
F : 617-742-9701
Email : kgilman@gilmanpastor.com

*Counsel for Indirect Plaintiffs*

Herman J. Russomanno
Herman J. Russomanno, III
RUSSOMANNO & BORRELLO
150 W. Flagler Street, Suite 2800
Miami, FL 33130-1560
T: 305-373-2101
F: 305-373-2103
Email: hrussomanno@russomanno.com
Email: herman2@russomanno.com

*Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel*

Daniel A. Bushell
Manuel Juan Dominguez
BERMAN DE VALERIO
3507 Kyoto Gardens Drive, Suite 200
Palm Beach Gardens, Florida 33410
T: 561-835-9400
F: 561-835-0322
Email: dbushell@bermandevalerio.com
Email: mdominguez@bermandevalerio.com

*Counsel for Plaintiff Advantage Concrete of Florida, Inc.*


Shepard Goldfein
Paul M. Eckles
Clifford H. Aronson
Matthew M. Martino
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522
T: 212-735-3000
F: 212-735-2000
Email: shepard.goldfein@skadden.com
Email : paul.eckles@skadden.com
Email : clifford.aronson@skadden.com
Email : matthew.martino@skadden.com

Michael Nachwalter
Elizabeth B. Honkonen
Jalaine Garcia
KENNY NACHWALTER PA
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131
T: 305-373-1000
F: 303-373-1861
Email: mnachwalter@kennynachwalter.com
Email: ebh@kennynachwalter.com
Email: jgarcia@kennynachwalter.com

*Counsel for Defendant Cemex*

Seth R. Gassman
Jay L. Himes
LABATON SUCHAROW, LLP
140 Broadway
New York, NY  10005
Tel: 212-907-0700
SGassman@labaton.com
jhimes@labaton.com

*Counsel for Direct Purchaser Plaintiffs*


Frank G. Burt
JORDEN BURT LLP
1025 Thomas Jefferson Street NW
Suite 400 East
Washington, DC  20007
T: 202-965-8100
F: 202-965-8104
Email fgb@jordenusa.com

James L. Cooper
Ryan Z. Watts
Laura Cofer Taylor
ARNOLD & PORTER LLP
555 12 Street NW
Washington, DC 20004
T: 202-942-5000
F: 202-942-5999
Email: laura.taylor@aporter.com
Email: james.cooper@aporter.com
Email: ryan.watts@aporter.com

Richard J. Ovelmen
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131
T: 305-371-2600
F: 305-372-9928
Email: rjo@jordenusa.com

*Counsel for Defendant Tarmac America LLC*

Andrew G. Klevorn
Michael B. Mackenzie
Chad J. Doellinger
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
T: 312-660-7600
F: 312-692-1718
Email: aklevorn@eimerstahl.com
Email: mmackenzie@eimerstahl.com
Email: cdoellinger@eimerstahl.com

Juan J. Rodriguez
CAREY RODRIGUEZ GREENBERG & PAUL LLP
Espirito Santo Plaza
1395 Brickell Avenue, Suite 700
Miami, FL  33131
T: 305-372-7474
F: 305-372-7475
Email: jrodriguez@crgplaw.com

*Counsel for Defendant Holcim (US), Inc. and Holcim
North America, Inc.*

Thomas E. Scott
Robert D. Rightmyer
COLE SCOTT & KISSANE PA
Dadeland Centre II, 14th Floor
9150 South Dadeland Boulevard
Miami, FL 33156
T: 305-350-5300
F: 305-373-2294
Email: thomas.scott@csklegal.com
Email : robert.rightmyer@csklegal.com

*Counsel for Defendant Oldcastle, Inc. and Defendant
Preferred Materials, Inc.*

Barry N. Greenberg
Helaine S. Goodner
FOWLER WHITE BURNETT PA
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL  33131
T: 305-789-9200
F: 305-789-9201
Email: breenberg@fowler-white.com
Email : hgoodner@fowler-white.com

