UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-23187-CIV-ALTONAGA/BANDSTRA

IN RE FLORIDA CEMENT AND
CONCRETE ANTITRUST LITIGATION
[DIRECT PURCHASER ACTION],

_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court on various pending motions. Having reviewed the motions, the responses and the replies thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED as follows:

(1) Defendants' Joint Motion to Compel Responses to Joint First Set of Interrogatories (D.E. 271) filed on May 2, 2011 is GRANTED IN PART AND DENIED IN PART. The motion to compel is GRANTED as to Interrogatories 4, 5 and 6. As such, plaintiffs shall provide full and complete answers to these interrogatories within fifteen (15) days of the date of this Order.

The motion is DENIED with regard to Interrogatory 7 in that the Court finds this question does seek impermissible downstream information. *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 494 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 725 (1977); See D.E. 272, pgs. 10-11 for additional case citations illustrating courts that have declined to compel such downstream information. The undersigned finds defendants' "reasoning" for requesting such information to be unpersuasive. Further, defendants' reliance on *Valley Drug Co. v. Geneva Pharm.*, 350 F. 3d 1181 (11th Cir. 2003) is unavailing. The *Valley Drug* court solely permitted downstream discovery to determine whether a conflict existed among plaintiffs for purposes of class certification. No such class member conflict theory exists in the instant case. The Eleventh Circuit specifically stated that they "acknowledged" and did not "deviate" from the position of *Hanover Shoe*. *Id.* at 1192. Such

discovery is routinely denied in antitrust litigation.

The motion is also DENIED with regard to Interrogatory 8 in that the Court finds that, although the interrogatory is not a contention interrogatory, defendants' have violated Rule 33(a)(1) by exceeding the permissible number of interrogatories. The undersigned finds that each subpart is discrete. Additionally, Interrogatory 8 is overly burdensome and the undersigned additionally concludes that other forms of discovery such as deposition questions or requests for production would be a less burdensome means of obtaining this information.

(2) Direct Purchaser Plaintiffs' Motion for an Order Governing Interviews of Former Employees (D.E. 276) filed on May 13, 2011 is GRANTED as more fully explained herein and in accordance with the guidelines found at D.E. 278-1(labeled Exhibit A). The Court notes that both parties agree that interviews of the parties former employees may be conducted. They also agree that certain guidelines must be established to insure that no disclosure of confidential information in violation of the applicable non disclosure agreements occur. The parties disagree, however, on the terms of those guidelines and seek the Court's intervention to establish guidelines to protect both parties' interests. As such, the Court sets the following guidelines. Some have been suggested by the parties and some have been imposed by the Court. First, both parties will exchange copies of all non-disclosure or confidentiality agreements of all former employees known to have any information related to this action within ten (10) days of the date of this Order. Second, each party shall designate a lead attorney responsible for taking all interviews of any former employees. No paralegal shall be designated to conduct such interviews. Lead counsel shall be well versed in the confines of any non-disclosure agreement and the application of any privilege. Interviewing attorneys, as officers of the court, are obliged to assure compliance with this Order and risk serious

professional consequences if they fail to do so. Only facts relevant to this action shall be inquired into. The Court finds that disclosure of former employees names prior to interview shall not be mandated. The former Fifth Circuit recognized that former employees acting as informers could face serious consequences if their identities were revealed by counsel. *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972). The court also listed several other legitimate policy concerns militating against requiring disclosure. *Id.* at *5. After reviewing the two proposed guidelines submitted by plaintiffs and defendants, the undersigned finds that the parties shall be bound by plaintiffs' proposed guidelines subject to the instructions above. See D.E. 278-1 (labeled Exhibit A) for terms of guidelines. The undersigned finds that plaintiffs' version properly protects against violating the attorney client privilege and is in accordance with the applicable case law whereas defendants' version is not supported by prevailing case law. In that this Court has established guidelines to protect both parties' concerns, the Court declines to distinguish between former low level and high level employees. The undersigned finds that the cases cited by defendants' to support this requirement are distinguishable and not applicable under the facts of the instant case and the protections established by this Court.

(3) Motion for Protective Order Regarding Downstream Discovery (D.E. 279) filed on May 13, 2011 is GRANTED as more fully addressed in section (1) of this Order. The motion is denied however with regard to request for production 62 in that the Court does not find this to be a request for downstream discovery. The organizational chart itself does not constitute downstream discovery. Any argument as to what defendant intends to do with such information is premature at this time and purely speculation. As such, the organizational chart requested shall be provided within fifteen (15) days of the date of this Order.

The Court further finds that the relevancy arguments raised by defendants in order to attempt to obtain downstream discovery were not persuasive. Defendant argued that the sales information of six individual construction companies would be probative of statewide conditions in the Florida construction market; that the information may show that some proposed class members did not suffer an injury; that it will evidence the substitutability of other building materials; and that plaintiffs' downstream activities would be probative of whether defendants' conduct is conspiratorial in nature. In response, plaintiffs note that they have agreed to provide information relating to the segments of the construction market each occupies, their transactional purchasing data of concrete, the volume of their purchases, the description of the types of concrete products that they sell and documents considering or analyzing potential substitute products. The undersigned finds that the relevant discovery must occur in the upstream market where plaintiffs allege to have been overcharged and not in the downstream market. Plaintiffs' downstream activities are not probative of whether defendants' conduct is consistent with a conspiracy. Accordingly, the motion for protective order is granted except with regard to request 62.

(4) Defendants' Joint Motion to Compel Production in Response to Defendants' Joint Amended First Request for Production of Documents to Direct Purchaser Plaintiffs (D.E. 285) filed on May 25, 2011 is GRANTED IN PART AND DENIED IN PART. With regard to Request to Produce 11, the motion is DENIED. The Court finds that Plaintiffs' have already agreed to produce, in response to request 49, documents reflecting communications between named plaintiffs and their competitors that relate to this lawsuit or the allegations in plaintiffs' complaint. The undersigned finds any remaining competitor information irrelevant.

With regard to Request 49, defendants move to compel production of communications

between plaintiffs and non-parties relating to the pricing or sale of concrete in Florida that **do not** relate to this case or the allegations of plaintiffs' complaint. The undersigned finds this request irrelevant and DENIES the motion as to that portion of request 49. Defendants also seek in request 49 documents reflecting communications between plaintiffs' attorneys and non-parties to this case that relate to this lawsuit. The undersigned finds that these documents are relevant and GRANTS the motion as to this portion of the request. Accordingly, plaintiffs shall produce all responsive, non privileged documents within fifteen (15) days of the date of this Order. Additionally, plaintiffs shall serve within fifteen (15) days a privilege log in compliance with the Federal and Local rules that identifies any documents that are withheld on the basis of any claimed privilege.

Finally, with regard to request 70, the motion is GRANTED. Plaintiffs shall produce all responsive documents, if any exist, within fifteen (15) days of the date of this Order.

DONE AND ORDERED at Miami, Florida this 13th day of June 2011.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Cecilia M. Altonaga
All counsel of record