UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE  FLORIDA CEMENT AND                MASTER DOCKET NO.
CONCRETE ANTITRUST LITIGATION            09-23187-CIV-ALTONAGA/BANDSTRA

_____/

(*DIRECT PURCHASER ACTION*)

### DIRECT PLAINTIFFS' OPPOSITION TO
### DEFENDANT FLORIDA ROCK'S MOTION FOR PROTECTIVE ORDER

Direct Purchaser Plaintiffs ("Plaintiffs") oppose Defendant Florida Rock's motion for a

protective order preventing the production of documents – stated to contain information about

Florida Rock's illegal price fixing – produced pursuant to Plaintiffs' and Defendants' third-party

subpoenas.  For the reasons stated below, Florida Rock's motion should be denied and the

documents should be produced and reviewed in accordance with Plaintiffs' proposal.

### STATEMENT OF FACTS

On August, 16, 2011, Plaintiffs served a third-party subpoena on Michael Lane – a non-

party witness – requesting, among other materials, "[a]ll documents concerning communications

between you and any non-party regarding the lawsuits captioned *In re Florida Cement and*

*Concrete Antitrust Litigation*" and "[a]ll documents concerning Prestige's violation of the

antitrust laws."  *See* Plaintiffs' Subpoena to Michael Lane, Fl Rock Br. Ex. 1.  On August 19,

2011 Defendant Prestige similarly subpoenaed Mr. Lane for comparable documents.  *See*

Prestige's Subpoena to Michael Lane, Fl Rock Br. Ex. 2 (seeking "[a]ll documents that you

believe support or relate to any allegation in the Complaints, the DOJ letter or any allegation that

Prestige or any other defendant engaged in any anticompetitive conduct or committed any

antitrust violation" and "[a]ll documents constituting or relating to communications with other

third parties, including but not limited to concrete customers, relating to any allegation in the

Complaints, the DOJ letter or any allegation that Prestige or any other defendant engaged in any anticompetitive conduct or committed any antitrust violation.").

On October 31, 2011, the day before his deposition, Mr. Lane produced jointly to counsel for Plaintiffs and Defendants, then together at a meeting, a thumb drive containing electronic documents and a folder of paper documents (collectively, the "Documents"). Mr. Lane received the Documents from a former employee of Defendant Florida Rock, Mike Herring.[1] Mr. Lane testified at his deposition that Mr. Herring informed him that the Documents contained evidence of Florida Rock's illegal price fixing. Specifically, Mr. Herring told Mr. Lane that the Documents contained information regarding the activities of Roland Boney, Florida Rock's Vice President of Sales for Cement and Aggregate, and that Mr. Boney was even more involved in the price fixing than his Concrete counterpart at Florida Rock, Rick Edwards. As a result, Mr. Lane produced the Documents in response to the subpoenas. Florida Rock immediately demanded that the Documents be handed over to it. Plaintiffs disagreed, instead agreeing with Florida Rock to sequester the Documents in the safe of local counsel for Prestige, Ackerman Senterfitt LLP, until the parties agreed on a course of action or the Court resolves the issue.

On November 3, 2011, Plaintiffs suggested a procedure for production and review of the Documents designed to protect any privilege Florida Rock has – Florida Rock's only valid concern here. Under Plaintiffs' procedure, an independent party will copy the Documents and provide that copy to Florida Rock to review for privilege. Florida Rock will then provide a privilege log and the independent party will copy all documents not subject to a claim of privilege for production to all parties, designating those documents Highly Confidential.

---

[1] Plaintiffs did not solicit the Documents from Mr. Herring or encourage him to come forward. Nor did Plaintiffs encourage Mr. Lane or any other person to do so on their behalf.

Florida Rock rejected this proposal and moved the Court for a protective order compelling production of the Documents to it alone. Thereafter, the Ackerman firm informed Plaintiffs that it had received a Civil Investigative Demand dated November 3, 2011 from the Florida Attorney General requesting the Documents.

## ARGUMENT

The crux of Florida Rock's argument is that Mr. Herring kept the Documents in breach of an agreement with Florida Rock, and that the Documents may contain confidential or otherwise sensitive business information and, perhaps, privileged material. Fl Rock Br. at 3-4. Although Mr. Lane has already designated the Documents as responsive to the two subpoenas he received, Florida Rock argues that it should first be afforded the opportunity to review the materials not simply for privilege purposes, but also to determine which of the Documents it deems worthy of production in this case. *Id.* at 8. However, if given this opportunity Florida Rock will not produce documents relating to cement and aggregate – the primary ingredients of concrete – even if they indicate the unlawful price fixing of those products. *Id.* at 9.

Florida Rock's position is without merit. The Court's Protective Order adequately addresses any interests that Florida Rock arguably has in the confidentiality of the Documents. This Court's June 13, 2011 Omnibus Order (DE 291) further addresses former employee disclosures that might otherwise be subject to nondisclosure agreements, providing that any information received will be Highly Confidential. And Florida Rock's interest in preserving privilege is protected by affording it the review opportunity that Plaintiffs have proposed.

Moreover, Florida Rock is not entitled to screen the Documents, imposing its view on what is relevant to this case. Mr. Lane produced the Documents in response to two subpoenas seeking information about, amongst others things, any "anticompetitive conduct or . . . any

3

antitrust violation" committed by Defendants.  *See* Prestige's Subpoena to Michael Lane.  No motion to quash was made, no objections were raised to the scope of the subpoenas, nor was any indication given that Prestige's subpoena was not made as part of Defendants' coordinated discovery efforts.  *See* December 16, 2009 Order (DE 81) at 2 (requiring Defendants to coordinate all discovery requests).  Thus, Florida Rock cannot now claim that the Documents are somehow irrelevant, particularly as the Court has previously recognized the possibility that "ongoing discovery relating to Plaintiffs' concrete allegations will reveal evidence of a broader price-fixing conspiracy which involves cement."  April 15, 2011 Order (DE 270) at 5.

Accordingly, Florida Rock's motion for a protective order should be denied.

## I.    NEITHER CONFIDENTIALITY NOR PRIVILEGE CONCERNS PREVENT PRODUCTION OF THE DOCUMENTS.

Under Rule 26(c), a party seeking to avoid disclosure of materials by protective order "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D.Fla.1985) (*quoting Citicorp v. Interbank Card Association,* 478 F. Supp. 756 (S.D.N.Y.1979)).  Here, Florida Rock argues that the documents should not be produced to Plaintiffs because they "likely contain confidential and perhaps privileged material."  Fl Rock Br. at 9.  But the Protective Order and Omnibus Order specifically deal with the disclosure of confidential business information and information received by former employees subject to a nondisclosure agreement.  And on privilege, Plaintiffs have offered Florida Rock an opportunity to review and assert any privilege objections.  Any documents thus identified will be sequestered and withheld from production.

