UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION ) ) ) ) ) ) ) ) ) | MASTER DOCKET NO. 09-23187-CIV-ALTONAGA/Bandstra |
| *(DIRECT PURCHASER ACTION)* | |
| IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION ) ) ) ) ) ) ) ) ) | MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/Bandstra |
| *(INDIRECT PURCHASER ACTION)* | |

## SECOND DECLARATION OF PAUL M. ECKLES

PAUL M. ECKLES declares:

1. I am a member of the bar of the State of New York and counsel for defendant Cemex, Inc. in the above-captioned actions. I respectfully submit this Declaration in connection with Defendants' Omnibus Memorandum of Law in Opposition to Direct Purchaser Plaintiffs' Motion for Additional Depositions [D.E. 349 in Master Docket 09-23187] and Indirect Purchaser Plaintiffs' Motion for Additional Depositions [D.E. 232 in Master Docket 09-23493]. I have personal knowledge of all matters stated herein except where stated otherwise and, if called as a witness, I could and would competently testify thereto.

2. On October 13, 2011, I had a meet-and-confer telephone call with counsel for the Direct Purchaser Plaintiffs. On this call, I spoke on behalf of all of the Defendants and offered the Direct and Indirect Purchaser Plaintiffs a compromise with respect to the appropriate number of depositions for both the Direct and Indirect Purchaser Actions. (Counsel for Direct Purchaser Plaintiffs said that they would coordinate with Indirect Purchaser Plaintiffs.) Specifically, the Defendants offered the Direct Purchaser Plaintiffs thirteen (13) total depositions, and likewise offered the Indirect Purchaser Plaintiffs thirteen (13) total depositions ; with the limitation that Direct and Indirect Purchaser Plaintiffs, either alone or in coordination with each other, could not conduct more than five (5) total depositions of any one Defendant's current employees.

3. The parties had several conversations back in January 2011 with respect to the appropriate number of depositions in this case. However, the parties were unable at that time to reach an agreement regarding the Plaintiffs' request to increase the allowable number of depositions.

4. In January 2011, counsel for Defendants and the Direct and Indirect Purchaser Plaintiffs agreed on a list of custodians for purposes of the Defendants' document productions. The total, combined number of document custodians for the Defendants was thirty-seven.

5. To date, the Indirect Purchaser Plaintiffs already have taken four depositions of certain third parties in this case – customers (or "direct purchasers") who purchased ready mix concrete from the Defendants and sold ready mix concrete to "indirect purchasers." Counsel for the Indirect Purchaser Plaintiffs deposed a representative from Custom

Concrete, Inc. (on October 21, 2011), Above Average Concrete (same), Bennett's Quality Construction Co. (same), and Tom Trout, Inc. (on October 24, 2011).

6. The deposition of Michael Lane in this case occurred on November 1-2, 2011. This date was scheduled back on September 23.

7. The deposition of Brian Mahoney in this case occurred on November 18, 2011. This date was scheduled back on October 12.

8. In support of the Defendants' Joint Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification, the Defendants submitted an Appendix of Exhibits (filed under seal on Nov. 15, 2011). Nine of these exhibits are declarations from customers of the Defendants (e.g., direct purchasers). Plaintiffs currently plan to conduct depositions of these nine declarants next week – between December 6 and December 9.

9. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Notice of Rule 30(b)(6) Deposition of Cemex Corp., which was served by counsel for the Indirect Purchaser Plaintiffs – along with an analogous notice to each of the other Defendants – on November 29, 2011.

10. Counsel for the Defendants were unaware of any proposed deposition of "Mike Zaruba" before the Indirect Purchaser Plaintiffs filed their moving brief on November 30, 2011. Defendants never were served with the purported subpoena.

Executed this 1st day of December 2011 at New York, New York. Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Paul M. Eckles

3

<u>Exhibit A</u>

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE FLORIDA CEMENT AND CONCRETE ANTITRUST LITIGATION _____/ (INDIRECT PURCHASER ACTION) | MASTER DOCKET NO. 09-23493-CIV-ALTONAGA/BANDSTRA |

## NOTICE OF RULE 30(B)(6) DEPOSITION OF CEMEX CORP.

**TO:** **CEMEX CORP.**, through the person(s) most knowledgeable regarding the efforts made and the results produced regarding Defendants' collection of pricing information for ready-mix concrete sold "downstream" i.e. by its customers.

**c/o Shepard Goldfien, Esq.**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036 -6522
Telephone: 212/735-3000
Facsimile: 212/735-2000
Email: Shepard.goldfein@skadden.com

YOU ARE HEREBY NOTIFIED that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs, by their attorneys, will take the deposition upon oral examination of the designated representative of **CEMEX CORP.** ("Deponent") on **December 14, 2011 at 9:00 a.m. at Rice Pugatch Robinson & Schiller, P.A., 101 Northeast Third Avenue, Suite 1800, Fort Lauderdale, Florida 33301.** Deponent has a duty to designate one or more officers, directors, managing agents or other persons with sufficient knowledge to testify for Deponent on information known to or reasonably available to it on the matter as set forth above.

The deposition will be recorded by stenographic means before a Notary Public or other officer qualified to administer oaths pursuant to Federal Rule of Civil Procedure 28(a) at the location indicated above and will continue from day to day thereafter until concluded.

**Dated:  November 29, 2011**               Respectfully submitted,

/s/ Arthur Halsey Rice
Arthur Halsey Rice
**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
*Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (305) 379-3121
Facsimile: (954) 462-4300
arice@rprslaw.com

Daniel Hume
David E. Kovel
Kenneth G. Walsh
**KIRBY McINERNEY LLP**
*Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel*
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 317-2300
Facsimile: (212) 751-2540
dhume@kmllp.com
dkovel@kmllp.com
kwalsh@kmllp.com

Herman J. Russomanno
Herman J. Russomanno, III
**RUSSOMANNO & BORELLO**
*Indirect Purchaser Plaintiffs' Liaison Counsel*
150 West Flagler Street, Suite 2800
Miami, Florida 33130-1560
Telephone: (305) 373-2101
Facsimile: (305) 373-2103
hrussomanno@russomanno.com
herman2@russomanno.com