*Counsel for Defendant Lehigh Cement Company*

John B. Wyss
Joshua W. Abbott
Thomas R. McCarthy
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
T: 202-719-7000
F: 202-719-7049
Email: jwyss@wileyrein.com
Email : jabbott@wileyrein.com
Email : tmccarthy@wileyrein.com

*Counsel for Defendant Lehigh Cement Company*

Richard Brosnick
BUTZEL LONG PC
380 Madison Avenue, 22nd Floor
New York, NY 10017
T: 212-818-1110
F: 212-818-949
Email: brosnick @butzel.com

Christopher B. Hopkins
Akerman Senterfitt
222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-6147
Email: christoher.hopkins@akerman.com

*Counsel for Defendant Prestige AB Management Co.,
LLC*

Reginald D. Steer
Amit Kurlekar
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94101
T: 415-765-9500
F: 415-765-9501
Email: rsteer@akingump.com
Email: akurlekar@akingump.com

Mitchell Hurley
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
T: 212-872-1000
F: 212-872-1002
Email: mhurley@akingump.com

*Counsel for Defendant Suwannee American Cement
LLC*

Amy Lane Hurwitz
Benjamine Reid
CARLTON FIELDS PA
100 SE 2nd Street, Suite 4000
Miami, FL  33131
T: 305-530-0050
F : 305-530-0055
Email : ahurwitz@carltonfields.com
Email : breid@carltonfields.com

*Counsel for Defendant Suwannee American Cement
LLC*

Juan A. Gonzalez
Frank P. Cuneo
LIEBLER GONZALEZ & PORTUONDO PA
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL
T: 305-379-0400
F: 305-379-9626
Email: jag@lgplaw.com
Email: fpc@lgplaw.com

*Counsel for Defendant Lafarge North America, Inc.*

Steven J. Kaiser
Mark Nelson
George S. Cary
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Email: skaiser@cgsh.com
Email: mnelson@cgsh.com
Email: gcary@cgsh.com

*Co-Counsel for Defendant Lafarge North America,
Inc.*

John R. Fornaciari
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036
T: 202-861-1612
F: 202-861-1783
Email: jfornaciari@bakerlaw.com

*Co-Counsel for Defendants Oldcastle Materials, Inc.*
*and Preferred Materials, Inc.*

Vincent J. Esades
Renae Steiner
HEINS MILLS & OLSON, PLC
310 Clifton Avenue
Minneapolis, MN 55403
T: 612-338-4605
F: 612-338-4692
Email: vesades@heinsmills.com
Email; rsteiner@heinsmills.com

Jeffrey J. Corrigan
Jay S. Cohen
SPECTOR ROSEMAN KODROFF & WILLIS PC
1818 Market Street, Suite 2500
Philadelphia, PA 19103
T: 215-496-0300
F: 215-496-6611
Email: jcorrigan@srkw-law.com
Email : jcohen@srkw-law.com

Solomon B. Cera
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
T: 415-777-2230
F: 415-777-5189
Email: scera@gbcslaw.com

Lance A. Harke
Sarah Clasby Engel
Howard M. Bushman
HARKE  CLASBY & BUSHMAN, LLP
9699 NE Second Avenue
Miami Shores, FL  33138
T: 305-536-8222
F: 305-536-8229
Email: lharke@harkeclasby.com
Email : sengel@harkeclasby.com
Email : hbusman@harkeclasby.com

Adam M. Moskowitz
Thomas A. Tucker Ronzetti
KOZYAK TROPIN & THROCKMORTON PA
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
T: 305-372-1800
F: 305-372-3508
Email : amm@kttlaw.com
Email : tr@kttlaw.com

Keven Landau
TAUS CEBULASH & LANDAU LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
T: 212-520-4310
Email: klandau@tcllaw.com

Arthur N. Bayley, Sr.
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701
T: 716-664-2987
F: 716-664-2983
Email: artlaw@windstream.net