This Court's Omnibus Order and its approved Guidelines permit the parties to seek and receive information from each others' former employees, provided that they do not seek information relating to "written or oral" communications with Defendants' attorneys or any

4

information which otherwise discloses attorney-client or work product privileged information. Guidelines (DE 278-1) ¶¶ (e)-(f). "All other information" relevant to this litigation may be sought and "shall be treated as 'Highly Confidential' pursuant to the terms of the Protective Order entered on May 25, 2010." *Id.* at ¶ 7. Thus, the Documents are automatically treated as Highly Confidential pursuant to the Court's Protective Order.[2]

Therefore, the fact that documents may include confidential information does not provide a basis for Florida Rock's motion. Florida courts consistently hold that nondisclosure provisions provide no bar to the discovery of information where a protective order is in place. *See Empire of Carolina*, 108 F.R.D. at 326 (compelling production of confidential information subject to a protective order); *Preferred Care Partners Holding Corp., v. Humana, Inc.,* No. 08 Civ. 20424, 2008 WL 4500258, at *2 (S.D. Fla. Oct. 3, 2008) (same); *I.S.E.L., Inc. v. Am. Synthol, Inc.*, No. 08 Civ. 870, 2009 WL 3367237 (M.D. Fla. Oct. 15, 2009) (rejecting attempt to invoke a nondisclosure agreement to prevent the disclosure of information); *Smith v. The Bank of the Keys*, 687 So.2d 895, 896 (Fla. 3d Dist. App. 1997) ("While confidentiality agreements are necessary in some instances . . . they may not be subsequently employed by a litigant to obscure issues or otherwise thwart an opponent's discovery").

Moreover, Plaintiffs have proposed a procedure that will protect Florida Rock's one valid concern – privilege. Under this proposal, all documents for which a privilege has been asserted by Florida Rock will be removed from the Documents prior to production to the other parties to

---

[2] The Court's Omnibus Order was directed at "information" obtained by former employees and does not appear to be limited to witness interviews – the subject of Plaintiffs' motion. To the extent that it was not then intended to encompass documentary information, Plaintiffs' note that such an extension would be warranted. Courts consistently invalidate nondisclosure agreements where such agreements would prevent the disclosure of documentary evidence by a former employee. *See infra* Section II; May 13, 2011 Memorandum in Support of the Direct Purchaser Plaintiffs' Motion for an Order Governing Interviews of Former Employees (DE 277).

this litigation. Thus, no privileged documents will be reviewed by any counsel in this action other than Florida Rock's, and there is no "clearly defined and very serious injury" permitting the entry of a Rule 26 protective order preventing the production of the remaining documents.

## II. FLORIDA ROCK'S ARGUMENT THAT THE DOCUMENTS WERE IMPROPERLY OBTAINED BY MR. HERRING IS UNSUPPORTED AND IN ANY CASE DOES NOT BAR THEIR USE BY PLAINTIFFS.

Florida Rock is left with its argument that the documents cannot be produced to Plaintiffs because they were improperly obtained. However, as Florida Rock's own case law demonstrates, bars to the use of improperly obtained documents exist to prevent those who had a hand in improperly obtaining or reviewing them from gaining a litigation advantage through their unlawful or unethical actions. Yet nothing in the record indicates that the Documents were improperly obtained by Mr. Herring, let alone by Plaintiffs – who did not know Mr. Herring, took no steps whatsoever to solicit the Documents from him, and never took possession of the Documents. Thus, these considerations are inapplicable here. Plaintiffs pursued regular discovery by subpoenaing Mr. Lane and have proceeded in good faith to allow for a judicial resolution before even receiving the Documents for review.

The sole basis for Florida Rock's assertion that the Documents were improperly obtained is that Mr. Herring failed to return them to Florida Rock after his employment was terminated and he signed a nondisclosure agreement.[3]  However, as the Court recognized in its Omnibus Order, such a provision is unenforceable to prevent the disclosure of information relating to Florida Rock's unlawful price fixing. *See supra*, n.2; *GPS Indus., LLC v. Lewis*, 691 F. Supp. 2d

---

[3] Florida Rock refers to the Documents as "stolen," but no facts show this to be so. There is no indication that Mr. Herring, a former Florida Rock employee, had the requisite intent to support Florida Rock's argument that there is a violation of the civil theft statute. *See, e.g., Pearson v. Wachovia Bank, N.A.*, No. 10 Civ. 60612, 2011 WL 9505, at *6 (S.D. Fla. Jan. 3, 2011) (civil theft statute requires "felonious or criminal intent."). Indeed, there is no indication that Mr. Herring took any steps whatsoever to illegally obtain the documents.

1327, 1333 (M.D. Fla. 2010) (a restrictive covenant is void and unenforceable if its enforcement is not supported by any legitimate business interest or is against public policy).

There is simply no support for the proposition that Florida Rock may enforce a restrictive covenant to prevent disclosure of documents produced pursuant to unopposed subpoenas and declared to contain information relating to Defendants' illegal conduct.  To the contrary, courts consistently invalidate nondisclosure agreements where enforcement would prevent a former employee disclosing documentary evidence.  *See Gianzero v. Wal-Mart Stores, Inc.*, No. 09 Civ. 656, 2011 WL 1740624, at *5 (D. Colo. May 5, 2011) (defendant "may not hide behind nondisclosure agreements to prevent its former employees from disclosing" documents); *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1137 (N.D. Cal. 2002) (if agreements "preclude former employees from assisting in investigations of wrongdoing that have nothing to do with trade secrets or other confidential business information, they conflict with public policy."); *Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y.1995) ("it is against public policy for parties to agree not to reveal . . . facts relating to alleged or potential violations of law"); *EEOC v. Astra USA, Inc.* 94 F.3d 738 (1st Cir. 1996) (nondisclosure provisions "void as against public policy"); *Grumman Aerospace Corp. v. Titanium Metals Corp.*, 91 F.R.D. 84, 87-88 (E.D.N.Y. 1981) (parties cannot "contract privately for the confidentiality of documents, and foreclose others from obtaining, in the course of litigation, materials that are relevant to their efforts to vindicate a legal position.").[4]  Thus, Florida Rock cannot use Mr. Herring's nondisclosure agreement to claim that the documents were improperly obtained.