*Counsel for Plaintiff f Dakota Land Company*

Michael E Utley
MICHAEL E. UTLEY PC
5959 Blue Lagoon Draive, Suite 200
Miami, FL  33126
T: 305-552-9628
Email: mike.utley@meupc.com

Natalie Finkelman Bennett
Jayne Arnold Goldstein
SHEPHERD FINKELMAN MILLER & SHAH LLP
35 East State Street
Media, PA  19063
T: 610-891-9880
F: 610-891-9883
Email: nfinkelman@sfmslaw.com
Email: jgoldstein@sfmslaw.com

Bruce L. Simon
Jessica L. Grant
Ashlei M. Vargas
PEARSON SIMON WARSHAW PENNY LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
T: 415-433-9000
F: 415-433-9008
Email: bsimon@pswplaw.com
Email : jgrant@pswplaw.com
Email : avaragas@pswplaw.com

J. Mitchell clark
LAW OFFICES OF J. MITCHELL CLARK
Frost Bank Plaza
802 N. Carancahua, Suite 1400
Corus Christi, TX 78470
T : 361-887-8500
F : 361-882-4500
Email : mitchell@txverdict.com

Richard A. Koffman
Emmy L. Levens
J. Douglas Richards
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
T: 202-408-4600
F: 202-408-4699
Email: elevens@cohenmilstein.com
Email: drichards@cohenmilstein.com

Mark S. Goldman
GOLDMAN SCARLATO & KARON PC
101 West Elm Street, Suite 360
Conshohocken, PA 19428
T: 484-342-0700
F: 484-342-0701
Email: goldman@gsk-law.com

Steven A. Asher
Mindee J. Reuben
Jeremy S. Ppiegel
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
T: 215-545-7200
F: 215-545-6535
Email: asher@wka-law.com
Email: reuben@wka-law.com
Email: spiegel@wka-law.com

William C. Wright
Wright Law Office
301 Clematis Street, Suite 300
West Palm Beach, FL 33401
T : 561-514-0904
F : 561-514-0905
Email : willwright@@wrightlawoffice.com

Christopher M. Burke
SCOTT & SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
T: 619-233-4565
F: 619-233-0508
Email: cburke@scott-scott.com

Ira Neil Richards
Gary M. Goldstein
TRUJILLO RODRIGUEZ & RICHARDS LLC
1717 Arch Street, Suite 3838
Philadelphia, PA 19103
T: 215-731-9004
F: 215-731-9044
Email: ira@trrlaw.com
ggoldstein@trrlaw.com

Marty Steinberg Esq.
D. Bruce Hoffman Esq.
Hunton & Williams LLP
1111 Brickell Avenue Suite 2500
Miami FL 33131
Tel: 305-810-2500
Fax: 305-810-2460
Email:  msteinberg@hunton.com
Email:  bhoffman@hunton.com
Email:  mbilchik@hunton.com
Email:  rribeiro@hunton.com

*Counsel for Defendant Florida Rock
Industries Inc.*

Ryan Shores Esq.
Hunton & Williams LLP
1900 K Street NW
Washington DC 20006
Tel: 202-955-1500
Email:  rshores@hunton.com

*Counsel for Defendant Florida
Rock Industries, Inc.*

H. Laddie Montague, Jr.
Merrill G. Davidoff
Eric Cramer
Michael Dell Angelo
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103
T: 215-875-3000
F: 215-875-4604
Email: hlmontague@bm.net
Email: mdavidoff@bm.net
Email: ecramer@bm.net
Email: mdellangelo@bm.net

Anthony J. Bolognese
Joshua H. Grabar
Jonathan Stemennan
BOLOGNESE & ASSOCIATES
1500 JFK Boulevard, Suite 320
Philadelphia, PA 19102
T : 215-814-6750
F : 215-814-6764
Email : abolognese@bolognese-law.com
Email: jbrabar@bolognese-law.com
jstemerman@bolognese-law.com

- 10 -