---

[4] Courts have also held that employees with a good faith reason to believe their employer is engaged in unlawful conduct "[have] a legitimate interest in preserving evidence of [their employer's] unlawful employment practices." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996) (involving employer's unlawful age discrimination practices); *Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 448 (8th Cir. 1998) (holding that a

Moreover, even if Mr. Herring did improperly obtain the documents, this does not bar their production.  Florida Rock's cases establish only that a litigant may be prevented from using a document where the litigant himself had some degree of culpability in having induced or participated in its retrieval, or where the litigants' counsel had breached some ethical duty.  *See Bell v. Lockheed Martin Corporation*, No. 08 Civ. 6292, slip op. at 4 (D.N.J. June 30, 2010) (employees who improperly obtained documents were parties to action against employer); *Re/Max of America, Inc. v. Viehweg*, 619 F. Supp. 621 (E.D. Mo. 1985) (same); *Pillsbury, Madison & Sutro v. Schectman*, 55 Cal. App. 4th 1279, 1282 (1997) (same); *Conn v. Superior Court*, 196 Cal. App. 3d 774, 242 Cal. Rptr. 148 (Ct. App. 1987) (same); *Chamberlain Group, Inc. v. Lear Corp.*, 270 F.R.D. 392, 398 (N.D. Ill. 2010) (attorney failed to timely disclose the receipt of potentially confidential and privileged documents to opposing party); *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05 Civ. 1065, 2005 WL 3050299, at *1 (E.D.N.Y. Nov. 14, 2005) (attorney reviewed documents despite a "warning notice that the information contained therein may include attorney-client privileged information.").

*Lahr v. Fulbright & Jaworski, L.L.P.*, No. 94 Civ. 981, 1995 WL 17816334 (N.D. Tex. Oct. 25, 1995) emphasizes this point.  In *Lahr*, the documents had been obtained by a former employee – who (as in the majority of the Florida Rock's authorities) was herself a party to an action against defendant – by breaking into a locked closet to which she did not otherwise have access.  *Id,* at *1, n.1.  The former employee then gave the documents to plaintiff's counsel, after

---

reasonable fact-finder could conclude that an employee had a good faith reasonable belief that documents he found in his computer revealed an unlawful plan by his employer; therefore, retention of documents was lawful); *See also* Restatement (Second) of Agency, Section 395 cmt. F (1957) (The agent may reveal confidential information "in the protection of a superior interest of himself or a third person"); Florida Code of Ethics § 4-3.4 (adopted by this Court via Local Rule 11.1(c), mandating that "[a] lawyer shall not: (a) unlawfully obstruct another party's access to evidence . . . [or] (f) request a person other than a client to refrain from voluntarily giving relevant information to another party.")

counsel had contact with the former employee outside of formal discovery and without a court order governing that process, as is present here. *Id.* at *1; *Lahr v. Fulbright & Jaworski*, L.L.P, No. 94 Civ. 981, 1996 WL 34393321, at *4-5 (N.D. Tex. July 10, 1996). Thus the *Lahr* court was presented both with a former employee who could gain an advantage from the use of unlawfully obtained documents, and plaintiffs' counsel who had inappropriate contact with the former employee. Weighing the means used to obtain the documents against "the corollary concern of the pursuit for truth – an interest served by the admission of all relevant evidence" – the Court found that this counseled in favor of preventing the use of the documents. *Id.* at *4.

Similarly, in *In re Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992), the plaintiffs obtained the documents at issue outside of authorized discovery. And, while the *Shell Oil* court initially prohibited use of the documents, the order was subsequently modified, providing plaintiffs with the opportunity to use the documents at trial, subject to procedures established by the court. *In re Shell Oil Refinery*, No. 88 Civ. 1935, 1992 WL 275426 (E.D. La. Sept. 29, 1992). The relief that Florida Rock seeks here would put Plaintiffs in a worse position.

Mr. Herring is not a party to this action, and Plaintiffs have acted in good faith in resorting to discovery and foregoing review of the Documents in favor of judicial resolution. *See Knitting Fever*, at * 4 (attorney receiving documents from former employee should have agreed with opposing counsel as to their disposition or "refrained from using them pending ruling by the Court."). Thus, even if Mr. Herring improperly obtained the Documents – and there is no indication that he did – Plaintiffs are entitled to review and use them.

## III.   FLORIDA ROCK'S "RELEVANCE" ARGUMENT COUNSEL AGAINST PROVIDING THE DOCUMENTS TO IT.

Florida Rock argues that information pertaining to cement and aggregate is irrelevant to this litigation and that it should, therefore, be permitted to review the Documents to exclude any

such materials from production under the subpoenas. Fl Rock Br. at 8-9. But this argument weighs heavily in favor of denying, not granting, the relief that Florida Rock seeks. Counsel for both Plaintiffs and Defendants served unopposed subpoenas on Mike Lane calling for documents concerning any antitrust violations by the Defendants, not limited to concrete. The documents that both sides sought included those relating to communications with other third parties – such as Mr. Herring – about antitrust violations. Mr. Herring's representations to Mr. Lane gave Mr. Lane a basis for designating the Documents as responsive to both subpoenas. Florida Rock cites no authority for the notion that it is entitled to replace Mr. Lane as the one called on to determine the relevance of the Documents in responding to the subpoenas. And Florida Rock's extremely restrictive view of the relevance of information pertaining to the pricing (indeed the *price-fixing*) of the primary cost components of concrete indicates that substantial injustice will be done should Florida Rock be given this opportunity.[5] *See* April 15, 2011 Order (DE 270) at 5 (appeal of the cement portion of Court's order on Defendants' motion to dismiss held premature in part because of the possibility that "ongoing discovery relating to Plaintiffs' concrete allegations will reveal evidence of a broader price-fixing conspiracy which involves cement.").

## CONCLUSION

Plaintiffs have put forward a proposal which will fully protect Florida Rock's opportunity for a privilege review, while efficiently protecting the interests of the other parties to this action to discovery – subject to the Protective Order – of all non-privileged Documents. No further relief is warranted. Florida Rock's motion for protective order should be denied and the Court should direct that the Documents be reviewed and produced in accordance with Plaintiffs' proposal.

---

[5] Indeed, the suggestion that Florida Rock may have knowingly withheld documents indicating such a conspiracy from its own production is deeply disturbing.

Dated:  November 16, 2011

Respectfully submitted,

/s/ Robert C. Josefsberg
Robert C. Josefsberg (Fl. Bar No. 040856)
Katherine W. Ezell (Fl. Bar No. 114771)
Victor M. Diaz, Jr. (Fl. Bar No. 503800)
Alexander Rundlet (Fl. Bar No. 692301)
**PODHURST ORSECK, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: 305.358.2800
Fax: 305.358.2382
rjosefsberg@podhurst.com
vdiaz@podhurst.com
kezell@podhurst.com
arundlet@podhurst.com

***Plaintiffs' Interim Liaison Counsel***

Jay L. Himes
Hollis Salzman (Florida Bar No. 947751)
Gregory S. Asciolla
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: 212.907.0700
Fax: 212.818.0477
hsalzman@labaton.com
jhimes@labaton.com
gasciolla@labaton.com

Michael D. Hausfeld
William P. Butterfield
Brian A. Ratner
Ralph J. Bunche
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202.540.7200
Fax: 202.540.7201
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com

bratner@hausfeldllp.com
rbunche@hausfeldllp.com

William A. Isaacson
Matthew W. Friedrich
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: 202.237.2727
Fax: 202.237.6131
wisaacson@bsfllp.com
mfriedrich@bsfllp.com

Stephen N. Zack (Florida Bar No. 145215)
Mark J. Heise (Florida Bar No. 771090)
**BOIES, SCHILLER & FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: 305.539.8400
Fax: 305.539.1307
szack@bsfllp.com
mheise@bsfllp.com

*Plaintiffs' Interim Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **November 17, 2011**, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record on the attached Service List, either via transmission of Notice of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382
info@podhurst.com

By: */s/Katherine W. Ezell*
Robert C. Josefsberg (Fla. Bar No. 040856)
Katherine W. Ezell (Fla. Bar No. 114771)
PODHURST ORSECK, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, FL 33130
Ph: (305) 358-2800/Fax: (305) 258-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*Local Counsel for Direct Plaintiffs*

Jay L. Himes
Hollis Salzman (Fla. Bar No. 947751)
Gregory S. Asciolla
Kellie Lerner
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Ph: (212) 907-0700/Fax: (212) 818-0477
Hsalzman@labaton.com
Jhimes@labaton.com
Gasciolla@labaton.com
Klerner@labaton.com

*Direct Purchaser Plaintiffs' Interim*
*Co-Lead Class Counsel*

Ralph J. Bunche, Esq.
William P. Butterfield, Esq.
Brian A. Ratner, Esq.
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
rbunche@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
*Interim Co-Lead Counsel on Behalf of*
*Direct Purchaser Plaintiffs*

Matthew W. Friedrich, Esq.
William A. Isaacson, ESQ.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, #800
Washington, D.C. 20015
Telephone: 202-237-2727
Facsimile: 202-237-6131
Email: mfriedrich@bsfllp.com
Email: wisaacson@bsfllp.com

Mark J. Heise, Esq.
Boies, Schiller & Flexner LLP
100 Southeast Second Street, Suite #2800
Miami, FL 33131
Telephone: 305-539-8400
Facsimile: 305-539-1307
Email: mheise@bsfllp.com
*Interim Co-Lead Counsel on Behalf of*
*Direct Purchaser Plaintiffs*

## SERVICE LIST

IN RE: FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION
MASTER DOCKET NO.: 09-23187-CIV-ALTONAGA/BANDSTRA

United States District Court - Southern District of Florida - Miami Division

| | |
|---|---|
| **ROBERT C. JOSEFSBERG, ESQ.**<br>**KATHERINE W. EZELL, ESQ.**<br>Podhurst Orseck, P.A.<br>City National Bank Bldg.<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Telephone: 305-358-2800<br>Facsimile: 305-358-2382<br>Email: rjosefsberg@podhurst.com<br>Email: kezell@podhurst.com<br><br>**Liaison Counsel for Direct Purchaser**<br>**Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** | **GREGORY S. ASCIOLLA, ESQ.**<br>**HOLLIS L. SALZMAN, ESQ.**<br>**JAY L. HIMES, ESQ.**<br>**KELLIE LERNER, ESQ.**<br>**SETH R. GASSMAN, ESQ.**<br>Labaton Sucharow LLP<br>140 Broadway, 34th Floor<br>New York, New York 10005<br>Telephone: 212-907-0700<br>Facsimile: 212-818-0477<br>Email: gasciolla@labaton.com<br>Email: hsalzman@labaton.com<br>Email: jhimes@labaton.com<br>Email: klerner@labaton.com<br>Email: sgassman@labaton.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel**<br>**Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** |

**MATTHEW W. FRIEDRICH, ESQ.**
**WILLIAM  A. ISAACSON, ESQ.**
**EDWARD H. TAKASHIMA, ESQ.**
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, #800
Washington, D.C. 20015
Telephone: 202-237-2727
Facsimile: 202-237-6131
Email: mfriedrich@bsfllp.com
Email: wisaacson@bsfllp.com
Email: etakashima@bsfllp.com
[Via CM/ECF electronic filing]

**MARK J. HEISE, ESQ.**
**STEPHEN N. ZACK, ESQ.**
Boies, Schiller & Flexner LLP
100 Southeast Second Street, Suite #2800
Miami, FL 33131
Telephone: 305-539-8400
Facsimile: 305-539-1307
Email: mheise@bsfllp.com
Email: szack@bsfllp.com
[Via CM/ECF electronic filing]

**Interim Co-Lead Class Counsel for Direct Purchaser Plaintiffs:**
**Action Ready Mix Concrete Inc.**
**Advantage Concrete of Florida, Inc.**
**Bay Area Remodelers, Inc.**
**Carpenter Contractors of America, Inc.**
**Daniel Morgan Construction, Inc.**
**Family Pools, Inc.**
**Florida Block & Ready Mix**
**Hard Rock Materials**
**Kroeger Enterprises, Inc.**
**Liberty Concrete and Masonry, Inc.**

**RALPH J. BUNCHE, ESQ.**
**WILLIAM P. BUTTERFIELD, ESQ.**
**BRIAN A. RATNER, ESQ.**
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
rbunche@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
[Via CM/ECF electronic filing]

**Interim Co-Lead Counsel for Direct Purchaser Plaintiffs:**
**Action Ready Mix Concrete Inc.**
**Advantage Concrete of Florida, Inc.**
**Bay Area Remodelers, Inc.**
**Carpenter Contractors of America, Inc.**
**Daniel Morgan Construction, Inc.**
**Family Pools, Inc.**
**Florida Block & Ready Mix**
**Hard Rock Materials**
**Kroeger Enterprises, Inc.**
**Liberty Concrete and Masonry, Inc.**

| | |
|---|---|
| **BONNY E. SWEENEY, ESQ.**<br>**CARMEN A. MEDICI, ESQ.**<br>Robbins, Geller, Rudman & Dowd, LLP<br>655 West Broadway, Suite #1900<br>San Diego, CA 92101<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423<br>Email: bonnys@rgrdlaw.com<br>Email: cmedici@rgrdlaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.** | **DAVID J. GEORGE, ESQ.**<br>Robbins, Geller, Rudman & Dowd, LLP<br>120 East Palmetto Park Road, Suite #500<br>Boca Raton, FL 33432<br>Telephone: 561-750-3000<br>Facsimile: 561-750-3364<br>Email: dgeorge@rgrdlaw.com<br>Email: bonnys@rgrdlaw.com<br>Email: cmedici@rgrdlaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff:**<br>**Action Ready Mix Concrete, Inc.** |
| **DANIEL E. GUSTAFSON, ESQ.**<br>**JASON S. KILENE, ESQ.**<br>Gustafson Gluek PLLC<br>608 Second Avenue South, Suite #650<br>Minneapolis, MN 55402<br>Telephone: 612-333-8844<br>Facsimile: 612-339-6622<br>Email: dgustafson@gustafsongluek.com<br>Email: jkilene@gustafsongluek.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.** | **WILLIAM C. WRIGHT, ESQ.**<br>**THEODORE J. LEOPOLD, ESQ.**<br>Leopold Kuvin, P.A.<br>2925 PGA Boulevard, Suite 200<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 935-4801<br>Facsimile: (561) 515-1401<br>Email: wwright@leopoldkuvin.com<br>Email: tleopold@leopoldkuvin.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff: Kroeger**<br>**Enterprises, Inc.** |

<table>
<tr><td>

**LANCE A. HARKE, ESQ.**
**SARAH CLASBY ENGEL, ESQ.**
**HOWARD M. BUSHMAN, ESQ.**
Harke & Clasby LLP
9699 NE 2nd Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229
Email: lharke@harkeclasby.com
Email: sengel@harkeclasby.com
Email: hbushman@harkeclasby.com
[Via CM/ECF electronic filing]

**ADAM M. MOSKOWITZ, ESQ.**
**THOMAS A. TUCKER RONZETTI, ESQ.**
Kozyak, Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
Email: amm@kttlaw.com
Email: tr@kttlaw.com
[Via CM/ECF electronic filing]

**Counsel for Purchaser Plaintiff: Nuspace, Inc.**

</td><td>

**KEVIN B. LOVE, ESQ.**
**MICHAEL E. CRIDEN, ESQ.**
Criden & Love, P.A.
7301 Southwest 57th Court, Suite #515
South Miami, FL 33143
Telephone: 305-357-9000
Facsimile: 305-357-9050
Email: mcriden@cridenlove.com
Email: klove@cridenlove.com
[Via CM/ECF electronic filing]

**Counsel for Direct Purchaser Plaintiffs: Advantage Concrete of Florida, Inc.**

</td></tr>
<tr><td>

**NOAH SHUBE, ESQ.**
The Law Offices of Noah Shube
434 Broadway, 6th Floor
New York, New York 10013
Telephone: 212-274-8638
Facsimile: 212-966-8652
Email: nshube@nsfirm.com
[Via CM/ECF electronic filing]

**Counsel for Direct Purchaser Plaintiff: Advantage Concrete of Florida, Inc.**

</td><td>

**PATRICK BARRETT, ESQ.**
Barrett Law Office, P.A.
2021 Richard Jones Road, Suite #300
Nashville, TN 37215
Telephone: 615-463-4000
Facsimile: 615-463-3717
Email: pmbarrett3@barrettlawoffice.com
[Via CM/ECF electronic filing]

**Counsel for Plaintiffs**

</td></tr>
</table>

| | |
|---|---|
| **JOSEPH C. KOHN, ESQ.**<br>Kohn, Swift & Graf, P.C.<br>One South Broad Street, Suite #2100<br>Philadelphia, PA 19107<br>Telephone: 215-238-1700<br>Email: jkohn@kohnswift.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **JOSEPH G. SAUDER, ESQ.**<br>**BENJAMIN F. JOHNS, ESQ.**<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>One Haverford Center<br>Haverford, PA 19041<br>Telephone: 610-642-8500<br>Facsimile: 610-649-3633<br>Email: JosephSauder@chimicles.com<br>Email: bfj@chimicles.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **BRIAN CAMPF, ESQ.**<br>Brian S. Campf, PC<br>7243 Southeast 34th Avenue<br>Portland, OR 97202<br>Telephone: 503-849-9899<br>Email: brian@bsclegal.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **ROBERT S. SCHACHTER, ESQ.**<br>**JOSEPH LIPOFSKY, ESQ.**<br>Zwerling, Schachter & Zwerling, LLP<br>41 Madison Avenue<br>New York, New York 10010<br>Telephone: 212-223-3900<br>Facsimile: 212-371-5969<br>Email: rschachter@zsz.com<br>Email: jlipofsky@zsz.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** |
| **GERALD J. RODOS, ESQ.**<br>**JEFFREY B. GITTLEMAN, ESQ.**<br>Barrack, Rodos & Bacine<br>Two Commerce Square<br>2001 Market Street, Suite 3300<br>Philadelphia, PA 19103<br>Telephone: 215-963-0600<br>Facsimile: 215-963-0838<br>Email: grodos@barrack.com<br>Email: jgittleman@barrack.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Plaintiffs** | **ARTHUR N. BAYLEY, SR., ESQ.**<br>Arthur N. Bailey & Associates<br>111 West Second Street, Sutie 4500<br>Jamestown, NY 14701<br>Telephone: (716) 664-2987<br>Facsimile: (716) 664-2983<br>Email: artlaw@windstream.net<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff:**<br>**Dakota Land Company** |

| | |
|---|---|
| **RICHARD A. KOFFMAN, ESQ.**<br>**EMMY L. LEVENS, ESQ.**<br>Cohen Milstein Sellers & Toll, PLLC<br>1100 New York Avenue, NW<br>Suite 500 West<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>Email: rkoffman@cohenmilstein.com<br>Email: elevens@cohenmilstein.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff: Asterisk**<br>**Luxury Homes, Inc.** | **W. JOSEPH BRUCKNER, ESQ.**<br>**BRIAN D. CLARK, ESQ.**<br>Lockbridge Grindal Nauen P.L.L.P.<br>100 Washington Avenue South, Suite #2200<br>Minneapolis, MN 55401<br>Telephone: 612-339-6900<br>Facsimile: 612-339-0981<br>Email: wjbruckner@locklaw.com<br>Email: bdclark@locklaw.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Purchaser Plaintiff:**<br>**Deeb Construction & Development Co.** |
| **ROBERT GILBERT, ESQ.**<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue, Suite 201<br>Miami, FL 33137<br>Telephone: 305-571-8550<br>Facsimile: 305-571-8558<br>Email: bobby@abbrclaw.com<br>[Via CM/ECF electronic filing]<br><br>**CRAIG C. CORBITT, ESQ.**<br>**CHRISTOPHER T. MICHELETTI, ESQ.**<br>**ERIC BUETZOW, ESQ.**<br>Zelle Hofmann Voelbel & Mason LLP<br>44 Montgomery Street, 34th Floor<br>San Francisco, CA 94104<br>Telephone: 415-693-0700<br>Email: ccorbitt@zelle.com<br>Email: cmicheletti@zelle.com<br>Email: ebuetzow@zelle.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Florida Block & Ready Mix and**<br>**Bay Area Remodelers, Inc.** | **STEVEN A. KANNER, ESQ.**<br>**DOUGLAS A. MILLEN, ESQ.**<br>Freed, Kanner, London & Millen, LLC<br>2201 W. Waukegan Road, Suite 130<br>Bannockburn, IL 60015<br>Telephone: 224-632-4500<br>Facsimile: 224-632-4521<br>Email: skanner@fklmlaw.com<br>Email: dmillen@fklmlaw.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Direct Purchaser**<br>**Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Keys Grading and Paving, Inc.** |

| | |
|---|---|
| **DANIEL A. BUSHELL, ESQ.**<br>**MANUEL JUAN DOMINGUEZ, ESQ.**<br>**WILLIAM LEWIS, ESQ.**<br>Berman De Valerio Pease Tabacco Burt &<br>Pucillo<br>2000 Glades Road, Suite 110<br>Boca Raton, FL 33431<br>Telephone: (561) 835-8400<br>Facsimile: (561) 835-8403<br>Email: dbushell@bermandevalerio.com<br>Email: mdominguez@bermandevalerio.com<br>Email: wlewis@bermandevalerio.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff:**<br>**Advantage Concrete of Florida, Inc.** | **LEE ALBERT, ESQ.**<br>Murray, Frank & Sailer LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: 212-682-1818<br>Facsimile: 212-682-1892<br>Email: lalbert@murrayfrank.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Direct Purchaser**<br>**Plaintiffs:**<br>**Action Ready Mix Concrete Inc.**<br>**Advantage Concrete of Florida, Inc.**<br>**Bay Area Remodelers, Inc.**<br>**Carpenter Contractors of America, Inc.**<br>**Daniel Morgan Construction, Inc.**<br>**Family Pools, Inc.**<br>**Florida Block & Ready Mix**<br>**Hard Rock Materials**<br>**Kroeger Enterprises, Inc.**<br>**Liberty Concrete and Masonry, Inc.** |
| **SOLOMON B. CERA, ESQ.**<br>Gold, Bennett, Cera & Sidener, LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105<br>Telephone: (415) 777-2230<br>Facsimile: (415) 777-5189<br>Email: scera@gbcslaw.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Purchaser Plaintiff: Home**<br>**Buildings Materials, Inc.** | **BRYAN L. CLOBES, ESQ.**<br>**ELLEN MERIWETHER, ESQ.**<br>**NYRAN ROSE PEARSON, ESQ.**<br>Cafferty Faucher LLP<br>1717 Arch Street, Suite #3610<br>Philadelphia, PA 19103<br>Telephone: 215-864-2800<br>Facsimile: 215-864-2810<br>Email: bclobes@caffertyfaucher.com<br>Email: emeriwether@caffertyfaucher.com<br>Email: npearson@caffertyfaucher.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiffs:**<br>**Action Ready Mix Concrete, Inc.**<br>**Daniel Morgan Construction, Inc.** |

| | |
|---|---|
| **ERIN C. BURNS, ESQ.**<br>**DIANNE M. NAST, ESQ.**<br>Roda Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Telephone: 717-892-3000<br>Email: eburns@rodanast.com<br>Email: dnast@rodanast.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Purchaser Plaintiff:**<br>**Bandes Construction Company, Inc.** | **KENNETH G. GILMAN, ESQ.**<br>Gilman & Pastor LLP<br>63 Atlantic Avenue, Suite #3<br>Boston, MA 02110<br>Telephone: 617-742-9700<br>Facsimile: 617-742-9701<br>Email: kgilman@gilmanpastor.com<br>[Via CM/ECF electronic filing]<br><br>**Counsel for Direct Purchaser Plaintiff:**<br>**Liberty Concrete and Masonry, Inc.** |
| **ARTHUR H. RICE, ESQ.**<br>**JODI N. COHEN, ESQ.**<br>Rice Pugatch Robinson & Schiller, P.A.<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: 954-462-8000<br>Facsimile: 954-462-4300<br>Email: arice.ecf@rprslaw.com<br>Email: jcohen@rprslaw.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for**<br>**Indirect Purchaser Plaintiffs:**<br>**Philip D. Sanford**<br>**Starfish, Inc.**<br>**Sterling Development Company** | **DAVID E. KOVEL, ESQ.**<br>**KENNETH G. WALSH, ESQ.**<br>**DANIEL HUME, ESQ.**<br>Kirby Mcinerny LLP<br>825 Third Avenue, 16th Floor<br>New York, NY 10022<br>Telephone: 212-371-6600<br>Facsimile: 212-751-2540<br>Email: dkovel@kmllp.com<br>Email: kwalsh@kmllp.com<br>Email: dhume@kmllp.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for**<br>**Indirect Purchaser Plaintiffs:**<br>**Philip D. Sanford**<br>**Starfish, Inc.**<br>**Sterling Development Company** |

| | |
|---|---|
| **HERMAN J. RUSSOMANNO, ESQ.**<br>**HERMAN J. RUSSOMANNO, III, ESQ.**<br>Russomanno & Borrello<br>150 W. Flagler St., Suite 2800<br>Miami, FL 33130-1560<br>Telephone: 305-373-2101<br>Facsimile: 305-373-2103<br>Email: hrussomanno@russomanno.com<br>Email: herman2@russomanno.com<br>[Via CM/ECF electronic filing]<br><br>**Interim Co-Lead Class Counsel for**<br>**Indirect Purchaser Plaintiffs:**<br>**Philip D. Sanford**<br>**Starfish, Inc.**<br>**Sterling Development Company** | |

**SHEPARD GOLDFEIN, ESQ.**
**PAUL M. ECKLES, ESQ.**
**CLIFFORD H. ARONSON, ESQ.**
**MATTHRE M. MARTINO, ESQ.**
**NICHOLAS A. DANELLA, ESQ.**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
Telephone: 212-735-3000
Facsimile: 212-735-2000
Email: Shepard.goldfein@skadden.com
Email: paul.eckles@skadden.com
Email: clifford.aronson@skadden.com
Email: matthew.martino@skadden.com
Email: nicholas.danella@skadden.com
[Via CM/ECF electronic filing]

**MICHAEL NACHWALTER, ESQ.**
**ELIZABETH B. HONKONEN, ESQ.**
**JALAINE GARCIA, ESQ.**
Kenny Nachwalter, P.A.
1100 Miami kCenter
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-373-1000
Facsimile: 305-373-1861
Email: mnachwalter@kennynachwalter.com
Email: ebh@kennynachwalter.com
Email: jgarcia@kennynachwalter.com
[Via CM/ECF electronic filing]

**Interim Co-Lead Counsel for Defendants:**
**Cemex Corp.**
**Cemex Materials, LLC**
**Cemex Construction Materials Florida,**
**LLC**

**RYAN SHORES, ESQ.**
Hunton & Williams LLP
1900 K Street, NW
Washington, D.C. 20006
Telephone: 202-955-1500
Facsimile: 202-778-2201
Email: rshores@hunton.com
[Via CM/ECF electronic filing]

**D. BRUCE HOFFMAN, ESQ.**
**MARTY STEINBERG, ESQ.**
Hunton & Williams LLP
1111 Brickell Avenue, Suite #2500
Miami, FL 33131
Telephone: 305-810-2500
Facsimile: 305-810-2460
Email: bhoffman@hunton.com
Email: msteinberg@hunton.com
[Via CM/ECF electronic filing]

**MELISSA LEVITT, ESQ.**
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-309-1000
Facsimile: 212-3091100
Email: mlevitt@hunton.com

**Counsel for Defendant:**
**Florida Rock Industries, Inc.**

**BARRY N. GREENBERG, ESQ.**
**HELAINE S. GOODNER, ESQ.**
Fowler White Burnett, P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Facsimile: 305-789-9201
Email: bgreenberg@fowler-white.com
Email: hgoodner@fowler-white.com
[Via CM/ECF electronic filing]

**JOHN B. WYSS, ESQ.**
**JOSHUA W. ABBOTT, ESQ.**
**THOMAS R. MCCARTHY, ESQ.**
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
Telephone: 202-719-7000
Facsimile: 202-719-7049
Email: jwyss@wileyrein.com
Email: jabbott@wileyrein.com
Email: tmccarthy@wileyrein.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Continental Florida Materials, Inc.**

**FRANK G. BURT, ESQ.**
Jorden Burt LLP
1025 Thomas Jefferson Street N.W.
Suite #400 East
Washington, D.C.  20007
Telephone: 202-965-8100
Facsimile: 202-965-8104
Email: fgb@jordenusa.com
[Via CM/ECF electronic filing]

**LAURA COFER TAYLOR, ESQ.**
**JAMES L. COOPER, ESQ.**
**RYAN Z. WATTS, ESQ.**
**KATE E. SCHWARTZ, ESQ.**
Arnold & Porter LLP
555 12th Street NW
Washington, D.C. 20004
Telephone: 202-942-5000
Facsimile: 202-942-5999
Email: laura.taylor@aporter.com
Email: james.cooper@aporter.com
Email: ryan.watts@aporter.com
Email: kate.schwartz@aporter.com
[Via CM/ECF electronic filing]

**RICHARD J. OVELMEN, ESQ.**
Jorden Burt LLP
777 Brickell Avenue, Suite #500
Miami, FL 33131
Telephone: 305-371-2600
Facsimile: 305-372-9928
Email: rjo@jordenusa.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Tarmac America LLC**

**ANDREW G. KLEVORN, ESQ.**
**MICHAEL B. MACKENZIE, ESQ.**
**CHAD J. DOELLINGER, ESQ.**
Eimer Stahl Klevorn & Solberg LLP
224 South Michigan Avenue, Suite #1100
Chicago, Illinois 60604
Telephone: 312-660-7600
Facsimile: 312-692-1718
Email: aklevorn@eimerstahl.com
Email: mmackenzie@eimerstahl.com
Email: cdoellinger@eimerstahl.com
[Via CM/ECF electronic filing]

**JUAN J. RODRIGUEZ, ESQ.**
Carey Rodriguez Greenberg & Paul, LLP
Espirito Santo Plaza
1395 Brickell Avenue, Suite #700
Miami, FL 33131
Telephone: 305-372-7474
Facsimile: 305-372-7475
Email: jrodriguez@crgplaw.com
[Via CM/ECF electronic filing]

**Counsel for Defendants:**
**Holcim (US), Inc.**
**Holcim North America, Inc.**

**THOMAS E. SCOTT, ESQ.**
Cole, Scott & Kissane, P.A.
Dadeland Centre II, 14th Floor
9150 South Dadeland Boulevard
Miami, FL 33156
Telephone: 305-350-5300
Facsimile: 305-373-2294
Email: thomas.scott@csklegal.com
Email: robert.rightmyer@csklegal.com
[Via CM/ECF electronic filing]

**ROBERT D. RIGHTMYER, ESQ.**
Cole, Scott & Kissane, P.A.
1900 Summit Tower Boulevard, Suite 750
Orlando, FL 32810
Telephone: (321) 972-0000
Facsimile: (321)-972-0099
[Via CM/ECF electronic filing]

**JOHN R. FORNACIARI**
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1612
Facsimile: (202) 861-1783
jfornaciari@bakerlaw.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Preferred Materials, Inc.**

**RICHARD B. BROSNICK, ESQ.**
Butzel Long, a professional corporation
380 Madison Avenue, 22nd Floor
New York, NY 10017
Telephone: 212-818-1110
Facsimile: 212-818–0494
Email: brosnick@butzel.com
[Via CM/ECF electronic filing]

**JOSEPH E. RICHOTTE, ESQ.**
**BENJAMIN K. STEFFANS, ESQ.**
Butzel Long, a professional corporation
150 W. Jefferson Avenue, Suite 100
Detroit, MI 48226
Telephone: 313-225-7000
Email: richotte@butzel.com
Email: steffans@butzel.com
[Via CM/ECF electronic filing]

**CHRISTOPHER B. HOPKINS, ESQ.**
Akerman Senterfitt
222 Lakeview Ave., Suite 400
West Palm Beach, FL 33401-6147
Telephone: 561-671-3668
Facsimile: 561-659-6313
Email: christopher.hopkins@akerman.com
[Via CM/ECF electronic filing]

**Counsel for Defendants:**
**Prestige AB Management Co., LLC**
**Votorantim Cimentos North America, Inc.**

**AMY LANE HURWITZ, ESQ.**
**BENJAMINE REID, ESQ.**
Carlton Fields, P.A.
100 S.E. 2nd Street, Suite #4000
Miami, FL 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055
Email: ahurwitz@carltonfields.com
Email: breid@carltonfields.com
[Via CM/ECF electronic filing]

**REGINALD D. STEER, ESQ.**
**AMIT KURLEKAR, ESQ.**
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite #1500
San Francisco, CA 94101
Telephone: 415-765-9500
Facsimile: 415-765-9501
Email: rsteer@akingump.com
Email: akurlekar@akingump.com
[Via CM/ECF electronic filing]

**MITCHELL HURLEY, ESQ.**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
Email: mhurley@akingump.com
[Via CM/ECF electronic filing]

**Counsel for Defendant:**
**Suwannee American Cement, LLC**

- 13 -

**JUAN A. GONZALEZ, ESQ.**
**FRANK P. CUNEO, ESQ.**
Liebler, Gonzalez & Portuondo, P.A.
Courthouse Tower - 25th Floor
44 W. Flagler Street
Miami, FL 33130
Telephone: 305-379-0400
Facsimile: 305-379-9626
Email: jag@lgplaw.com
Email: fpc@lgplaw.com
[Via CM/ECF electronic filing]

**STEVEN J. KAISER, ESQ.**
**MARK NELSON, ESQ.**
**GEORGE S. CARY, ESQ.**
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: 202-974-1500
Facsimile:
Email: skaiser@cgsh.com
Email: mnelson@cgsh.com
Email: gcary@cgsh.com
[Via CM/ECF electronic filing]

**Co-Counsel for Defendant:**
**Lafarge North America, Inc.**

| | |
|---|---|
| **VINCENT J. ESADES, ESQ.**<br>**RENAE D. STEINER, ESQ.**<br>**KATHERINE T. KELLY, ESQ.**<br>Heins, Mills & Olson, P.L.C.<br>310 Clifton Avenue<br>Minneapolis, MN 55403<br>Telephone: (612) 338-4605<br>Facsimile: (612) 338-4692<br>Email: vesades@heinsmills.com<br>Email: rsteiner@heinsmills.com<br>Email: kkelly@heinsmills.com<br>[Via CM/ECF electronic filing]<br><br>**Co-Counsel for Direct Purchaser Plaintiffs** | **KEVIN LANDAU, ESQ.**<br>Taus, Cebulash & Landau, LLP<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038<br>Telephone: (212) 520-4310 or 212-931-0704<br>Facsimile:<br>Email: klandau@tcllaw.com<br>[Via CM/ECF electronic filing] |
| **MICHAEL E. UTLEY, ESQ.**<br>Michael E. Utley, P.C.<br>5959 Blue Lagoon Drive, Suite 200<br>Miami, FL 33126-2052<br>Telephone: (305) 552-9628<br>Facsimile:<br>Email: mike.utley@meupc.com<br>[Via CM/ECF electronic filing] | **ANTHONY J. BOLOGNESE, ESQ.**<br>**JOSHUA H. GRABAR, ESQ.**<br>**JONATHAN STEMENNAN, ESQ.**<br>Bolognese & Associates, LLC<br>1500 JFK Boulevard, Suite 320<br>Philadelphia, PA 19102<br>Telephone: (215) 814-6750<br>Facsimile: (215) 814-6764<br>Email: abolognese@bolognese-law.com<br>Email: jgrabar@bolognese-law.com<br>Email: jstemerman@bolognese-law.com<br>[Via CM/ECF electronic filing] |
| **NATALIE FINKELMAN BENNETT**<br>**JAYNE ARNOLD GOLDSTEIN**<br>Shepherd Finkelman Miller & Shah, LLP<br>35 East State St.<br>Media, PA 19063<br>Telephone: (610) 891-9880<br>Facsimile: (610) 891-9883<br>Email: nfinkelman@sfmslaw.com<br>Email: jgoldstein@sfmslaw.com<br>[Via CM/ECF electronic filing] | **MARK S. GOLDMAN, ESQ.**<br>Goldman Scarlato & Karon, P.C.<br>101 West Elm St., Suite 360<br>Conshohocken, PA 19428<br>Telephone: (484) 342-0700<br>Facsimile: (484) 342-0701<br>Email:<br>[Via CM/ECF electronic filing] |

| | |
|---|---|
| **BRUCE L. SIMON, ESQ.**<br>**JESSICA L. GRANT, ESQ.**<br>**ASHLEI M. VARGAS, ESQ.**<br>Pearson Simon Warshaw Penny, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>Telephone: (415) 433-9000<br>Facsimile: (415) 433-9008<br>Email: bsimon@pswplaw.com<br>Email: jgrant@pswplaw.com<br>Email: avargas@pswplaw.com<br>[Via CM/ECF electronic filing] | **STEVEN A. ASHER, ESQ.**<br>**MINDEE J. REUBEN, ESQ.**<br>**JEREMY S. SPIEGEL, ESQ.**<br>Weinstein Kitchenoff & Asher, LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 545-7200<br>Facsimile: (215) 545-6535<br>Email: asher@wka-law.com<br>Email: reuben@wka-law.com<br>Email: spiegel@wka-law.com<br>[Via CM/ECF electronic filing] |
| **J. MITCHELL CLARK, ESQ.**<br>Law Offices of J. Mitchell Clark<br>Frost Bank Plaza<br>802 N. Carancahua, Suite 1400<br>Corpus Christi, TX 78470<br>Telephone: (361) 887-8500<br>Facsimile: (361) 882-4500<br>Email: mitchell@txverdict.com<br>[Via CM/ECF electronic filing] | **H. LADDIE MONTAGUE, JR., ESQ.**<br>**MERRILL G. DAVIDOFF, ESQ.**<br>**ERIC CRAMER, ESQ.**<br>**MICHAEL DELL'ANGELO, ESQ.**<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Facsimile: (215) 875-4604<br>Email: hlmontague@bm.net<br>Email: mdavidoff@bm.net<br>Email: ecramer@bm.net<br>Email: mdellangelo@bm.net<br>[Via CM/ECF electronic filing] |
| **JEFFREY J. CORRIGAN, ESQ.**<br>**JAY S. COHEN, ESQ.**<br>Spector, Roseman, Kodroff & Willis, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611<br>Email: jcorrigan@srkw-law.com<br>Email: jcohen@srkw-law.com<br>[Via CM/ECF electronic filing] | **CHRISTOPHER M. BURKE, ESQ.**<br>Scott & Scott, LLP<br>600 B Street, Suite 1500<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br>Facsimile: (619) 233-0508<br>Email: cburke@scott-scott.com<br>[Via CM/ECF electronic filing] |

**LANCE A. HARKE, ESQ.**
**SARAH CLASBY ENGEL, ESQ.**
**HOWARD M. BUSHMAN, ESQ.**
Harke & Clasby LLP
9699 NE 2nd Avenue
Miami, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229
Email: lharke@harkeclasby.com
Email: sengel@harkeclasby.com
Email: hbushman@harkeclasby.com
[Via CM/ECF electronic filing]